Vedder Price (CA), LLP
Brendan Dolan, Bar No. 126732
bdolan@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T: +1 415 749 9500
F: +1 415 749 9502

Vedder Price P.C.
Joseph K. Mulherin (*pro hac vice* application to be filed)
jmulherin@vedderprice.com
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7725
F: +1 312 609 5005

Attorneys for Defendant
CUSHMAN & WAKEFIELD WESTERN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI DIXON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CUSHMAN & WAKEFIELD WESTERN, INC., a California corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT CUSHMAN & WAKEFIELD WESTERN, INC.'S NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF DIMITRI DIXON AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Cushman & Wakefield Western, Inc. ("Cushman" or "C&W") hereby removes the above-captioned action from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California, asserting original jurisdiction under 28 U.S.C. §1331 and removal jurisdiction under 28 U.S.C. §§1441(a), 1446, and 1453. Cushman states that removal is proper

for the following reasons:

## PLEADINGS, PROCESSES, AND ORDERS

1. On August 14, 2018, Plaintiff Dimitri Dixon ("Plaintiff") filed a Class, Collective, and Representative Action Complaint in the Superior Court of the State of California, County of San Francisco, entitled *Dimitri Dixon, individually, and on behalf of all others similarly situated, Plaintiffs v. Cushman and Wakefield Western, Inc., a California Corporation; and Does 1-50, inclusive, Defendants,* Case No. CGC-18-568886 ("Complaint"). A true and correct copy of the Complaint and the remaining pleadings, processes, and orders filed in the state court action within the meaning of 28 U.S.C. § 1446(a) is attached hereto as **Exhibit A**. A true and correct copy of the Answer to Complaint is attached hereto as **Exhibit B**.

2. The Complaint alleges eight purported causes of action as follows: (1) Violations of the Fair Labor Standards Act [29 U.S.C. §§ 201 *et seq.*]; (2) Failure to Pay Overtime Wages [Cal. Labor Code §§ 510, 558, and 1194, and Cal. Code Regs. tit. 8 § 11040]; (3) Failure to Provide Meal Periods [Cal. Labor Code §§ 226.7, 512, and 1194, and Cal. Code Regs. tit. 8 § 11040]; (4) Failure to Provide Rest Periods [Cal. Labor Code §§ 226.7 and 1194, and Cal. Code Regs. tit. 8 § 11040]; (5) Failure to Reimburse Business Expenses [Cal. Labor Code § 2802, and Cal. Code Regs. tit. 8 § 11040, 11070]; (6) Failure to Furnish Accurate Itemized Wage Statements [Cal. Labor Code §§ 226 and 226.3, and Cal. Code Regs. tit. 8 § 11040]; (7) Unfair Competition Law Violations [Cal. Business & Professions Code §§ 17200 *et seq.*]; and (8) Violation of the Private Attorney General Act of 2004 ("PAGA") [Cal. Labor Code §§ 2698 *et seq.*]. (*See* Complaint.)

3. The Complaint seeks to designate this action as a collective action under the federal Fair Labor Standards Act on behalf of "[a]ll persons employed by CUSHMAN AND WAKEFIELD WESTERN, INC. and/or Doe Defendants as Appraisers assigned to at least one C&W office in any state from three years prior to the filing of this Complaint to the close of the opt-in period ('Collective Action Members')." (*Id.* at ¶ 40.)

4. The Complaint further seeks to certify a class under California Labor Law of "All persons employed in California by CUSHMAN AND WAKEFIELD, INC. and/or Doe Defendants as an Appraiser assigned to at least one C&W office from four years prior to the filing of this

Complaint to the time of class certification ('California Class Action Members')." (*Id.* at ¶ 47.)

## TIMELINESS OF REMOVAL

5.  A Notice of Removal is timely when filed within 30 days of service of a complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (removal is timely if made within 30 days after complaint is served on defendant); *see* Cal. Code Civ. Proc. §§ 415.10 & 416.10.

6.  Plaintiff personally served the Complaint on Cushman's registered agent on August 23, 2018. *See* Ex. A.

7.  This Notice of Removal is timely because it has been filed within 30 days of August 23, 2018.

## FEDERAL QUESTION JURISDICTION

8.  Plaintiff alleges claims under the FLSA. (Complaint ¶¶ 53-63.) Therefore, federal question jurisdiction exists over Plaintiff's FLSA claims under 28 U.S.C. § 1331 because the resolution of Plaintiff's claims will require adjudication of disputed questions of federal law. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003); *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007) (exercise of federal jurisdiction over claims for unpaid wages under FLSA was proper); *Weltman v. Ortho Mattress, Inc.*, No. 08 CV 0840 JM (WMC), 2008 WL 11337846, at *2 (S.D. Cal. Aug. 6, 2008) (federal jurisdiction over FLSA claims is expressly authorized under 29 U.S.C. § 216(b)).

9.  To the extent the Complaint alleges nonfederal statutory or other claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under the FLSA and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *See also Dent*, 502 F.3d at 1143 (9th Cir. 2007) (exercising supplemental jurisdiction over claims for unpaid wages arising under Nevada law); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 424-25 (9th Cir. 2006) (supplemental jurisdiction existed over state law claims when state law claims did not predominate over FLSA claims because state law claims "essentially replicate[d] the FLSA claims"); *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 3021042, at *4 (N.D. Cal.

July 17, 2017) (supplemental jurisdiction existed over plaintiffs' claims that defendant failed to provide wage statements and reimburse business expenses because state and federal claims "disclose[d] a cohesive narrative, requiring overlapping testimony and administrative records"); *Navarro v. Ordaz Cultured Marble & Onyx, Inc.*, No. C 13-00847 LB, 2013 WL 3801230, at *3 n. 2 (N.D. Cal. July 19, 2013) (exercising supplemental jurisdiction over plaintiff's state law claims, including claims arising under California's Unfair Competition Law and California's Private Attorneys General Act, and claims alleging failure to pay accrued vacation time, failure to provide accurate, itemized wage statements, failure to maintain accurate time-keeping records, and failure to pay all wages earned and owing at the time employment was terminated because FLSA and state law claims derived from a common nucleus of operative fact); *Havel v. SunAmerica Sec., Inc.*, No. C 06-4543 PJH, 2006 WL 2917591, at *3 (N.D. Cal. Oct. 11, 2006) (complaint stated "substantial" federal FLSA claim; therefore, supplemental jurisdiction existed and there was no basis to remand state law claims, including claims for failure to provide accurate wage statements and adequate meal and rest periods).

10. Because Plaintiff's FLSA claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

## OTHER REMOVAL PREREQUISITES

11. A copy of this Notice of Removal is being filed with the Clerk of the Court in the state court action, as provided by law, and written notice of such is being sent to Plaintiff's counsel.

12. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13. The allegations in this Notice are true and correct within the jurisdiction of the Court, and this cause is removable to this Court.

///
///
///
///
///

14. If any question arises as to the propriety of the removal of this action, Cushman respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Cushman, desiring to remove this case to the United States District Court for the Northern District of California, being the district and division of said Court for the county in which the state court action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Dated: September 21, 2018                    Respectfully submitted,

By: /s/ Brendan Dolan
Brendan Dolan
Joseph K. Mulherin

*Attorneys for Defendant*
*Cushman & Wakefield Western, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of September, 2018, I caused the foregoing Notice of Removal to be served via electronic mail and U.S. Mail upon the following:

Laura L. Ho
lho@gbdhlegal.com
Alan D. Romero
aromero@gbdhlega.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

*Attorneys for Plaintiff Dimitri Dixon*

/s/Norma Ortega
Norma Ortega