# EXHIBIT A



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

## Document Scanning Lead Sheet
Aug-14-2018 11:45 am

Case Number: CGC-18-568886

Filing Date: Aug-14-2018 11:38

Filed by:  KALENE APOLONIO

Image: 06455860

COMPLAINT

DIMITRI DIXON VS. CUSHMAN AND WAKEFIELD WESTERN, INC. ET AL

001C06455860

**Instructions:**
Please place this sheet on top of the document to be scanned.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CUSHMAN AND WAKEFIELD WESTERN, INC., a California corporation; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DIMITRI DIXON, individually, and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*

**CGC-18-568886**

San Francisco Superior Court
400 McAllister St., San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE **AUG 1 4 2018**          Clerk, by _____, Deputy
*(Fecha)*                      CLERK OF THE COURT          KALENE APOLONIO          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**BY FAX**
ONE LEGAL LLC

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Alan D. Romero (SBN 316323)
   aromero@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
4  Oakland, CA 94612
   Tel: (510) 763-9800
5  Fax: (510) 835-1417

6  Attorneys for Plaintiffs



**FILED**
San Francisco County Superior Court

AUG 1 4 2018

CLERK OF THE COURT
BY: _Kalene Robinson_
                                Deputy Clerk

7

8

9

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF SAN FRANCISCO

12

13  DIMITRI DIXON, individually, and on behalf of      Case No.: **CGC-18-568886**
    all others similarly situated,
14                                                     **CLASS AND COLLECTIVE ACTION
                                                       COMPLAINT**
           Plaintiffs,
15
    vs.                                                1.  **Failure to Pay Overtime Wages**
16
    CUSHMAN AND WAKEFIELD WESTERN,                     2.  **Failure to Provide Meal Periods**
17  INC., a California corporation; and DOES 1-50,     3.  **Failure to Provide Rest Periods**
    inclusive,
                                                       4.  **Failure to Reimburse Business Expenses**
18
           Defendants.                                 5.  **Failure to Furnish Accurate Itemized
19                                                         Wage Statements**

20                                                     6.  **Violations of the Fair Labor Standards
                                                           Act**
21                                                     7.  **Unfair Competition**

22                                                     8.  **Violation of the Private Attorney
                                                           General Act of 2004 ("PAGA")**
23
                                                       **JURY TRIAL DEMANDED**
24

25

26                                                     BY FAX
                                                       ONE LEGAL LLC
27

28

─────────────────────────────────────────────
                    CLASS AND COLLECTIVE ACTION COMPLAINT

714677.10

Plaintiff Dimitri Dixon ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## INTRODUCTION

1.    Plaintiff Dimitri Dixon brings this action individually, and in a representative capacity on behalf of all other similarly situated individuals ("California Class Action Members" or "Class Members" and "Collective Action Members"), against Defendant Cushman and Wakefield Western, Inc. (hereinafter "C&W") and Does 1-50 (collectively, "Defendants") for violations of several California Labor Code provisions ("Labor Code"), including Labor Code §§ 226.7, 510, 512, 558, 226, 1174, as well as California Industrial Welfare Commission Wage Orders 4-2001, Cal. Code Regs. Tit. 8, § 11070, as well as 29 U.S.C. §§ 201 *et seq.*

2.    Plaintiff and Class Members were employed as appraisers by Defendants since 2007 – eleven (11) years preceding the filing of this action – and were denied the benefits and protections required by the FLSA, Labor Code and other statutes and regulations applicable to non-exempt employees in the State of California.

3.    Plaintiff alleges that Defendants **failed to:**

   a.    Properly classify employees as non-exempt under California law and the FLSA;

   b.    Pay Plaintiff and Class Members all overtime wages for hours worked in excess of eight (8) hours a day and/or forty (40) hours a week;

   c.    Provide Plaintiff and Class Members mandated meal periods;

   d.    Provide Plaintiff and Class Members mandated rest periods;

   e.    Reimburse Plaintiff and Class Members for all necessary expenditures that they incurred in direct consequence of the discharge of work duties including, but not limited to, the cost of cell phone usage required for work-related purposes;

   f.    Keep required payroll records that accurately show the total hours Plaintiff and Class Members worked, as well as the wages that should have been paid;

   g.    Furnish Plaintiff and Class Members with accurate wage statements;

   h.    Comply with the Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.*; and

1

714677.10

i.       Comply with the Private Attorneys General Act of 2004 ("PAGA"), codified as California Labor Code § 2698 *et seq.*

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over all causes of action alleged in this Complaint pursuant to the California Constitution, Article VI, § 10, Code of Civil Procedure § 410.10, Labor Code §§ 226.7, 510, 512, 558, 226, 1174, California Industrial Welfare Commission Wage Orders 4-2001, Cal. Code Regs. Tit. 8, § 11070, and 29 U.S.C. §§ 201 *et seq.*

5.       C&W maintains offices and transacts business in California. Further, a substantial part of the events and omissions giving rise to the injuries sustained by Plaintiff and Class Members occurred in California.

6.       The amount in controversy is in excess of $25,000, exclusive of interest and costs.

7.       Plaintiff fulfilled the administrative prerequisites for filing suit under Labor Code § 2699.3(a). Specifically, on June 4, 2018, Plaintiff submitted to the California Labor and Workforce Agency ("LWDA") via its website a notice describing the allegations set forth in this Complaint. A true and correct copy of the Notice (LWDA Case Number LWDA-CM-543235-18) is attached as Exhibit 1. On the same day, Plaintiff served a copy of the Notice on Defendants via certified mail, as shown in Exhibit 1. As of sixty-five (65) calendar days after submission of the Notice to the LWDA, the LWDA had provided no notice to Plaintiff regarding its intention to investigate (or not investigate) Plaintiff's claims. Plaintiff timely submitted a filing fee of $75 to the LWDA.

8.       Venue is proper pursuant to California Code of Civil Procedure § 395(a) because C&W's registered address with the California Secretary of State is 425 Market Street, Suite 2300, San Francisco, CA 94105. C&W's principal place of business within California is located within this judicial district and C&W employs Class Members within this judicial district.

## PARTIES

9.       Plaintiff Dimitri Dixon is an adult individual who resides in Tustin, CA. Plaintiff is a "person" under California Business & Professions Code § 17201 and California Labor Code § 18. She brings this action individually and on behalf of all others similarly situated in the State of California.

CLASS AND COLLECTIVE ACTION COMPLAINT

714677.10

1  Plaintiff is employed as an Appraiser Trainee[1] by C&W and has worked in this capacity since

2  September 2007.

3      10.    Defendant Cushman and Wakefield Western, Inc. is a commercial real estate services

4  company.  Upon information and belief, C&W offers investment and asset management, project and

5  development, and valuation and advisory services, among other services.  Upon information and belief,

6  C&W has 26 offices throughout California, and related corporate entities have offices in New York

7  and Illinois, as well as non-U.S. offices in locations such as London and Singapore.

