UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI DIXON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CUSHMAN & WAKEFIELD WESTERN, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-05813-JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 59 |

In this wage and hour lawsuit, Dimitri Dixon ("Plaintiff") alleges that Cushman & Wakefield Western, Inc. ("Defendant") unlawfully denied appraiser and senior appraiser employees guaranteed wage and overtime compensation due to their misclassification as exempt employees.[1]  Now pending before the Court is Plaintiff's motion for amendment of the Court's scheduling order and leave to file a second amended complaint. (Dkt. No. 59.)  After carefully considering the Parties' motions and having heard oral argument on October 7, 2020, the Court DENIES Plaintiff's motion.

## FACTUAL BACKGROUND

Plaintiff was employed by Defendant as an appraiser from 2007 to 2018. (Dkt. No. 37, First Amended Complaint ("FAC") ¶ 9.)[2]  Defendant has offices only in California and employs approximately 83 individuals in California and one individual in Texas. (Dkt. No. 57 at 7.) Defendant is a wholly owned subsidiary of Cushman & Wakefield, Inc. ("C&W, Inc."), which also owns other state-specific subsidiaries nationwide. (*Id.* at 7-8.)

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. Section 636(c). (Dkt. Nos. 9 and 10.)

[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

Appraisers and senior appraisers both research and assess property information, construct financial models, prepare property appraisals, and inspect property. (Dkt. No. 51, Thompson Decl. "Thompson Decl." Ex. 1, 3.) C&W, Inc. classifies both appraisers and senior appraisers as exempt from overtime pay. (*Id.*) During the liability period, appraisers were routinely asked to work more than 40 hours a week. (Dkt. No. 49 (Elliot Declaration, "Elliot Decl.") ¶¶ 8-10; Dkt. No. 50 (Dickerson Declaration, "Dickerson Decl.") ¶¶ 7-9; Dkt. No. 52 (Simone Declaration, "Simone Decl.") ¶¶ 6-9.) Appraisers do not control the quantity and quality of projects assigned to them. (Elliot Decl. ¶ 6; Dickerson Decl. ¶ 6; Simone Decl. ¶ 5.)

Defendant compensates appraisers through uniform structures, including appraisers who do not receive salaries and instead are compensated through a standardized scheme of draw payments and commission. (Dkt. No. 48 at 11.) Cash appraisers are paid on a commission-only basis. (*Id.*) Draw appraisers are compensated through a recoverable draw scheme, where they are paid a set bi-weekly compensation, or draw. (*Id.* at 13.) This compensation is considered debt to Defendant. (*Id.*) A portion of an appraiser's commission fees are set aside for Defendant to pay miscellaneous costs, while the rest goes towards repaying the draw. (FAC ¶ 17.) appraisers must often sign promissory notes that obligate them to repay the full amount of their draws with commission and, if unable to do so, they are personally liable to reimburse Defendant. (*Id.* ¶ 19.) If an appraiser continues to carry a deficit, her draw may be reduced or eliminated altogether. (Dkt. No. 48 at 14.) If an appraiser has an outstanding deficit at the end of her employment, C&W, Inc. policy dictates that the subsidiary must request repayment in full. (Thompson Decl. Ex. 25.)

Plaintiff, a former draw appraiser, consistently carried a deficit while working for Defendant. (FAC ¶ 20.) While Plaintiff made efforts to ask for and obtain more work, Defendant informed her that there was not enough work for her to reduce her deficit. (*Id.* ¶¶ 23, 27.) Plaintiff's draw amounts were reduced and then eliminated altogether. (*Id.* ¶¶ 25, 28.) Defendant terminated Plaintiff in April 2019, effective December 2018, and demanded repayment of Plaintiff's deficit. (*Id.* ¶ 31.)

## PROCEDURAL HISTORY

Plaintiff filed an FLSA collective action and a California state law class action complaint

2

in San Francisco County Superior Court on August 14, 2018, alleging that Defendant and Does 1-50 violated the FLSA and California Labor Code provisions by failing to pay her and other appraisers overtime compensation. (Dkt. No. 1 at 2.) Defendant removed the action to the U.S. District Court for the Northern District of California on September 21, 2018. (*Id.*)

The initial Case Management Conference was held on August 9, 2019. (Dkt. No. 30.) Pursuant to the Court's scheduling order, the deadline to move to stipulate or amend the pleadings was October 11, 2019. (Dkt. No. 31.) The scheduling order was updated on May 27, 2020, pushing the deadline to move for conditional certification to July 8, 2020, the fact discovery cut-off to February 15, 2021, and the deadline to move for class certification or decertification to April 9, 2021. (Dkt. No. 44.) A *Belaire* notice was disseminated to putative California Class Members. (Dkt. No. 41.)