8      11.    C&W is a "person" under California Business & Professions Code § 17201 and

9  California Labor Code § 18.

10     12.    Cushman and Wakefield Western, Inc. is a California corporation based in San

11 Francisco, California, with an "entity address" registered with the California Secretary of State as 425

12 Market Street, Suite 2300, San Francisco, CA 94105.  At all times relevant hereto, C&W is, and has

13 been, authorized to, and does, conduct business in the State of California.

14     13.    The true names and capacities of Does 1-50, inclusive, whether individual, corporate,

15 associate, or otherwise, are unknown to Plaintiff, who therefore sues such Defendants by fictitious

16 names pursuant to California Code of Civil Procedure § 474.  Plaintiff will amend this Complaint to

17 show the true names, capacities, and involvement of Does 1-50, inclusive, once they are ascertained.

18 Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as a Doe is

19 responsible in some manner for the events, occurrences, and omissions described herein, and that

20 Plaintiff's injuries and damages were proximately caused by said Defendants.  Plaintiff believes, and

21 thereon alleges, that at all times herein mentioned, each of the Does 1-50, inclusive, was an agent,

22 employee, successor, predecessor, parent, and/or subsidiary of each of the remaining Defendants, and

23 each of them was at all times acting within the scope of the applicable relationship.

24     14.    There exists, and at all times herein mentioned there existed, a unity of interest,

25 ownership, and control between Defendant and Does 1-50 such that: any individuality and separateness

26 between Defendant and Does 1-50 has ceased; that Defendant and Does 1-50 are the *alter egos* of each

27

28 [1] Ms. Dixon's current official job title is "Associate Director," though she is referred to and identifies
   as an "Appraiser Trainee" at all relevant times.

3

714677.10

1    other; that the liability-limiting privileges under the law for Defendant and Does 1-50 should be

2    equitably disregarded; and that the assets of Does 1-50 should equitably be made available to satisfy

3    the Defendant's liability arising from any monetary judgment to be entered upon the causes of action

4    set forth here.

## FACTUAL ALLEGATIONS

6         15.    Plaintiff is a current employee of C&W, a commercial real estate services company.

7    Plaintiff began working as an Appraiser Trainee on September 17, 2007.  As an Appraiser Trainee,

8    Plaintiff's duties included appraising the value of real estate investments, researching property sales,

9    listings, and rentals, constructing financial models, researching financial information, preparing

10   appraisals for firm clients, and inspecting property.

11        16.    Plaintiff has worked across several practice areas within C&W 's Valuation Advisory

12   Group, and began working as an Appraiser Trainee in the Senior Housing practice area, supervised by

13   Ryan McCafferty.  Upon information and belief, around June 2013, Plaintiff transferred to the Auto

14   Specialty practice area, supervised by Chris Kelsey.  Plaintiff currently works within C&W's Auto

15   Specialty practice area.

16        17.    Throughout her tenure at C&W, Plaintiff actively sought a state-certified appraisal

17   license.  Plaintiff currently holds an Appraiser Trainee license.  Plaintiff's licensure status affects the

18   number of C&W projects that she can complete.

19        18.    Plaintiff is compensated through a "recoverable draw" scheme.  At the beginning of

20   each year of her employment, Plaintiff has been required to sign a standard promissory note with

21   C&W, where she agrees to pay C&W the balance of a fixed sum of money equal to her annual

22   compensation.  Each employee then receives a bi-monthly draw against this obligation, which is the

23   sole basis of compensation.  Such "draw" payments constitute advancements to Plaintiff, which

24   Plaintiff owes to C&W in the form of debt.  The promissory note allows C&W, among other things, to

25   recoup the entire balance of the advanced sum at any time, including after the employee-employer

26   relationship terminates.

27        19.    Appraisers work on assigned projects that generate fees.  Such fees are intended, in part,

28   to cover their bi-monthly draw payments and satisfy outstanding debt obligations.  Employees earn

fees through a complicated fee arrangement, which is stipulated in their employment contracts. A portion of the fees generated by employees – including Plaintiff – are set aside for Defendants, to account for and offset various accrued expenses and costs, including referral fees, supervisory offsets and other miscellaneous costs. Upon information and belief, beginning around June 2013, fees earned by Plaintiff for completed projects were significantly reduced due to "supervisory offsets."

20.     Upon information and belief, C&W calculates the total fee amount generated by appraisers (minus any deductions made pursuant to the employment contract), as well as the total amount of draw payments made that period; the draw payments are then deducted from the fees collected. Any positive amount is paid to the employee. Any negative amount is carried forward as debt owed to C&W, which must be settled by appraisers.

21.     Plaintiff's employment contract states that she may not receive less than the draw payments. The employment contract further states that the draw payments "are loans to be repaid to C&W upon demand." The employment contract states that if an appraiser's fee share does not sufficiently reimburse C&W for their advanced draw payments, employees are personally liable to C&W.

22.     Plaintiff has consistently carried forward a deficit while working for C&W. Plaintiff worked, and continues to work, on C&W projects with the goal of settling mounting deficits resulting from the combined draw payments and promissory note obligations.

23.     In 2017, C&W held a promissory note against Plaintiff for $54,000, which was equal to the total bi-monthly draw payments received throughout the year.

24.     Plaintiff repeatedly alerted her supervisors that her deficit was beginning to grow and that the fee split with her supervisor precluded Plaintiff from settling the outstanding debt obligations. Plaintiff made two suggestions as ways to settle her obligations: (1) C&W should increase her fee share and/or (2) she should be given additional projects to earn more fees. Upon information and belief, as of December 2017, Plaintiff was only receiving fifty (50) percent of the total fees generated, and otherwise continued receiving fewer and fewer projects.

CLASS AND COLLECTIVE ACTION COMPLAINT

714677.10

25.     Upon information and belief, around December 2017, after Plaintiff discussed her decreasing project volume with Lars Platt, a regional leader at C&W, Mr. Platt informed Plaintiff that there simply was not enough business to accommodate Plaintiff's request.

26.     Upon information and belief, around December 2017, Michele Kauffman, a C&W area leader, and another one of Plaintiff's supervisors, told Plaintiff that she should continue to work on obtaining her appraiser license as a way to position herself for more projects at C&W.

27.     On May 16, 2018, Plaintiff received an email stating that, effective June 4, 2018, Plaintiff's recoverable draw compensation would be reduced from $54,000 to $45,760, as Plaintiff had not performed enough work to settle the deficit owed to Defendants.

28.     After a period of receiving few opportunities to conduct appraisals in late 2017 and early 2018, Plaintiff was told that she owed more than $28,000 to C&W and that Plaintiff needed to figure out a way to reduce that figure.

29.     Upon information and belief, on or around May 17, 2018, Plaintiff discussed with Ms. Kauffman the low number of projects she was assigned and her growing draw deficit. Ms. Kauffman told Plaintiff that C&W did not have work that she could perform, explaining that only a handful of low-level assignments – with correspondingly lower fees – were available. Additionally, Ms. Kauffman informed Plaintiff that such low-value assignments were not projects that C&W, as a firm, typically took on.

30.     Plaintiff's draw payments were stopped effective June 4, 2018.

31.     Plaintiff's resulting stress, growing deficit, and feeling of helplessness caused Plaintiff severe anxiety, chest pains, and depression. Because of these symptoms, Plaintiff took medical leave.

32.     Upon information and belief, around 2010, Plaintiff's supervisor, Ryan McCafferty, complained that Plaintiff did not possess a cell phone for work-related usage. Based on McCafferty's complaint, Plaintiff obtained a cell phone, which she used for work-related purposes. At no point did C&W provide cell phones to Plaintiff or similarly situated appraisers. C&W has never compensated Plaintiff for expenses related to the continued use of her cell phone.

33.     During the applicable time period, Plaintiff and Class Members regularly and consistently worked more than eight (8) hours in a workday and/or more than forty (40) hours in a

6

714677.10

workweek. Nonetheless, Defendants failed to pay Plaintiff and Class Members for all hours worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

34. Defendants failed to provide Plaintiff and Class Members with meal and rest periods in accordance with California law.

35. Defendants failed to keep accurate payroll records showing the daily hours worked by Plaintiff and Class Members, as well as wages they should have been paid.

36. Defendants failed to furnish Plaintiff and Class Members with accurate itemized wage statements in accordance with California law.

37. Defendants misclassified Plaintiff and Class Members as "exempt" employees.

38. C&W employed Plaintiff and Class Members during PAGA's statutory period.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff, on behalf of herself and all Collective Action Members, re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. Pursuant to 29 U.S.C. § 216, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

> All persons employed by CUSHMAN AND WAKEFIELD WESTERN, INC. and/or Doe Defendants as Appraisers[2] assigned to at least one C&W office in any state from three years prior to the filing of this Complaint to the close of the opt-in period ("Collective Action Members").

41. There are numerous similarly situated current and former Appraisers throughout the United States who would benefit from the issuance of a Court-supervised notice. Those similarly situated employees are known to C&W and are readily identifiable through C&W's records.

42. Plaintiffs and other Collective Action Members are similarly situated because, among other things, they all: (a) had the same duties; (b) performed the same tasks; (c) were misclassified as exempt from overtime wages; (d) were paid under the same employment contracts and promissory notes; (e) were required, suffered, or permitted to work, and did work in excess of forty hours per

---

[2] *See supra*, note 1.

7

714677.10

week; and (f) were not paid at a rate of one and one-half times their regular rate of pay for all overtime hours worked.

43.     As part of its regular business practice, C&W intentionally, willfully, and repeatedly engaged in a uniform pattern, practice, and/or policy of violating the FLSA with respect to the Collective Action Members.  This policy and pattern or practice included, but is not limited to, willfully: misclassifying Appraisers as exempt from overtime wages; failing to pay Appraisers overtime wages for hours that they worked in excess of forty hours per workweek; and failing to record all of the time that Appraisers worked for the benefit of C&W.

44.     C&W was aware or should have been aware that federal law requires it to pay employees an overtime premium for hours worked in excess of forty hours per workweek.

45.     C&W's deceptive conduct prevented Plaintiffs and all other Collective Action Members from discovering or asserting their claims earlier than they did because C&W, among other things, repeatedly declared that Appraisers were exempt from overtime.

## CALIFORNIA CLASS ACTION ALLEGATIONS

46.     Plaintiff, on behalf of herself and all California Class Action Members, re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

47.     Plaintiff seeks to proceed as a class action with regard to their California law claims pursuant to California Code of Civil Procedure § 382 on behalf of the following class of persons:

> All persons employed in California by CUSHMAN AND WAKEFIELD WESTERN, INC. and/or Doe Defendants as an Appraiser[3] assigned to at least one C&W office from four years prior to the filing of this Complaint to the time of class certification ("California Class Action Members").

48.     Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

---

[3] See supra, note 1.

8

714677.10

49.    **Numerosity**.  The putative class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are within the sole custody and/or control of C&W, upon information and belief, C&W has employed over forty Appraisers in California within the last four years.

50.    **Commonality and Predominance**.  Among the proposed class, there is a well-defined community of interest in the questions of law and/or fact involved.  Common questions of law and/or fact predominate over questions that affect only individual California Class Action Members. Common questions include, but are not limited to:

a.    Whether C&W is the employer of California Class Action Members;

b.    Whether C&W's uniform classification of all California Class Action Members as exempt from overtime violated the California Labor Code;

c.    Whether C&W owes California Class Action Members overtime wages for hours worked greater than forty (40) in a week or eight (8) in a day;

d.    Whether C&W failed to keep accurate payroll records of hours worked, meal and rest periods taken, and overtime worked in accordance with California law;

e.    Whether C&W reimbursed California Class Action Members for cell phone expenses for use during working hours;

f.    Whether the wage statements C&W issued to California Class Action Members included all hours worked and/or rates of pay; and

g.    Whether C&W's Labor Code violations serve as predicate violations of the UCL.

51.    **Typicality**.  Plaintiff's claims are typical of the claims of the Class as all Class Members are similarly affected by Defendants' wrongful conduct as complained of herein.  Plaintiff was subjected to the same violations of his rights under the law and seeks the same types of relief on the same theories and legal grounds as the members of the class she seeks to represent.

52.    **Adequacy of Representation**.  Plaintiff will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff's interests are not in conflict with those of the Class.

CLASS AND COLLECTIVE ACTION COMPLAINT

714677.10

1  Plaintiff's counsel are competent and experienced in litigating large employment class actions and

2  other complex litigation matters, including cases involving factual and legal claims similar to those

3  alleged here.

## FIRST CAUSE OF ACTION
### Violations of the Fair Labor Standards Act
### [29 U.S.C. §§ 201 *et seq.*]

6      53.    Plaintiff, on behalf of herself and all Collective Action Members, re-alleges and

7  incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth

8  herein.

9      54.    C&W has been, and continues to be, an employer engaged in interstate commerce

10  within the meaning of the FLSA.

11      55.    C&W employed and/or continues to employ Plaintiffs and each of the Collective Action

12  Members within the meaning of the FLSA.

13      56.    C&W has had annual gross revenues in excess of $500,000.

14      57.    Plaintiff expressly consents in writing to be a party to these collective actions pursuant

15  to 29 U.S.C. § 216(b). *See* Exhibit 2 hereto.

16      58.    C&W has a policy and practice of misclassifying Appraisers, including Plaintiff and

17  Collective Action Members, as exempt from overtime wages.

18      59.    C&W has a policy and practice of refusing to pay any overtime compensation to

19  Appraisers for hours worked in excess of forty hours per week.

20      60.    C&W has violated and continues to violate the FLSA, including §§ 207(a)(1) and

21  215(a) because C&W willfully fails to compensate its Appraisers for all hours worked and at a rate not

22  less than one and one-half times their regular rate of pay for work performed in excess of forty hours in

23  a workweek.

24      61.    As a result of C&W's misclassification of its Appraisers and its attendant failure to

25  record, report, credit, and/or compensate Plaintiff and Collective Action Members, C&W has failed to

26  make, keep, and preserve records with respect to each of its employees sufficient to determine the

27  wages, hours, and other conditions and practices of employment in violation of the FLSA, including

28  §§ 211(c) and 215(a).

714677.10

62.   C&W's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

63.   Due to C&W's FLSA violations, Plaintiff, on behalf of herself and all Collective Action Members, are entitled to recover from C&W unpaid wages, as well as overtime compensation, an additional amount equal to the unpaid wages and overtime as liquidated damages, reasonable attorneys' fees, and costs pursuant to § 216(b) of the FLSA, as well as further relief as described below.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages
[Cal. Labor Code §§ 510, 558, and 1194, and Cal. Code Regs. tit. 8 § 11040]

64.   Plaintiff, on behalf of herself and all California Class Action Members, re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

65.   California Labor Code § 510 and Wage Order No. 4 requires an employer to compensate a non-exempt employee for all work performed in excess of eight hours per workday or forty hours per workweek, at one and one-half times the employee's regular rate of pay.

66.   Plaintiff and Class Members are non-exempt employees. Neither of the exemptions to California Industrial Welfare Commission Wage Orders 4-2001, Cal. Code Regs. Tit. 8, § 11070 apply. During the relevant period, Plaintiff and Class Members have not earned a monthly salary equivalent to no less than two (2) times the State's minimum wage for full-time employment.

67.   Plaintiff's entire compensation depends on fees generated from projects assigned by Defendants. Plaintiff and Class Members' ultimate compensation depends on the quantity of work available. Therefore, Plaintiff and Class Members have not been paid on a salary basis pursuant to 29 C.F.R. § 541.602(a). *See Ming-Hsiang Kao v. Joy Holiday,* 12 Cal. App. 5th 947, 959 (2017) (since state "law was patterned to some extent on federal law, the general approach in interpreting California law has been to use the federal salary basis test unless some other provision of California law calls for a more protective standard"); DLSE Manual § 51.6.4 (detailing that the DLSE will enforce the federal "salary basis test" to the extent that it does not conflict with "California statutory law, case law, or public policy").

11

714677.10

68.     Furthermore, because the promissory notes directly encumber Plaintiff and Class Members' compensation and allow Defendants to claw back disbursed payments, the compensation received by Plaintiff and Class Members were not made "free and clear" under 29 C.F.R. § 531.35, and thus do not constitutive a salary. *See Ming-Hsiang Kao*, 12 Cal. App. 5th at 959; *see also*, *Takacs v. A.G. Edwards and Sons, Inc.*, 444 F. Supp. 2d 1100, 1108 (S.D. Cal. 2006) (finding that a deficit owed to an employer because of diminished commissions made the employee's compensation conditional – not "free and clear" – and therefore not a salary).

69.     C&W misclassified Plaintiff and Class Members as exempt employees.

70.     During all relevant times, C&W required Plaintiff and California Class Action Members to work in excess of eight hours per workday and forty hours per workweek. C&W failed to pay the overtime wages that Plaintiff and California Class Action Members earned.

71.     Due to C&W's Labor Code violations, Plaintiff and Class Members are entitled to recover from C&W unpaid overtime compensation, interest, reasonable attorneys' fees, and costs pursuant to the California Labor Code, as well as further relief as described below.

### THIRD CAUSE OF ACTION
#### Failure to Provide Meal Periods
[Cal. Labor Code §§ 226.7, 512, and 1194, and Cal. Code Regs. tit. 8 § 11040]

72.     Plaintiff, on behalf of herself and all California Class Action Members, re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

73.     California Labor Code § 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

74.     Wage Order No. 4 states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes." If no meal period is provided, the Wage Order requires the employer to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

714677.10

75.    California Labor Code § 226.7 states, "[a]n employer shall not require an employee to work during a meal … period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." Section 226.7 requires an employer to pay one additional hour of pay at the employee's regular rate if the meal or rest period is not provided.

76.    Plaintiff and Class Members are non-exempt employees.  Neither of the exemptions to California Industrial Welfare Commission Wage Orders 4-2001, Cal. Code Regs. Tit. 8, § 11070 apply.  During the relevant period, Plaintiff and Class Members have not earned a monthly salary equivalent to no less than two (2) times the State's minimum wage for full-time employment.

77.    Plaintiff's entire compensation depends on fees generated from projects assigned by Defendants; Plaintiff and Class Members' ultimate compensation depends on the quantity of work available.  Therefore, Plaintiff and Class Members have not been paid on a salary basis pursuant to 29 C.F.R. § 541.602(a).  *See Ming-Hsiang Kao*, 12 Cal. App. 5th at 959 (since state "law was patterned to some extent on federal law, the general approach in interpreting California law has been to use the federal salary basis test unless some other provision of California law calls for a more protective standard"); DLSE Manual § 51.6.4 (detailing that the DLSE will enforce the federal "salary basis test" to the extent that it does not conflict with "California statutory law, case law, or public policy").

78.    Furthermore, because the promissory notes directly encumber Plaintiff and Class Members' compensation and allow Defendants to claw back disbursed payments, the compensation received by Plaintiff and Class Members were not made "free and clear" under 29 C.F.R. § 531.35, and thus do not constitute a salary.  *See Ming-Hsiang Kao*, 12 Cal. App. 5th at 959; *see also, Takacs*, 444 F. Supp. 2d at 1108 (finding that a deficit owed to an employer because of diminished commissions made the employee's compensation conditional – not "free and clear" – and therefore not a salary).

79.    C&W misclassified Plaintiff and Class Members as exempt employees.

80.    C&W does not have a policy or practice of providing meal periods to California Class Action Members, and C&W has not paid employees premium pay for missed meal periods as required by California Labor Code §§ 226.7 and 512, and Wage Order No. 4.

81.    As a result of C&W's unlawful failure to provide meal periods to all California Class Action Members and C&W's failure to pay an hour of premium pay at the regular rate for each missed

714677.10

1    meal period, Plaintiff and California Class Action Members are entitled to recover one hour of pay at

2    their regular rate of compensation for each workday that a meal period was not provided, plus interest,

3    attorney's fees, and costs, as well as further relief as described below.

### FOURTH CAUSE OF ACTION
#### Failure to Provide Rest Periods
#### [Cal. Labor Code §§ 226.7 and 1194, Cal. Code Regs. tit. 8 § 11040]

6    82.    Plaintiff, on behalf of herself and all California Class Action Members, re-alleges and

7    incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth

8    herein.

9    83.    California Labor Code § 226.7 states, "[a]n employer shall not require an employee to

10   work during a … rest … period," and "[i]f an employer fails to provide an employee a … rest … period

11   … the employer shall pay the employee one additional hour of pay at the employee's regular rate of

12   compensation for each workday that the … rest … period is not provided."

13   84.    Wage Order No. 4 states, "[e]very employer shall authorize and permit all employees to

14   take rest periods, which insofar as practicable shall be in the middle of each work period. The

15   authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

16   minutes net rest time per four (4) hours or major fraction thereof." The Wage Orders require an

17   employer to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for

18   each workday that the rest period is not provided."

19   85.    Plaintiff and Class Members are non-exempt employees. Neither of the exemptions to

20   California Industrial Welfare Commission Wage Orders 4-2001, Cal. Code Regs. Tit. 8, § 11070

21   apply. During the relevant period, Plaintiff and Class Members have not earned a monthly salary

22   equivalent to no less than two (2) times the State's minimum wage for full-time employment.

23   86.    Plaintiff's entire compensation depends on fees generated from projects assigned by

24   Defendants; Plaintiff and Class Members' ultimate compensation depends on the quantity of work

25   available. Therefore, Plaintiff and Class Members have not been paid on a salary basis pursuant to 29

26   C.F.R. § 541.602(a). *See Ming-Hsiang Kao*, 12 Cal. App. 5th at 959 (since state "law was patterned to

27   some extent on federal law, the general approach in interpreting California law has been to use the

28   federal salary basis test unless some other provision of California law calls for a more protective

14

714677.10

1  standard"); DLSE Manual § 51.6.4 (detailing that the DLSE will enforce the federal "salary basis test"

2  to the extent that it does not conflict with "California statutory law, case law, or public policy").

3      87.    Furthermore, because the promissory notes directly encumber Plaintiff and Class

4  Members' compensation and allow Defendants to claw back disbursed payments, the compensation

5  received by Plaintiff and Class Members were not made "free and clear" under 29 C.F.R. § 531.35, and

6  thus do not constitute a salary. *See Ming-Hsiang Kao*, 12 Cal. App. 5th at 959; *see also, Takacs*, 444

7  F. Supp. 2d at 1108 (finding that a deficit owed to an employer because of diminished commissions

8  made the employee's compensation conditional – not "free and clear" – and therefore not a salary).

9      88.    C&W misclassified Plaintiff and Class Members as exempt employees.

10      89.    C&W does not have a policy or practice of providing rest periods to California Class

11  Action Members, and C&W has not paid employees premium pay for missed rest periods as required

12  by California Labor Code § 226.7 and Wage Order No. 4.

13      90.    As a result of C&W's unlawful failure to provide rest periods to all California Class

14  Action Members and C&W's failure to pay an hour of premium pay at the regular rate for each day a

15  rest period was not provided, Plaintiff and California Class Action Members are entitled to recover one

16  hour of pay at their regular rate of compensation for each workday that a rest period was not provided,

17  plus interest, attorney's fees, and costs, as well as further relief as described below.

18  **FIFTH CAUSE OF ACTION**
**Failure to Reimburse Business Expenses**

19  **[Cal. Labor Code § 2802, and Cal. Code Regs. tit. 8, § 11040, 11070]**

20      91.    Plaintiff, on behalf of herself and all California Class Action Members, re-alleges and

21  incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth

22  herein.

23      92.    California Labor Code § 2802 requires employers to indemnify an employee for all

24  necessary expenditures or losses incurred by the employee in direct consequence of the discharge of

25  the employee's duties.

26      93.    During all relevant times, C&W failed to indemnify Plaintiff and California Class

27  Action Members for their expenses related to use of their personal cell phones for work purposes.

28

714677.10

1    Plaintiff and California Class Action Members are entitled to indemnification of these work-related

2    expenses plus prejudgment interest pursuant to California Labor Code § 2802.

3         94.    Plaintiff, on behalf of herself and similarly situated California Class Action Members,

4    requests relief for these violations and further relief as described below.

5    **SIXTH CAUSE OF ACTION**
     **Failure to Furnish Accurate Itemized Wage Statements**

6    **[Cal. Labor Code §§ 226 and 226.3, and Cal. Code Regs. tit. 8 § 11040]**

7         95.    Plaintiff, on behalf of herself and all California Class Action Members, re-alleges and

8    incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth

9    herein.

10         96.    California Labor Code § 226 provides that every employer must furnish each employee

11    with an itemized wage statement that shows the total numbers of hours worked each pay period, gross

12    wages, net wages, all deductions, all applicable hourly rates of pay, the legal name and address of the

13    employer, and other information.

14         97.    C&W failed to furnish Plaintiff and California Class Action Members itemized wage

15    statements accurately showing, at a minimum, gross wages, total hours worked, net wages earned, and

16    all applicable hourly rates in effect during the pay period as well as the number of hours corresponding

17    to each hourly rate.

18         98.    During all relevant times, all California Class Action Members were injured by these

19    failures because, among other things, they were confused about whether they were paid properly,

20    and/or they were misinformed about how many total hours they worked during each pay period.

21         99.    California Labor Code § 226(e)(1) states that an employee suffering injury as a result of

22    a knowing and intentional failure by an employer to provide accurate itemized wage statements is

23    entitled to recover the greater of all actual damages suffered or fifty dollars ($50) for the initial

24    violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars

25    ($4,000). Pursuant to California Labor Code § 226(h), Plaintiff and California Class Action Members

26    are entitled to injunctive relief to ensure C&W's compliance with California Labor Code § 226.

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT

714677.10

100.     Plaintiff and California Class Action Members are entitled to an award of costs and reasonable attorneys' fees under California Labor Code § 226(h), as well as further relief as described below.

### SEVENTH CAUSE OF ACTION
#### Unfair Competition Law Violations
[Cal. Business & Professions Code §§ 17200 *et seq.*]

101.     Plaintiff, on behalf of herself and all California Class Action Members, re-alleges and reincorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

102.     California Business & Professions Code §§ 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

103.     C&W has committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code §17200. C&W's unlawful, unfair, deceptive, and/or fraudulent business practices include, but are not limited to, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, and failing to indemnify Appraisers for business expenses.

104.     As a result of such unlawful, unfair, and/or fraudulent business practices, C&W reaped ill-gotten benefits and illegal profits at the expense of Plaintiff and California Class Action Members.

105.     Plaintiff, on behalf of herself and similarly situated California Class Action Members, requests further relief as described below.

### EIGHTH CAUSE OF ACTION
#### Violation of the Private Attorney General Act of 2004 ("PAGA")
[Cal. Labor Code §§ 2698 *et seq.*]

106.     Plaintiff, on behalf of herself and all other aggrieved employees, re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

107.     Plaintiff is an "aggrieved employee" under PAGA, as she is employed by C&W during the applicable statutory period and suffered one or more Labor Code violations. As such, Plaintiff seeks to recover, on behalf of herself and all aggrieved employees, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

17

714677.10

108.    Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Super. Ct.*, 46 Cal. 4th 969 (Cal. Ct. App. 2009). Class certification of the PAGA claims is not required, but Plaintiff may seek certification of the PAGA claims.

109.    Plaintiff seeks to pursue remedies pursuant to PAGA for the following violations:

a.    For C&W's failure to pay California Appraisers overtime, Plaintiff seeks recovery of civil penalties, including wages as set forth in California Labor Code § 558. For C&W's failure to provide California Appraisers with meal periods or rest periods, Plaintiff seeks civil penalties, including wages, under California Labor Code § 558.

b.    For C&W's knowing and intentional failure to provide accurate wage statements, California Labor Code § 226.3 imposes a civil penalty, in addition to any other penalty provided by law, of two hundred fifty dollars ($250) per aggrieved employee for the first violation of California Labor Code § 226(a), and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation.

c.    For C&W's failure to keep accurate records as required by California Labor Code § 1174(d), including records of California Class Action Members' overtime hours, driving time, off-site work, weekend hours, holiday hours, and meal periods, C&W is subject to a civil penalty of five hundred dollars ($500) under California Labor Code § 1174.5. C&W is also liable for civil penalties under California Labor Code § 558.

d.    For C&W's failure to indemnify California Appraisers for all necessary business expenditures, C&W is liable for the amount civil penalties described in the paragraph below, pursuant to California Labor Code § 2802.

110.    California Labor Code § 2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 226.7, 510, 512, 558, 1194, and 2802. For each subsequent violation, the penalty is two hundred dollars ($200) per aggrieved employee, per pay period.

18

CLASS AND COLLECTIVE ACTION COMPLAINT

714677.10

111.    A true and correct copy of the claim notice filed online with the California Labor and Workforce Development Agency ("LWDA"), LWDA Case Number LWDA-CM-543235-18, a copy of which was sent via certified mail to Defendants, is attached as Exhibit 1.  As of today's date, the LWDA has provided no notice to Plaintiff regarding its intention to investigate or not investigate Plaintiff's claims.

112.    Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  Plaintiff's successful enforcement of important rights affecting the public interest will confer a significant benefit for the general public.  Private enforcement of these rights is necessary, as no public agency has pursued enforcement.

113.    As a result of the violations alleged, Plaintiff, an aggrieved employee, on behalf of herself and other aggrieved employees, seeks all relief available pursuant to California Labor Code § 2699, including all civil penalties, attorneys' fees, expenses, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class Members, respectfully requests this Court to grant relief against Defendants as follows:

A.    Certify this action as a class action pursuant to California Code of Civil Procedure § 382 for the Class Members, and appoint Plaintiff as Class Representative, and their attorneys as Class Counsel;

B.    Designate this action as a collective action on behalf of the Collective Action Members and authorize issuance of notice pursuant to 29 U.S.C. § 216(b) to all Collective Action Members, apprising them of the pendency of this action and permitting them to timely assert FLSA claims in this action by filing individual consents to opt into this proceeding;

C.    Direct class notice to all California Class Action Members;

D.    Declare that Defendants misclassified all Class Members under the California Labor Code as exempt from overtime wages;

E.    Declare that Defendants misclassified all Collective Action Members under the FLSA as exempt from overtime wages;

19

714677.10

F.      Award unpaid wages, including all overtime compensation and meal and rest period premiums, due under California law and the FLSA, to Plaintiff, Class Members, and Collective Action Members;

G.      Award damages for Defendants' failure to provide accurate itemized wage statements;

H.      Award damages and restitution for Defendants' failure to reimburse necessary business expenses;

I.      Award civil penalties under California Labor Code § 2698 *et seq.* for violations of Labor Code §§ 226.7, 510, 512, 558, 1194, and 2802, as well as Wage Order 4;

J.      Award liquidated damages to Plaintiffs and Collective Action Members as a result of C&W's willful failure to pay for all wages due as well as overtime compensation pursuant to the FLSA;

K.      Award pre-judgment and post-judgment interest;

L.      Enjoin Defendants from violating California law;

M.      Award costs and expenses of this action;

N.      Award reasonable attorneys' fees; and

O.      Award such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on each and every cause of action so triable.

Dated:  August 13, 2018

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

Laura L. Ho

Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT

714677.10

# EXHIBIT 1



Shareholders
Linda M. Dardarian
Laura L. Ho

**Goldstein, Borgen,
Dardarian & Ho**

Of Counsel
Barry Goldstein
David Borgen
Morris J. Baller

June 4, 2018

<u>Private Attorneys General Act – Online Filing</u>

Attn: PAGA Administrator

Re:     Labor Code Private Attorney General Notice Act

To Whom It May Concern:

This firm represents the aggrieved employee Dimitri Dixon, individually and on behalf of all others similarly situated, who work or worked for Cushman & Wakefield Western, Inc., and/or its corporate affiliates (hereinafter and collectively, "C&W" or "Cushman & Wakefield"), as Appraisers. In that position, employees are tasked with, inter alia, appraising the value of real estate investments made by the firm across a range of assets, researching sales, listing, and rentals for properties, constructing financial models, researching property financial information, preparing appraisals for firm clients, and inspecting property. Ms. Dixon has been employed by C&W as an Appraiser since September 2007.

C&W has violated several California Labor Code provisions ("Labor Code") in its employment of Ms. Dixon and similarly situated Appraisers and is therefore liable for civil penalties under Labor Code § 2698 *et seq.* We request that your agency investigate the claims alleged below against C&W. This letter is to provide notice of claims for penalties under the Private Attorneys General Act, as amended, Labor Code § 2699.3 ("PAGA") for violations of Labor Code §§ 226.7 (meal and rest periods), 510 (overtime), 512 (meal and rest periods), 558 (penalties and wages for failure to pay all overtime wages and failure to provide either meal periods or premium pay), 226 (wage statements), 1174 (employee payroll records), 2751 (form of commission contracts), as well as California Industrial Welfare Commission Wage Orders 4-2001, Cal. Code Regs. Tit. 8, § 11070 ("Wage Order"). Therefore, the aggrieved employees hereby invite the Labor and Workforce Development Agency to take any action it deems appropriate.

<u>C&W Misclassifies Appraisers as Exempt</u>

Cushman & Wakefield, a global real estate services firm, classifies its Appraisers as exempt from overtime when those Appraisers should be classified as non-exempt. The firm assigns Appraisers to assess the value of individual properties or a portfolio of assets for clients. Appraisers in California perform the same functions as similarly situated employees nationally. These duties include researching comparable sales, listings, and rental information for properties, constructing discounted cash flows and other financial models, researching benchmark rates of return for various properties, assisting in the preparation of appraisals that will support client decision making, as well as inspecting the property and interviewing market stakeholders with



Senior Appraisers. Appraisers do not sell anything. Appraisers can work remotely, as Ms. Dixon did on several occasions.

Appraisers are compensated by C&W using a recoverable "draw" system. Each employee is required to sign a standard promissory note with C&W indicating that they agree to pay C&W a fixed sum on demand, or immediately at the end of the calendar year, which is equal to the amount they receive as compensation for their labor. Appraisers are then paid a "recoverable draw," periodically against this obligation, which is the sole basis of compensation. Total compensation is derived from the percentage of fees that C&W earns on projects that represents the "valuation [and] advisory assignments" it holds for which employees render services (less broker referral fees, travel costs, supervisory offers, and other miscellaneous costs, all adjusted by employee share if multiple Appraisers work on a project).

While employees are paid a minimum draw – which their employment contract states may not to be reduced "because of the quantity or quality of work" performed – the draw payments made each pay period "are loans to be repaid to C&W upon demand" under the terms of the promissory note. If the Appraiser's share of commissions and fees do not reimburse C&W for the advances, the employees must pay C&W from their own funds. Cushman & Wakefield retain the right, in their sole discretion, to modify the company-wide percentages of fees for certain future assignments by providing 14 days' notice to employees.

Cushman & Wakefield's draw compensation method does not qualify as a salary under the Labor Code. For employee pay to be considered a salary, and the employee exempt from overtime premiums, for example, it must be a fixed rate of pay that is two times the state minimum wage. In addition, unless inconsistent with or less protective than California law, courts generally apply the federal salary basis test which requires monetary payments made in the form of a salary be "free and clear" "meaning '[final] and [unconditional].'"

However, the total compensation paid to a C&W Appraiser may in fact be less than two times the state minimum wage if the Appraiser's commissions and fees fall below the amount sufficient to compensate C&W under the promissory note. In addition, because the Appraiser's total compensation is based on the recoverable draw system – and C&W retains the right to both demand full repayment of the total promissory note and/or change how they calculate the percentage of fees for future assignments – an employee is not guaranteed compensation that is both two times the state minimum wage and free and clear of obligations to repay.

And while the terms of the employee's compensation agreement indicate that the employee's wages will not be reduced because of the quantity or quality of their work, such a reduction in pay is possible, given that compensation is tied to the total valuation of assignments to which the employee renders her services. Moreover, such a compensation scheme creates a scenario where the employee's compensation is subject to the availability of work (e.g. sufficient value of C&W's portfolio of assets to appraise), a situation which contrasts with the position of the DLSE that a salaried employee's wages should not be reduced if they are ready, willing, and able to work. Indeed, willful deductions "made in contravention of the salary requirements" nullifies the employee's exempt status.

PAGA Administrator                    -3-                        June 4, 2018

Further, while Appraisers perform office work for C&W under general supervision in the performance of their duties, these duties are routine production tasks unrelated to the setting or execution of business policy. Appraisers conduct research using multiple methods and resources to find comparable properties and valuations to assess C&W assets, construct financial models, and identify the rates of return for various properties. In addition, appraisers assist clients as they prepare appraisals of various properties and, with Senior Appraisers, inspect properties and interview market stakeholders.

These tasks are unrelated to the setting of general business policy, conducting long or short-term planning, or negotiating property transactions, but are more accurately those duties which contribute to the production of services "that the enterprise exists to produce and market." Appraisers do not supervise other employees. They are not responsible for setting corporate strategy or directing property transactions. Appraisers only conduct site visits or meet with clients or stakeholders in the furtherance of their production-related duties to appraise assets for C&W. These routine and low-level tasks do not establish Appraisers – and specifically Ms. Dixon – as exempt administrative employees.

Therefore, because Appraisers are not compensated with a salary and do not perform administrative duties pursuant to Wage Order 4(1)(A)(2) and relevant federal law, they are not properly classified as exempt employees.

### Unlawful Failure to Pay All Overtime Wages

Cushman & Wakefield has violated and continues to violate Labor Code §§ 510 and 558 and Wage Order No. 4(2)(K), (3) because it fails to compensate Appraisers for all overtime wages. Appraisers, including Ms. Dixon, work over forty hours a week and/or eight hours a day for C&W.

Although C&W has knowledge that Appraisers work more than forty hours a week and/or eight hours a day, C&W fails to pay them overtime. Unpaid overtime is due at a rate of 1.5 times an Appraisers regular rate of pay for hours over forty in a week, eight hours in a day, or the first eight hours worked on the seventh consecutive workday in a work week, or 2 times an Appraisers regular rate of pay for hours over twelve in a day or those in excess of eight hours in a day on the seventh consecutive workday. The regular rate of pay includes all compensation, such as non-discretionary bonuses.

Because of its failure to pay all overtime wages, C&W has violated Labor Code §§ 510 and Wage Order 4, and is liable for civil penalties and unpaid wages pursuant to Labor Code §§ 558, 1194, and 2698 *et seq.*

### Unlawful Failure to Provide Meal and Rest Periods or to Provide Pay Premiums for Missed Rest and Meal Periods

Cushman & Wakefield violated and continues to violate Labor Code §§ 226.7 and 512 and Wage Orders No. 4(11)-(12) because it has failed to provide meal and rest periods and to pay premium compensation due its employees for missed meal and rest periods.

PAGA Administrator                          -4-                          June 4, 2018

Because C&W incorrectly classifies their Appraisers as exempt employees, they did not provide meal periods or rest periods. In addition, C&W is aware that it does not provide meal and rest break periods to Appraisers.

As a result, C&W is liable for civil penalties and wages pursuant to Labor Code §§ 558 and 2698 *et seq.*

### Unlawful Failure to Provide Commission Contracts

Cushman & Wakefield's method of compensating Appraisers using commissions fails to satisfy Labor Code § 2751 because it does not give employees a signed copy of the commission contract, and does not obtain a signed receipt from each employee.

### Unlawful Failure to Furnish Compliant Wage Statements

Cushman & Wakefield has violated and continues to violate Labor Code § 226 and Wage Order 4(7) because it willfully fails to furnish wage statements to Appraisers that show all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate by employees, and the correct corporate address.

Pay stubs from C&W do not list the actual hours worked; instead spaces on the pay stub where hours and rates would be listed are blank. The pay stubs do not reflect the regular rate or the overtime rate. In addition, on information and belief, the pay stubs provided to Ms. Dixon and similarly situated employees fail to list the correct employer address. While the pay stubs list 1290 Avenue of the Americas, New York, NY 10104, Ms. Dixon's 2018 promissory note lists 18111 Von Karman Avenue, Suite 1000, Irvine, CA 92612[1] and C&W's corporate address in California, where Ms. Dixon works, is listed as 425 Market St., Suite 2300 San Francisco, CA 94105. However, neither address is listed on her pay stub.

Because of these violations of Labor Code § 226(a), C&W is liable for civil penalties pursuant to Labor Code §§ 226.3 and 2698 *et seq.*

### Unlawful Failure to Maintain Employee Payroll Records

Cushman & Wakefield has violated Labor Code § 1174 and Wage Order 4(7) because it failed to keep payroll records showing total hours works, inter alia, by not showing overtime hours worked and meal periods taken. Because of these violations of the Wage Orders and Labor Code § 1174, C&W is liable for civil penalties pursuant to Labor Code §§ 1174.5 and 2698 *et seq.*

---

[1] Ms. Dixon's 2017 promissory note lists 2020 Main St Ste 1000, Irvine, California.

PAGA Administrator                    -5-                    June 4, 2018

    The aggrieved employee on behalf of himself and others similarly situated, hereby invites the Labor and Workforce Development Agency to take any action it deems appropriate.

Sincerely,

Laura L. Ho

LLH/kbm

cc:    (via Certified Mail, Return Receipt Requested)
Cushman & Wakefield Western, Inc.
1290 Avenue of the Americas
New York, NY 10104

(via Certified Mail, Return Receipt Requested)
C T Corporation System
425 Market Street, Suite 2300
San Francisco, CA 94105

(via Certified Mail, Return Receipt Requested)
Cushman & Wakefield Western, Inc.
1 Maritime Plaza
San Francisco, CA 94111-3412

(via Certified Mail, Return Receipt Requested)
Cushman & Wakefield Western, Inc.
18111 Von Karman Avenue, Suite 1000
Irvine, CA 92612

712061.1

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE 681

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To Cushman & Wakefield Western, Inc.
Street and Apt. No., or PO Box No. 1 Maritime Plaza
City, State, ZIP+4 San Francisco, CA 94111-3412

PS Form 3800, April 2015    See Reverse for Instructions

7016 2710 0000 5513 9429

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE 68

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To Cushman & Wakefield Western, Inc.
Street and Apt. No., or PO Box No. 1290 Avenue of the Americas
City, State, ZIP+4 New York, NY 10104

PS Form 3800, April 2015    See Reverse for Instructions

7016 2710 0000 5513 9603

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE 68

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To CT Corporation System
Street and Apt. No., or PO Box No. 425 Market St., Ste. 2300
City, State, ZIP+4 San Francisco, CA 94704

PS Form 3800, April 2015    See Reverse for Instructions

7016 2710 0000 5513 6610

---



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE 68

Certified Mail Fee
$ 3.45

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)          $ 2.75
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage
$ 0.47

Total Postage and Fees
$ 6.67

Sent To Cushman & Wakefield Western, Inc.
Street and Apt. No., or PO Box No. 2211 Von Karman Ave., Ste. 1000
City, State, ZIP+4 Irvine, CA 92612

PS Form 3800, April 2015    See Reverse for Instructions

7016 2710 0000 9235 5008



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Goldstein, Borgen, Dardarian & Ho — 681
300 Lakeside Drive, Suite 1000
Oakland, CA 94612



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Goldstein, Borgen, Dardarian & Ho — 681
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cushman & Wakefield, Inc.
1811 Von Karman Ave.,
Ste. 1000

Irvine, CA 92612

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail®    ☐ Priority Mail Express™
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)     7016 2710 0000 9295 5008

PS Form 3811, July 2013    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cushman & Wakefield
Western, Inc.
1290 Avenue of the Americas
New York, NY 10104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

C. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail®    ☐ Priority Mail Express™
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)     7016 2710 0000 5613 6603

PS Form 3811, July 2013    Domestic Return Receipt

6/20/2018                              USPS.com® - USPS Tracking® Results

ALERT: AS OF APRIL 30, USPS.COM NO LONGER SUPPORTS OUTDATED BROWSERS. TO CO...

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package  +

**Tracking Number:** 70162710000056136610

Remove ✕

Your item was delivered to the front desk or reception area at 1:07 pm on June 7, 2018 in SAN FRANCISCO, CA 94105.

## ⊘ Delivered

June 7, 2018 at 1:07 pm
Delivered, Front Desk/Reception
SAN FRANCISCO, CA 94105

Get Updates ⌄

---

Text & Email Updates                                                    ⌄

---

Tracking History                                                        ⌄

---

Product Information                                                      ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

6/20/2018                                    USPS.com® - USPS Tracking® Results

**FAQs (http://faq.usps.com/?articleId=220900)**

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

# EXHIBIT 2

DocuSign Envelope ID: DFA11CB3-BF82-4AC7-B054-8851CA699753

1 Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
2 Alan Romero (SBN 316323)
GOLDSTEIN, BORGEN, DARDARIAN & HO
3 300 Lakeside Drive, Suite 1000
Oakland, CA  94612
4 Tel: (510) 763-9800
Fax: (510) 835-1417
5
Attorneys for Plaintiff and the Proposed Class
6

7

8 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 **FOR THE COUNTY OF SAN FRANCISCO**

10

| | |
|---|---|
| 11 DIMITRI DIXON, individually, and on behalf of all others similarly situated, | Case No.: |
| 12       Plaintiffs, | **PLAINTIFF'S CONSENT TO JOIN FORM UNDER THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 216(B)** |
| 13 vs. | |
| 14 CUSHMAN AND WAKEFIELD WESTERN, INC., a California corporation; and DOES 1-50, inclusive, | |
| 15 | |
| 16       Defendants. | |

17

18 <u>**CONSENT TO JOIN AS PARTY PLAINTIFF**</u>

19     1.  I affirm that I am or was employed by Defendant Cushman and Wakefield Western, Inc. as an

20 Appraiser Trainee or appraiser.

21     2.  Within the last three years, there were weeks when I worked more than forty hours without

22 receiving overtime pay.

23     3.  I understand that this suit is brought under the federal Fair Labor Standards Act, 29 U.S.C.

24 § 201, *et seq.*  Pursuant to 29 U.S.C. § 216(b), I hereby give my consent to be a party plaintiff in the

25 above-captioned action, and agree to be bound by any settlement or judgment of the Court in this

26 action.

27     4.  I hereby authorize the above-named Plaintiff's counsel of record to file this consent with the

28

1

716739.1

DocuSign Envelope ID: DFA11CB3-BF82-4AC7-B054-8851CA699753

1  Clerk of the court.

2

3  Name:    Dimitri Dixon

4  Address:    87 Malaga Street

5             Tustin                    California        92780
              (City)                    (State)           (Zip)

6

7  Email:    dixondimitri@gmail.com

8  Telephone:    (714) 505-2545
                 (Day)

9

10  Date:  08/13/18                    Dimitri Dixon
                                       2E4070FCCC95448...
11                                     Signature

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

716739.1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Laura L. Ho (SBN 173179)
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
TELEPHONE NO.: 510-763-9800     FAX NO.: 510-835-1417
ATTORNEY FOR (Name): Plaintiff Dimitri Dixon

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Center Courthouse

**FOR COURT USE ONLY**

**FILED**
San Francisco County Superior Court

AUG 1 4 2018

CLERK OF THE COURT
BY: _____ Deputy Clerk

CASE NAME:
Dixon v. Cushman and Wakefield Western, Inc

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC - 18 - 568886 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): seven
5. This case ☑ is ☐ is not a class action suit. (You may use form CM-015.)
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 13, 2018

Laura L. Ho
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX
ONE LEGAL LL

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]         **CIVIL CASE COVER SHEET**