Plaintiff and Defendant agreed to engage in mediation along with a separate case filed in D.C. Superior Court which raised similar claims for another group of appraisers. (Dkt. No. 48 at 10.) The mediation was unsuccessful. (*Id.*) Plaintiff then filed an FAC, eliminating Does 1-50 and adding additional causes of action but no additional defendants. (Dkt. No. 37.) Plaintiff and Defendant engaged in limited discovery, coordinating with the related case, *Seltz v. Cushman & Wakefield, Inc.*, No. 1:18-cv-02092-BAH (D.D.C. Sept. 6, 2019). (Dkt. No. 48 at 10.) In *Seltz*, similar causes of action have been alleged against C&W, Inc. and its subsidiary Cushman & Wakefield of D.C., but there the plaintiffs are junior appraisers. (Dkt. No. 57 at 9.) Four additional appraisers (the "Opt-In Plaintiffs") consented to join the present action, all former employees at C&W, Inc. subsidiaries other than Defendant. (Dkt. No. 46.) Plaintiff's motion to grant conditional certification followed. (Dkt. No. 48.) Eight days after Defendant filed its opposition, Plaintiff filed this motion to modify the Court's scheduling order and seeking leave to file a Second Amended Complaint, ("SAC"), that would add C&W, Inc. as a defendant and thus add appraisers and senior appraisers employed by C&W, Inc. to the collective action. (Dkt. No. 59.) The Court granted Plaintiff's motion for conditional certification of a class of appraisers and senior appraisers employed by Defendant.

## LEGAL STANDARD

A motion for leave to amend is subject to Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, once the district court has filed a scheduling order pursuant to Rule 16, which establishes a timetable for amending pleadings, that rule's standards control. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992). Here, the Court must apply Rule 16(b) because Plaintiff seeks to modify the Court's scheduling order and join a party after the order's deadline. Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause" for doing so. Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." *Johnson,* 975 F.2d at 609. Although the Court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* If the Court finds that Rule 16 is satisfied, it must then evaluate the request to amend under Rule 15(a)'s more liberal standard. *Id.* at 608.

## DISCUSSION

Plaintiff contends that she has been diligent under Rule 16(b) because Defendant did not give notice that C&W, Inc. should have been named and Defendant has conducted itself in discovery as though Defendant and C&W, Inc. were the same entity. (Dkt. No. 59 at 12-13.) Plaintiff also argues that amending the complaint under Rule 15(a) is proper because there is no undue delay or bad faith, Defendant will not be prejudiced, and the amendment is not futile. (*Id.* at 15.) Because Plaintiff has not met the Rule 16(b) diligence standard, a Rule 15(a) analysis is not necessary.

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Based on the record before the Court, either Plaintiff unreasonably believed C&W Western employed appraisers nationwide or knew that it only employed appraisers in California. Neither explanation constitutes diligence. Indeed, C&W, Inc. had been named as a defendant in both *Seltz* and another collective action involving appraisers in Colorado*, Bursey v. Cushman & Wakefield, Inc.*, No. 1:19-cv-02344-RBJ. (*See* Dkt. No. 67 at 14.) Plaintiff was also on notice of the relationship between C&W, Inc. and Defendant because of

4

the corporate disclosure statement that identified Defendant as a wholly owned subsidiary of C&W, Inc. (*Id.* at 7.) By failing to move to join C&W, Inc. until after the motion for conditional certification, Plaintiff has ignored "clear and repeated signals that not all the necessary parties had been named in the complaint." *See Johnson*, 975 F.2d at 609. Plaintiff's argument that Defendant should have instructed Plaintiff to join C&W, Inc. in the suit is not compelling. The burden is on the plaintiff to prosecute her case properly, and she cannot blame the defendant for her failure to do so. *See id.* at 610. Here, failing to name C&W, Inc. in the FAC was an oversight that cannot be attributed to Defendant. Because Plaintiff knew of potential claims against C&W, Inc. through *Seltz* and *Bursey* but failed to name C&W, Inc. in the FAC, she has not met the standard of diligence.

Defendant's discovery conduct does not overcome Plaintiff's lack of diligence. Plaintiff does not assert that Defendant ever represented that it employed appraisers nationwide. That C&W Inc. responded to discovery in an action in which it was named as a defendant (*Selz*) and agreed that the discovery could be shared with Plaintiff in this action did not give Plaintiff a reason to believe that she did not need to name C&W Inc. as a defendant in this action just as it was named as a defendant in *Seltz*. To the extent Plaintiff is arguing lack of prejudice, under Rule 16 the burden is first on the plaintiff to show diligence and this she cannot do. *Id.* at 609. Further, although not required, there is prejudice if C&W Inc. is added as a defendant, as it will have to be given the opportunity to appear and respond to the complaint and to address the motion for conditional certification, all of which will delay the action.

Plaintiff's citation to *Harris v. Chipotle Mexican Grill*, No. CIV.2:13-2472 WBS E, 2014 WL 2993796, at *2 (E.D. Cal. July 2, 2014), does not persuade the Court that Plaintiff has shown good cause. Unlike in *Harris*, there is no indication in the record that Plaintiff performed independent research that reasonably led Plaintiff to believe that Defendant employed appraisers nationwide or that it is not a separate corporation from C&W, Inc. *See id.* at *3 (holding that the plaintiffs acted diligently when they searched Secretary of State databases for the business name and the defendant was the only result). Further, unlike in *Harris*, Plaintiff knew of the distinction between C&W, Inc. and Defendant through *Seltz* and *Bursey*.

**CONCLUSION**

For the reasons explained above, the Court DENIES Plaintiff's motion to modify the Court's scheduling order and for leave to amend.

This order disposes of Dkt. No. 59.

**IT IS SO ORDERED.**

Dated: October 9, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge