1   Laura L. Ho (CA SBN 173179)
    lho@gbdhlegal.com
2   Ginger L. Grimes (SBN 307168)
    ggrimes@gbdhlegal.com
3   GOLDSTEIN, BORGEN, DARDARIAN & HO
    155 Grand Avenue, Suite 900
4   Oakland, CA 94612
    Tel:   (510) 763-9800
5   Fax:   (510) 835-1417

6   *Attorneys for Plaintiffs. Proposed Class and*
    *Collective Members, and Aggrieved Employees*

7   *[Additional counsel on following page]*

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  DIMITRI DIXON and RYAN SELTZ, individually,     Case No. 3:18-cv-05813-JSC
    and on behalf of all others similarly situated,
12                                                  **PLAINTIFFS' NOTICE OF MOTION AND**
13          Plaintiffs,                             **MOTION FOR PRELIMINARY APPROVAL**
                                                    **OF CLASS, COLLECTIVE, AND**
14  vs.                                             **REPRESENTATIVE ACTION**
                                                    **SETTLEMENT; MEMORANDUM OF**
15  CUSHMAN & WAKEFIELD WESTERN, INC.,              **POINTS AND AUTHORITIES IN SUPPORT**
    CUSHMAN & WAKEFIELD, INC., and                  **THEREOF**
16  CUSHMAN & WAKEFIELD OF WASHINGTON
    DC, INC., and DOES 1-50, inclusive              Date:    August 5, 2021
17                                                  Time:    9:00a.m.
            Defendants.                             Dept:    Courtroom E, 15th Floor
18                                                  Before:  Hon. Magistrate Judge Jacqueline Scott
                                                             Corley
19

20

21

22

23

24

25

26

27

28

822870.21

Justin M. Swartz (admitted *pro hac vice*)
jms@outtengolden.com
Deirdre Aaron (admitted *pro hac vice*)
daaron@outtengolden.com
OUTTEN & GOLDEN, LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel:   (212) 245-1000
Fax:  (646) 509-2060

Jahan C. Sagafi (SBN 227887)
jsagafi@outtengolden.com
Molly J. Frandsen (SBN 320094)
mfrandsen@outtengolden.com
OUTTEN & GOLDEN, LLP
One California Street, 12th Floor
San Francisco, CA 94111
Tel:   (415) 638-8828
Fax:  (415) 638-8810

Paolo Meireles (*pro hac vice* application forthcoming)
pmeireles@shavitzlaw.com
Shavitz Law Group, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Tel:   (561) 447-8888

*Attorneys for Plaintiffs. Proposed Class and
Collective Members, and Aggrieved Employees*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

822870.21

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 2

I.     INTRODUCTION ................................................................................................ 2

II.    PROCEDURAL BACKGROUND ON THE THREE LAWSUITS ........................................ 3

    A.    The *Seltz* Action ................................................................................. 3

    B.    The *Dixon I* and *Dixon II* Actions ............................................................ 3

    C.    Coordination of *Seltz*, *Dixon I*, and *Dixon II* ........................................... 4

III.   THE PROPOSED SETTLEMENT AND ALLOCATION AMONG SETTLEMENT CLASS MEMBERS ........................................................................................... 5

IV.   CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ......................................... 7

    A.    The California Class Satisfies the Rule 23 Requirements ...................................... 7

    B.    The Proposed FLSA Settlement Collective Satisfy the Collective Action Requirements ...................................................................................... 8

V.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT .......................................................................... 9

    A.    The California Class Settlement Is Fair, Adequate and Reasonable. ...................... 9

        1.    The Settlement Is Presumed Reasonable and Fair Because It Resulted from Arms-Length Mediation Between Experienced Counsel. ............................... 10

        2.    The Strength of Plaintiffs' Claims and the Risks of Continued Litigation. .......... 10

        3.    The Amount Offered in Settlement is Fair and Reasonable ............................ 12

        4.    Settlement of PAGA Penalties is Reasonable. ......................................... 17

    B.    The Court should Grant Preliminary Approval of the FLSA Collective Action Settlement. ......................................................................................... 17

VI.   ENHANCEMENT PAYMENTS TO THE NAMED PLAINTIFFS AND ATTORNEYS' FEES AND COSTS FOR INCLUSION IN CLASS NOTICES ....................................... 19

    1.    The Proposed Enhancement Payments Are Fair. ....................................... 19

    A.    Attorneys' Fees of One-Third of the Common Fund Are Justified. ...................... 21

    B.    The Court Should Approve the Settlement Administrator, Notice Process, and Notices. ............................................................................................. 23

i

822870.21

VII.     CONCLUSION ................................................................................................................. 25

822870.21

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aichele v. City of Los Angeles*,
   No. CV 12-10863-DMG, 2015 WL 5286028 (C.D. Cal. Sep. 9, 2015)................................13

*Balderas v. Massage Envy Franchising, LLC*,
   No. 12-cv-06327-NC, 2014 WL 361095 (N.D. Cal. July 21, 2014) .......................................14

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011). ......................................................................................10, 21

*Brawner v. Bank of Am. N.A.*,
   No. 3:14-cv-02702-LB, 2016 WL 161295 (N.D. Cal. Jan. 14, 2016)............................19, 22

*Briggs v. PNC Fin. Servs. Grp., Inc.*,
   No. 1:15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016).........................................13

*Briseño v. Henderson*,
   No. 19-56297, 2021 WL 2197968 (9th Cir. 2021).................................................................10

*Campbell v. City of Los Angeles*,
   903 F.3d 1090 (9th Cir. 2018) ...............................................................................................8

*Craft v. County of San Bernardino*,
   624 F. Supp. 2d 1113 (C.D. Cal. 2008) ...............................................................................21

*Davis v. Brown Shoe Co., Inc.*,
   No. 1:13-cv-01211-LJO-BAM, 2015 WL 6697929 (E.D. Cal. Nov. 3, 2015) ......................22

*Deaver v. Compass Bank*,
   13-cv-00222-JSC, 2015 WL 8526982 (N.D. Cal. Dec. 11, 2015) ...................................21, 22

*DeLuca v. Farmers Ins. Exch.*,
   No. 17-cv-00034-EDL, 2018 WL 1981393 (N.D. Cal. Feb. 27, 2018) ...................................8

*Dyer v. Wells Fargo Bank, N.A.*,
   303 F.R.D. 326 (N.D. Cal. 2014) .........................................................................................19

*Ellis v. Costco Wholesale Corp.*,
   285 F.R.D. 492 (N.D. Cal. 2012) ...........................................................................................7

*Espinosa v. Ahearn (In re Hyundai and Kia Fuel Econ. Litig.)*,
   926 F.3d 539 (9th Cir. 2019) (en banc) .................................................................................9

822870.21

*Farrar v. Hobby*,
   506 U.S. 103 (1992) ....................................................................................................21

*Ferrell v. Buckingham Prop. Mgmt.*,
   No. 1:19-cv-00332-NONE-SAB, 2021 WL 488314 (E.D. Cal. Feb. 10, 2021) ....................22

*Foster v. Advantage Sales & Marketing, LLC*,
   No. 18-cv-07205-LB (N.D. Cal.) ................................................................................15

*Gallant v. Arrow Consultation Servs., Inc.*,
   No. 1:19-cv-00925-SEB-MPB, 2020 WL 2113399 (S.D. Ind. May 4, 2020)......................13

*Gaudin v. Saxon Mortg. Servs., Inc.*,
   297 F.R.D. 417 (N.D. Cal. 2013) .................................................................................7

*Haralson v. U.S. Aviation Servs. Corp.*,
   383 F. Supp. 3d 959 (N.D. Cal. 2019)...........................................................................17

*Harris v. Vector Mktg. Corp.*,
   No. C-08-5198 EMC, 2012 WL 381202 (N.D. Cal. Feb. 6, 2012) .........................................19

*Hightower v. JPMorgan Chase Bank, N.A.*,
   No. CV 11-1802 PSG, 2015 WL 9664959 (C.D. Cal. Aug. 4, 2015) ....................................22

*Jones v. Agilysis, Inc.*,
   No. 12-cv-03516 SBA, 2013 WL 4426504 (N.D. Cal. Aug. 15, 2013) .................................17

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*,
   624 F.3d 1083 (9th Cir. 2010) ......................................................................................21

*McKibben v. McMahon*,
   No. EDCV 14-2171 JBG (SPx), 2019 WL 1109683 (C.D. Cal. Feb. 28, 2019)....................13

*Nelson v. Avon Prods.*,
   No. 13-cv-02276-BLF, 2015 WL 1778326 (N.D. Cal. Apr. 17, 2015)....................................7

*Nen Thio v. Genji, LLC*,
   14 F. Supp. 3d 1324 (N.D. Cal. 2014)...........................................................................17

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982) .........................................................................................9

*Philips v. Munchery Inc.*,
   19-cv-00469-JSC, 2021 WL 326924 (N.D. Cal. Feb. 1, 2021)............................................22

*Rabin v. PricewaterhouseCoopers*,
   LLP, No. 16-cv-02276-JST, 2021 WL 837626 (N.D. Cal. Feb. 4, 2021) ............................13

*Rollins v. Dignity Health*,
   336 F.R.D. 456 (N.D. Cal. 2020) ..................................................................................9

iv

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

822870.21

*Ross v. Ecolab Inc.*,
  No. 13-cv-5097-PJH, 2015 WL 5681323 (N.D. Cal. Sept. 28, 2015) ........................ 8

*Stemple v. RingCentral, Inc.*,
  Case No. 18-cv-04909-LB, 2019 WL 3842091 (N.D. Cal. Aug. 15, 2019) ................... 9

*Stovall-Gusman v. W.W. Granger, Inc.*,
  No. 13-cv-2540-HSG, 2015 WL 3776765 (N.D. Cal. June 17, 2015) ......................... 15

*Taylor v. Meadowbrook Meat Co.*,
  No. 3:15-cv-00132-LB, 2016 WL 4916955 (N.D. Cal. Sept. 15, 2016) ..................... 22

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016) .......................................................................................... 8

*Viceral v. Mistra Grp., Inc.*,
  No. 15-cv-02198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) ................ 15, 17

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) .......................................................................... 22

*Walton v. AT&T Services, Inc.*,
  No. 15 Civ. 3653-VC (N.D. Cal. Feb. 14, 2018) ........................................... 13, 15

*Wellens v. Sankyo*,
  No C 13-00581 WHO (DMR) 2016 WL 8115715 (N.D. Cal. Feb. 11, 2016) ............... 20

*Williams v. MGM-Pathe Commc'ns Co.*,
  129 F.3d 1026 (9th Cir. 1997) .......................................................................... 22

*Wolf v. The Permanente Medical Group, Inc.*,
  No. 17 Civ. 5345-CV (N.D. Cal.) ...................................................................... 15

**State Cases**

*Semprini v. Wedbush Secs. Inc.*,
  57 Cal. App. 5th 246 (2020) .............................................................................. 8

**Docketed Cases**

*Dixon v. Cushman & Wakefield, Inc.*,
  Case No. 3:20-cv-07001-JSC ....................................................................*passim*

*Dixon v. Cushman & Wakefield Western, Inc.*,
  Case No. 3:18-cv-05813-JSC ....................................................................*passim*

*Seltz v. Cushman & Wakefield, Inc.*,
  Case No. 1:18-cv-02092-BAH ....................................................................*passim*

v

822870.21

**Federal Statutes**

29 C.F.R.
§ 541.200(a).................................................................................................11

29 U.S.C.
§ 216(b) ..............................................................................................8, 21

Fair Labor Standards Act..........................................................................*passim*

**State Statutes**

Cal. Code Civ. Proc.
§ 1021.5 ..............................................................................................21

Cal. Code Regs. tit. 8
§ 11040 ................................................................................................11
§ 11070 ................................................................................................11

Cal. Lab. Code
§ 1194(a) ..............................................................................................21
§ 2699(e)(2) ..........................................................................................17
§ 2699(g)(1) ..........................................................................................21

Private Attorneys General Act................................................................6, 13

**Rules**

Fed. R. Civ. P.
23 ..........................................................................................................1
23(a) ......................................................................................................7
23(a)(4) ..................................................................................................7
23(b)(3) ..................................................................................................7
23(e)(2) ..................................................................................................9
23(g) ......................................................................................................7

**Other Authorities**

*N.D. Cal. Procedural Guidance for Class Action Settlements*
¶ 1(a) ......................................................................................................7
¶ 1(c) ....................................................................................................24
¶ 1(e) ....................................................................................................14
¶ 1(g) ....................................................................................................14
¶ 2 ........................................................................................................24
¶ 3 ........................................................................................................25
¶ 8 ........................................................................................................16
¶ 9 ........................................................................................................21
¶ 11 ......................................................................................................15

822870.21

## NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 5, 2021 at 9:00 a.m., in the Courtroom of the Honorable Jacqueline Scott Corley, located at Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Dimitri Dixon and Ryan Seltz, on behalf of themselves and all others similarly situated, will and hereby do move the Court to: preliminarily approve the Settlement Agreement between the Plaintiffs and Defendants Cushman & Wakefield, Inc., Cushman & Wakefield Western, Inc., and Cushman & Wakefield of Washington, DC, Inc. settling the class, collective, and representative claims under California law and the federal Fair Labor Standards Act ("FLSA") alleged in three cases; certify for settlement purposes only the Federal Rule of Civil Procedure Rule 23 class described herein; approve the FLSA collection action settlement; appoint Goldstein, Borgen, Dardarian & Ho LLP, Outten & Golden LLP, and Shavitz Law Group, PA as class counsel for the California Class; appoint Dimitri Dixon as Class Representative of the California Class; appoint CPT Group as the Settlement Administrator; authorize the mailing of three Notices; and schedule a final approval hearing date.

This Motion is based upon: the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Approval of the Class, Collective, and Representative Action Settlement; the Declaration of Laura L. Ho; the Declaration of Deirdre Aaron; the Declaration of Paolo Meireles; the Declaration of Plaintiff Dimitri Dixon; the Declaration of Plaintiff Ryan Seltz; any oral argument of counsel; the complete files, records, and pleadings in the above-captioned matter; and such additional matters as the Court may consider.  A Proposed Order is submitted herewith.

Dated:  July 1, 2021

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/ Laura L. Ho
Laura L. Ho

*Attorneys for Plaintiffs, Proposed Class and Collective Members, and Aggrieved Employees*

1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

822870.21

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Dimitri Dixon and Plaintiff Ryan Seltz move for preliminary approval of a class, collective, and representative action settlement of overtime and related claims under the FLSA, the California Labor Code, the California Unfair Competition Law ("UCL"), and the California Labor Code Private Attorney General Act ("PAGA"), on behalf of approximately 476 Appraisers, Junior Appraisers, and Senior Appraisers ("Appraisers"), against Defendants Cushman & Wakefield, Inc., Cushman & Wakefield Western, Inc., and Cushman & Wakefield of Washington, DC, Inc. (together, "Cushman").  *See* Stipulation and Agreement to Settlement Class, Collective, and Representative Action ("Settlement Agreement"), Exhibit A to the Declaration of Laura L. Ho in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class, Collective, and Representative Action Settlement ("Ho Prelim. Decl."), filed herewith.  The Settlement resolves three cases, which are being combined into one amended complaint in the instant case for settlement purposes: (1) *Dixon v. Cushman & Wakefield Western, Inc.*, Case No. 3:18-cv-05813-JSC ("*Dixon I*"); (2) *Dixon v. Cushman & Wakefield, Inc.*, Case No. 3:20-cv-07001-JSC ("*Dixon II*"); and (3) *Seltz v. Cushman & Wakefield, Inc.*, Case No. 1:18-cv-02092-BAH ("*Seltz*").

The Settlement is an excellent result for the Plaintiffs, the proposed California Class, and members of the Collective.  The Settlement provides a maximum payment of $4,900,000.00, plus a separate payment of the employer's share of payroll taxes for the wage portion of the settlement payment.  Additionally, after these cases were filed, Cushman reclassified Junior Appraisers to non-exempt as of September 9, 2019 and changed its pay practices for employees who received recoverable draws as of January 2021, instead paying a fixed, non-recoverable annual salary and separately paying a production bonus if the amount exceeds the Appraiser's annual salary.  Cushman also promised, as part of the settlement agreement, not to enforce any of its promissory notes against any participating settlement member.

Plaintiffs respectfully request that the Court enter the accompanying Proposed Order granting preliminary approval of the Settlement.

822870.21

## II.     PROCEDURAL BACKGROUND ON THE THREE LAWSUITS

**A.     The *Seltz* Action**

In November 2017, in an effort to explore a potential pre-litigation resolution of his claims, Plaintiff Seltz's counsel sent a letter to Cushman on behalf of current and former Appraisers, inviting Cushman to engage in class and collective-wide settlement discussions.  Declaration of Deirdre A. Aaron in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class, Collective, and Representative Action Settlement ("Aaron Prelim. Decl.") ¶ 4.  The parties thereafter agreed to toll the FLSA and state law statutes of limitations for putative class and collective members as of December 5, 2017, exchanged data and other information, and engaged in pre-mediation discussions.  *Id.* ¶ 5.

Because pre-suit negotiations were unsuccessful at resolving his claims, Plaintiff Ryan Seltz filed a lawsuit on June 29, 2018 in the Superior Court for the District of Columbia seeking unpaid overtime wages under the FLSA and related D.C. state laws, on behalf of Appraisers working for Defendant Cushman & Wakefield, Inc. and Cushman & Wakefield of Washington, DC, Inc.  *Id.* ¶ 6.  On July 31, 2018, Plaintiff Seltz's counsel and Cushman's counsel attended mediation with Hunter Hughes in Atlanta, Georgia, but were unable to reach a resolution.

Defendant removed *Seltz* to federal court on September 6, 2018.  *Id.* ¶ 8.  On August 7, 2020, the district court entered the parties' stipulation granting conditional certification of the FLSA claims of Junior Appraisers nationwide and authorizing notice to the potential collective action members.  *Id.* ¶ 9.

**B.     The *Dixon I* and *Dixon II* Actions**

Plaintiff Dimitri Dixon filed a lawsuit on August 14, 2018 in the Superior Court of California for the County of San Francisco alleging violations of the FLSA and California state law on behalf of Appraisers and Senior Appraisers against Defendant Cushman and Wakefield Western, Inc. ("*Dixon I*"). Ho Prelim. Decl. ¶ 4.  Defendant removed on September 21, 2018.  *Id.* ¶ 5.  After unsuccessful mediation and settlement discussions, on July 8, 2020, Plaintiff Dixon moved for conditional certification of the FLSA claim.  *Id.*  The Court granted conditional certification as to Defendant Cushman and Wakefield Western, Inc. on October 7, 2020.  *Id.*

3

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

1       Plaintiff Dixon filed a new lawsuit on October 7, 2020 in the Northern District of California against

2    Defendant Cushman & Wakefield, Inc., alleging a single cause of action under the FLSA ("*Dixon II*").  *Id.*

3    ¶ 6.  The parties stipulated to conditional certification and sending notice to collective members in *Dixon II*.

4    *Id.*  Twenty-three Appraisers and Senior Appraisers have opted into *Dixon I* and *II*.  *Id.*

5    **C.**    **Coordination of *Seltz*, *Dixon I*, and *Dixon II***

6       Counsel for Plaintiffs Seltz and Dixon agreed to coordinate discovery and scheduling of the *Seltz*

7    and *Dixon I* cases early in litigation.  Ho Prelim. Decl. ¶ 7.  In November 2018, all parties to the *Seltz* and

8    *Dixon I* actions agreed to stay the two cases to engage in comprehensive settlement negotiations.  *Id.*

9    Cushman agreed to engage in limited and targeted discovery to aid mediation, and provided pay data for

10   putative class members, job descriptions, and pay policy documents.  *Id.*  In June 2019, Plaintiff Seltz's

11   counsel, Plaintiff Dixon's counsel, and Cushman's counsel attended mediation with David Rotman in San

12   Francisco, CA, but were unable to reach a resolution.  *Id.*

13       After conditional certification in *Dixon I, Dixon II* and *Seltz*, in November 2020, the courts granted

14   the parties' request to stay pending a third mediation with Steven Rottman.  *Id.* ¶ 8.  In advance of

15   mediation, Cushman produced updated payroll data.  *Id.*

16       On March 11, 2021, the parties attended an all-day remote mediation with Mr. Rottman.  *Id.* ¶ 9.

17   By the end of the day, Cushman made a final proposal for Plaintiffs to consider over the course of the

18   following week.  *Id.*  After communicating with each party separately, on March 17, 2021, Mr. Rottman

19   informed the parties that they had reached a deal in principle to resolve the three cases.  *Id.*  Thereafter, the

20   parties negotiated the terms of the settlement and language of the notices to settlement members and

21   confirmed data about the individuals covered by the settlement agreement.  *Id.*  The agreement was fully

22   executed on June 30, 2021.  *Id.*

23       For purposes of the settlement, Plaintiffs have filed a Second Amended Complaint adding Plaintiff

24   Ryan Seltz to *Dixon I*, adding Cushman and Wakefield, Inc. and Cushman and Wakefield of Washington,

25   DC, Inc. as Defendants, and amending the class definition to include Junior Appraisers in California and

26   the collective definition to include Junior Appraisers and Appraisers who worked outside of California.  *Id.*

27   ¶ 10; *see* Second Am. Compl., ECF No. 113.

28

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

822870.21

### III.   THE PROPOSED SETTLEMENT AND ALLOCATION AMONG SETTLEMENT CLASS MEMBERS

The Settlement requires Cushman to pay up to $4,900,000, plus the employer share of payroll taxes.  *See* Stipulation and Agreement to Settle Class, Collective, and Representative Action ("Settlement") (Ho Prelim. Decl. Ex. 1, or "Settlement Agreement") § 2.8(a).  From the up to $4,900,000 common fund, the Settlement provides:

- Up to approximately $3,134,666.67 ("Net Settlement Fund,") to be used to pay individual settlement awards for each participating settlement class member under the following formula (*Id.* § 2.8(f)):

     - One point for each Non-California Opt-in Eligible Plaintiff (*i.e.* individuals who are eligible to opt into the FLSA claims and received a notice of the collective actions prior to the settlement but chose not to opt in) workweek;

     - Two points for each *Seltz* Opt-in Plaintiff (*i.e.* individuals who opted into the *Seltz* FLSA claim) and *Dixon II* Opt-in Plaintiff (*i.e.* individuals who opted into the *Dixon II* FLSA claim) workweek;

     - Three points for each California Class Member (*i.e.* individuals who worked for Defendants in California but did not opt into the *Dixon I* FLSA action) workweek; and,

     - Four points for each *Dixon I* Opt-in Plaintiff (*i.e.* individuals who both worked in California and opted into the *Dixon I* FLSA action) workweek.

   o Each California Class Member's individual payment will be allocated one-third to wages, two-thirds to non-wages (Settlement § 2.8(g)), and all other Participating Claimants' individual payments will be allocated half to wages and half to non-wages (Settlement § 2.8(g));

   o All California Class Members and *Dixon II* and *Seltz* Opt-in Plaintiffs will be mailed a check (with no claim forms required) except those California Class Members who affirmatively opt out.  *Id.* § 2.5(a).  Non-California Opt-in Eligible Plaintiffs will receive a claim form with their notice of settlement.  *Id.* § 2.5(f);

   o Defendants will not be responsible for paying the amount of the Net Settlement Fund equal to the combined Individual Payment Amounts for the Non-California Opt-in Eligible Plaintiffs who do not opt into the settlement.  *Id.* § 2.8(a);

   o Any uncashed checks 180 days after the initial mailing will be voided and distributed as follows:

- California Class Members' uncashed checks will be sent to the Controller of the State of California in the name of the California Class Member and held under the Unclaimed Property Law; (*Id.* § 2.8(i)(1));

- Uncashed checks by Non-California Opt-in Eligible Plaintiffs who timely submitted consent to join forms will be sent to a *cy pres* beneficiary mutually agreed upon by the Parties and approved by the Court; (*Id.* § 2.8(i)(2));

- Uncashed checks by *Dixon II* Opt-in Plaintiffs and *Seltz* Opt-in Plaintiffs will be deposited into Plaintiffs' Counsel's client trust account and held until the Plaintiff can be located (*Id.* § 2.8(i)(3));

- $20,000 to the California Labor  Agency ("LWDA") for the State of California's share of the $26,666.67 allocation of the fund for PAGA penalties (*Id.* § 2.8(h));

  - 25% of the PAGA allocation ($26,666.67), equal to $6,666.67, will be split pro rata among California Class Members who worked on or after August 14, 2017 (*Id.* § 2.8(h));

- Service awards to Named Plaintiffs ($10,000 each to Plaintiffs Dixon and Seltz) and Declarants ($2,000 each to Benjamin Blake, Eric Hix, Katherine Pierno, John Dickerson, Heather Elliot, and Teresa Simone) (*Id.* § 2.8(e));

- Settlement administration costs no greater than $20,000 (*Id.* § 2.8(e));

- the payment of one-third of the common fund, or $1,633,333.33, as attorneys' fees (*Id.* § 2.8(d)); and,

- reimbursement of actual litigation costs of not more than $60,000 (*Id.* § 2.8(d)).

The California Class Members (except any who opt out of the settlement) will release claims that were asserted or could have been brought based on the facts alleged in the Second Amended Complaint related to Defendants' misclassification of California Class Members as exempt from California and federal overtime laws. *Id.* § 4.1.  No California Class Members may opt out of the release of PAGA claims. *Id.*  Opt-ins and Non-California Eligible Opt-ins who submit a claim form will release claims that were asserted or could have been brought based on the facts alleged in the Second Amended Complaint related to Defendants' misclassification of Opt-in Plaintiffs and Non-California Eligible Opt-ins as exempt from federal and state overtime laws.  *Id.*  In contrast, Non-California Eligible Opt-ins who do not opt into the FLSA action do not release any claims against Defendants.  *Id.* § 2.5(f).  Both named Plaintiffs will sign a general release of claims in exchange for their service award.  *Id.* § 2.8(e).

822870.21

IV.   **CLASS CERTIFICATION FOR SETTLEMENT PURPOSES**

A.   **The California Class Satisfies the Rule 23 Requirements.**

Plaintiffs submit that the California Class satisfies the criteria of Fed. Rule Civ. P. 23(a) and (b)(3). The proposed California Class is coextensive with the California Class proposed in the operative Second Amended Complaint, filed recently in furtherance of the settlement agreement.  *See* Ho Prelim. Decl. ¶ 10; Settlement § 1.24; *N.D. Cal. Procedural Guidance for Class Action Settlements* ¶ 1(a) ("*N.D. Cal. Class Settlement Guidance*").  For purposes of the settlement, Plaintiffs filed a Second Amended Complaint adding Plaintiff Ryan Seltz to *Dixon I* and amending the class definition to clarify that Junior Appraisers are covered.  Ho Prelim. Decl. ¶ 10; Settlement § 1.25(a).

Numerosity is met because the settlement class, including Junior Appraisers, Appraisers, and Senior Appraisers, is 111 members.  *See* Ho Prelim. Decl. ¶ 19; *Nelson v. Avon Prods.*, No. 13-cv-02276-BLF, 2015 WL 1778326, at *5 (N.D. Cal. Apr. 17, 2015) (a class of 40 presumptively satisfies the numerosity requirement).  The claims and defenses of Plaintiff Dixon are typical of the California class. Plaintiff Dixon worked as an Appraiser and alleges that she was misclassified as exempt from FLSA and California Labor Code's overtime protections, received compensation in the form of a recoverable draw, often worked more than eight hours per day and forty hours per week, was not provided meal and rest periods, was not provided accurate itemized wage statements, was not paid all wages due twice per month or upon termination, and was not reimbursed for all reasonable business expenses.  Ho Prelim. Decl. ¶ 20. *See generally Gaudin v. Saxon Mortg. Servs., Inc.*, 297 F.R.D. 417, 425 (N.D. Cal. 2013) ("The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" (quoting *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992)).

Plaintiffs propose Plaintiff Dixon as the class representative for the California Class.  Ho Prelim. Decl. ¶ 20.  Plaintiff Dixon satisfies the adequacy requirement of Rule 23(a)(4) because Plaintiff has no conflicts of interest with the California Class Members and is represented by experienced counsel.  *See Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 535 (N.D. Cal. 2012); Fed. R. Civ. P.  23(g); Ho Prelim. Decl. ¶ 21; Aaron Prelim. Decl. ¶¶ 26-30; Declaration of Paolo C. Meireles in Support of Plaintiffs' Motion

822870.21

1  for Preliminary Approval of Class, Collective, and Representative Action Settlement, submitted wherewith

2  ("Meireles Prelim. Decl.") ¶ 13.

3       Common questions of fact and law predominate over individual issues for the California Class,

4  including whether Cushman properly classified California Class Members as exempt from overtime;

5  whether Cushman was required to provide meal and rest breaks to California Class Members; whether

6  Cushman required California Class Members to have personal cell phones for work and did not reimburse

7  California Class Members for cell phone costs; whether the wage statements provided to California Class

8  Members were accurate; and whether Cushman failed to pay unpaid wages due upon California Class

9  Members' separation from the company. *See* Ho Prelim. Decl. ¶ 22. Courts regularly grant class

10  certification in cases involving the administrative exemption and commission sales exemption under

11  California law. *See, e.g.*, *DeLuca v. Farmers Ins. Exch.*, No. 17-cv-00034-EDL, 2018 WL 1981393, *6-11

12  (N.D. Cal. Feb. 27, 2018) (granting class certification of California Labor Code claims involving the

13  administrative exemption); *Ross v. Ecolab Inc.*, No. 13-cv-5097-PJH, 2015 WL 5681323, *7-9, *13-15

14  (N.D. Cal. Sept. 28, 2015) (granting summary judgment and denying decertification on commission sales

15  exemption under California law). A recent California appellate decision strengthened Plaintiffs' position

16  that a compensation structure based on commissions based wholly on a recoverable draw fails the federal

17  and California salary basis tests as a matter of law. *See Semprini v. Wedbush Secs. Inc.*, 57 Cal. App. 5th

18  246, 255 (2020).

19       Accordingly, the Court should certify the proposed California Settlement Class, appoint Plaintiff

20  Dixon as Class Representative and Goldstein, Borgen, Dardarian & Ho, Outten & Golden LLP, and

21  Shavitz Law Group, PA as Class Counsel for the California Class for purposes of settlement.

22  **B.**    **The Proposed FLSA Settlement Collective Satisfy the Collective Action Requirements.**

23       The FLSA authorizes "opt-in" representative actions where the complaining parties are "similarly

24  situated" to other employees. 29 U.S.C. § 216(b); *see generally Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S.

25  442, 447-48 (2016). "Party plaintiffs are similarly situated, and may proceed in a collective, to the extent

26  they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell v. City*

27  *of Los Angeles*, 903 F.3d 1090, 1117 (9th Cir. 2018).

28

8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

822870.21

The Second Amended Complaint amended *Dixon I* to add the existing defendants and allegations from *Seltz* and *Dixon II* in order to facilitate settlement.  *See* Settlement § 1.25(b); Second Amended Complaint, ECF No. 113.  Defendants have already stipulated to conditional certification and the dissemination of notice to FLSA collective members in *Seltz* and *Dixon II* and the Court has already conditionally certified the collective in *Dixon I.*

## V.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT

Settlement is a strongly favored method for resolving disputes, particularly "where complex class action litigation is concerned."  *Espinosa v. Ahearn (In re Hyundai and Kia Fuel Econ. Litig.)*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)).  The Court should grant preliminary approval of the settlement because the settlement of the California Class action is fair, adequate, and reasonable, and the settlement of the FLSA collective action is a reasonable compromise of bona fide disputes.

### A.    The California Class Settlement Is Fair, Adequate and Reasonable.

Preliminary approval is appropriate if the proposed settlement is "fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also* Fed. R. Civ. P. 23(e)(2).  The court need not ask whether the proposed settlement is ideal or the best possible; it determines only whether the settlement is fair, free of collusion, and consistent with the named plaintiffs' fiduciary obligations to the class.  *Rollins v. Dignity Health*, 336 F.R.D. 456, 461 (N.D. Cal. 2020) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)).  "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable."  *Stemple v. RingCentral, Inc.*, Case No. 18-cv-04909-LB, 2019 WL 3842091, at *5 (N.D. Cal. Aug. 15, 2019) (*citing In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019)).

The proposed settlement merits preliminary approval under the factors: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of

9

discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). ("*Bluetooth*").

### 1.   The Settlement Is Presumed Reasonable and Fair Because It Resulted from Arms-Length Mediation Between Experienced Counsel.

The settlement was the product of serious, non-collusive, arm's-length negotiations and was reached after mediation with Steven J. Rottman. *See* Ho Prelim. Decl. ¶ 9.  In Plaintiffs' view, the strength of the claims combined with the reduced exposure resulting from Cushman's reclassification of Junior Appraisers in September 2019 and restructuring of their pay practices for Appraisers and Senior Appraisers in January 2021 made settlement possible. *See id.* ¶ 35.

Plaintiffs' Counsel believe the Settlement of up to $4,900,000 plus the employer's share of payroll taxes is an excellent result for the value of the claims.  *Id.* ¶ 25.  Plaintiffs and the Class have been represented by experienced counsel, who have had numerous wage and hour class action settlements approved by federal and state courts and who have repeatedly been approved as Class Counsel.  Ho Prelim. Decl. ¶ 32.  Defendant was likewise represented by experienced counsel.  *Id.*

Furthermore, none of the "*Bluetooth* factors" that could indicate collusion are present: there is no disproportionate share of the settlement amount sought by Plaintiffs' Counsel (the maximum net settlement fund to be distributed as individual awards is $3,128,000 compared to the proposed attorneys' fee award of $1,633,333.33), no clear sailing agreement, and no reversion of unawarded fees back to Defendants.  *See* Ho Prelim. Decl. ¶ 33; Settlement § 2.8(d) (any unawarded fees will go back into the net settlement fund); *Bluetooth* , 654 F.3d at 941; *see also Briseño v. Henderson*, No. 19-56297, 2021 WL 2197968, at *6-9 (9th Cir. 2021).  In other words, the settlement here in no way "shortchanges the class."  *Briseño*, -- F.3d --, 2021 WL 2197968 at *6.

### 2.   The Strength of Plaintiffs' Claims and the Risks of Continued Litigation.

Plaintiffs believe the case has significant strengths, but that there are also considerable risks to further litigation.

10

Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class, Collective, and Representative Action Settlement; MPA In Support Thereof - Case No. 3:18-cv-05813-JSC

822870.21

1   First, although Plaintiffs are confident that the proposed class would be certified absent settlement,

2   Cushman would certainly argue that individualized issues related to the exemptions at issue preclude class

3   certification. Ho Prelim. Decl. ¶ 34. Additionally, Plaintiff expects Cushman to have contested class

4   certification on the grounds that whether class members were exempt from federal and state overtime

5   requirements could require individualized inquiries, including whether Appraisers and Senior Appraisers

6   had similar compensation structures (*i.e.* promissory notes with recoverable draws or guaranteed draws)

7   and job duties (as Cushman argued in opposition to Plaintiff Dixon's motion for conditional certification).

8   *See* 29 C.F.R. § 541.200(a) (federal administrative exemption); Cal. Code Regs. tit. 8 §§ 11040, 11070

9   (Wage Orders 4 and 7 setting forth administrative exemption); Ho Prelim. Decl. ¶ 34. Plaintiff also

10  anticipates that Cushman would argue that individual inquiries predominate for whether Appraisers were

11  able to take meal and rest breaks throughout their work day. *Id.*

12  Second, uncertainties about the amount of overtime worked by Appraisers also favors early

13  settlement of this case. The vast majority of Cushman's exposure in these cases is due to overtime

14  damages. Ho Prelim. Decl. ¶ 35. Plaintiffs estimate that Appraisers worked an average of 50 hours per

15  week. *Id.* Cushman, however, would likely argue that Appraisers worked very little overtime, if any. *Id.*

16  Proving hours worked is inherently fact-intensive and would likely require a trial. *Id.* Further, Junior

17  Appraisers were only misclassified as exempt until September 2019, so the number of overtime hours for

18  which the Junior Appraisers could recover for is finite, favoring early settlement. *Id.* Cushman also

19  stopped using its recoverable draw system as of January 2021, instead paying an unrecoverable base salary

20  and undermining Plaintiffs' argument that the recoverable draw system failed to meet federal and

21  California salary basis tests. *Id.*

22  Third, the risk of delay and additional expense due to trial and post-trial appeals favors early

23  settlement. *Id.* ¶ 36. If this settlement is finally approved, Plaintiffs and others covered by the Settlement

24  will receive payments shortly thereafter. *Id.* Without this early settlement, Plaintiffs would spend years

25  litigating these three cases in further discovery including depositions, motions for summary judgment, a

26  motion for class certification, and ultimately appearing at trial. *Id.* While Plaintiffs' Counsel remain

27  confident that Cushman failed to pay Appraisers overtime under state and federal law and to otherwise

28

822870.21

comply with California law, they recognize that a fact finder could find for Cushman on any one or more of these issues. *Id.* Litigating class certification, establishing class-wide liability, and demonstrating damages for numerous claims would likely take years, necessitate expert witness testimony, and include other costs, risks, and potential delays. *Id.* Cushman could also file motions to challenge the conditional certification of the FLSA collectives in *Seltz* and *Dixon II. Id.* Appeals could further delay and jeopardize recovery. *Id.* By contrast, the Settlement, with a maximum Total Settlement Amount of $4,900,000 ensures timely relief and substantial recovery of the wages, damages, and other amounts that Plaintiff and others covered by the Settlement contend they are owed. *Id.* This strongly favors settlement.

### 3. <u>The Amount Offered in Settlement is Fair and Reasonable.</u>

While not a term of the Settlement, Cushman significantly changed its practices around compensating Appraisers in line with the injunctive relief sought in the complaints. Ho Prelim. Decl. ¶ 25. Cushman reclassified Junior Appraisers as non-exempt around September 9, 2019, after the *Seltz* lawsuit was filed in November 2017. *Id.* ¶ 26. Furthermore, in January 2021, Cushman changed its recoverable draw system to instead paying a minimum fixed, non-recoverable salary (with a production bonus paid if the total amount of the bonus exceeds the annual salary). *Id.* Additionally, as part of the Settlement, Cushman has agreed not to enforce any of the promissory notes against any participating settlement member. Settlement § 4.2. These are significant forms of relief to current and future Appraisers that came about because of Plaintiffs' lawsuits.

In addition, the Settlement offers significant monetary relief to participating settlement class and collective members. The Settlement provides a second opportunity for individuals who already received notice of the pending FLSA claims but chose not to opt into the actions to benefit by the actions taken by Plaintiffs. Ho Prelim. Decl. ¶ 27. However, because those individuals would not be part of the FLSA actions moving forward if the cases did not settle, Plaintiffs' Counsel valued their claims much lower than the claims of those who chose to opt in and members of the California Class. *Id.*

To account for the different values of the claims for opt ins and non-opt ins, and the higher value of California Class Members based on California law, the Settlement contemplates a weighting formula that values California Class claims heavily and the FLSA claims of non-opt ins lightly. Settlement § 2.8(f).

822870.21

Individuals (outside of California) who previously had the opportunity to opt in but chose not to and now want to join the FLSA action after the settlement will receive one point per workweek. Settlement § 2.8(f). Individuals (outside of California) who opted in to *Seltz* or *Dixon II* will receive two points per workweek, a reflection of the fact that their claims are more valuable than non-opt-ins because they are already before a court by virtue of their consent to join the FLSA action. *Id.* California Class Members who did not opt into the FLSA action will receive three points per workweek, a factor that recognizes the high value of California overtime, meal break, rest break, wage statement, and Private Attorneys General Act claims. *Id.* Finally, California Class Members who also opted into the FLSA action in *Dixon I* will receive four points per workweek, the highest amount because of the high value of the California claims in addition to the added value of their FLSA claim (providing liquidated damages for overtime, which are unavailable under California law). *Id.*

Plaintiffs' Counsel believes that this formula is an appropriate and reasonable way to allocate the Settlement fund in a way that reflects the relative value of the various claims of individuals covered by the Settlement. Ho Prelim. Decl. ¶ 31. Plaintiffs' Counsel are experienced in settling cases with weighting formulas that account for the differing value of FLSA and state claims, as well as opt-in and non-opt-in status. *See* Aaron Prelim. Decl. ¶¶ 11, 28-30.[1], [2]

---

[1] *See also Walton v. AT&T Services, Inc.*, No. 15 Civ. 3653-VC (N.D. Cal. Feb. 14, 2018) (Plaintiffs' Counsel's case granting approval of a settlement allocating 86% of the net fund value to California Class Members and existing opt-ins and only 14% to a sub-fund for future opt-ins); *Rabin v. PricewaterhouseCoopers*, LLP, No. 16-cv-02276-JST, 2021 WL 837626 (N.D. Cal. Feb. 4, 2021) (Plaintiffs' Counsel's case granting final approval of age discrimination case involving a federal collective under the ADEA and two state law classes in which California and Michigan opt-ins received two points under the settlement formula, while opt-ins from other states received 1.5 points and California and Michigan non-opt-ins received one, reflecting the strength of California and Michigan state law claims); *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016) (Plaintiffs' Counsel's case granting final approval of FLSA settlement with formula allocating 1 point per workweek for non-opt-ins and 1.3 points per workweek for opt-ins); *Gallant v. Arrow Consultation Servs., Inc.*, No. 1:19-cv-00925-SEB-MPB, 2020 WL 2113399 (S.D. Ind. May 4, 2020) (Plaintiffs' Counsel's case granting final approval of FLSA settlement using a formula granting opt-ins a 1.3 multiplier on their awards).

[2] Courts have approved settlements in other cases in which a points-based formula is used to distribute the settlement fund in reflection of differing damages values of various groups within a settlement class. *See, e.g.*, *McKibben v. McMahon*, No. EDCV 14-2171 JGB (SPx), 2019 WL 1109683, at *4 (C.D. Cal. Feb. 28, 2019) (approving a point-based formula for settlement payments in a prison condition case that reflect the severity of challenged conditions); *Aichele v. City of Los Angeles*, No. CV 12-10863-DMG (FFMx), 2015 WL 5286028, at *1 (C.D. Cal. Sep. 9, 2015) (approving a point-

13

822870.21

1    Those eligible for settlement awards will receive a significant amount of money.  Those who opted

2    into the *Seltz* FLSA action will receive an average pre-tax recovery of $4,715.28 and those who opted into

3    the *Dixon II* FLSA action will receive an average pre-tax recovery of $4,809.33 (*Dixon II* has a higher

4    average award despite the same number of points per workweek because of the greater number of

5    workweeks in the Appraiser Collective Period).  Ho Prelim. Decl. ¶ 27.  California Class Members will

6    receive an average pre-tax award of $15,074.70, and even more money if they also opted into a FLSA

7    claim (*Dixon I* opt-ins will receive an average award of $16,760.67).  *Id*. ¶ 28.  Those who choose to opt in

8    as a result of the settlement (when they had previously declined to opt in) will receive an average award of

9    $1,929.76 for Junior Appraisers (*i.e. Seltz* Non-California Opt-In Eligible Plaintiffs) and an average award

10   of $4,017.13 for Appraisers outside of California (*i.e. Dixon II* Non-California Opt-In Eligible Plaintiffs).

11   *Id*. ¶ 29.  These amounts are significant given the various litigation risks associated with each group of

12   individuals (including the likelihood that non-California non-opt ins would ultimately receive $0 absent a

13   settlement agreement).  *Id*.  Plaintiffs' Counsel anticipates that about 30% of the Non-California Opt-in

14   Eligible Plaintiffs will submit claims.  Aaron Prelim. Decl. ¶ 15; *see N.D. Cal. Class Settlement Guidance* ¶

15   1(g).  Given the likelihood that some Non-California Opt-in Eligible Plaintiffs will again decline to join the

16   FLSA actions and will not release their claims against Defendants, Defendants will not be responsible for

17   paying their estimated individual payment amounts.  Settlement §§ 1.41(a), 2.8(a).

18        The Settlement's monetary relief is well within the range of possible approval based on recovery as

19   a percent of maximum exposure.  Ho Prelim. Decl. ¶ 37; *see also N.D. Cal. Class Settlement Guidance*

20   ¶ 1(e).  Plaintiffs have calculated a maximum total exposure around about $61,420,494 for all three cases.

21   *Id*. ¶ 37.  However, Plaintiffs' Counsel believe a likely recovery in this action would be much lower, given

22   the litigation risks discussed above.  *Id*.  Even compared against the maximum exposure, which does not

23   account for the various risks discussed above, the maximum Total Settlement Fund of $4.9 million

24   represents an 8% recovery, which is within the range of reasonableness.  *Id.; see Balderas v. Massage Envy*

25   *Franchising, LLC*, No. 12-cv-06327-NC, 2014 WL 361095, at *5 (N.D. Cal. July 21, 2014) (granting

26

27   _____

28   based formula in a case challenging unlawful arrests and detentions during a protest for claimants in
     various subclasses).

14

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

822870.21

preliminary approval of a net settlement amount representing 5% of the projected maximum recovery at trial); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-cv-2540-HSG, 2015 WL 3776765, at *2 (N.D. Cal. June 17, 2015) (approving settlement where net amount represented 7.3 percent of plaintiffs' estimated trial award); *Viceral v. Mistra Grp., Inc.*, No. 15-cv-02198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving gross settlement fund that represented 11.6% of the total verdict value for the California class).

Plaintiffs' Counsel have litigated similar cases, but those cases differ in significant ways from this case.[3] *See N.D. Cal. Class Settlement Guidance* ¶ 11.

| **Case Name** | *Walton v. AT&T Services, Inc.*, No. 15 Civ. 3653-VC (N.D. Cal.) | *Wolf v. The Permanente Medical Group, Inc.*, No. 17 Civ. 5345-CV (N.D. Cal.) | *Foster v. Advantage Sales & Marketing, LLC*, No. 18-cv-07205-LB (N.D. Cal.) |
|---|---|---|---|
| **Date of Final Approval** | February 14, 2018 | September 14, 2018 | May 28, 2020 |
| **Class counsel** | Outten & Golden LLP and Posner & Rosen LLP | Outten & Golden LLP, Sommers Schwartz P.C., and Paul Hastings LLP | Goldstein, Borgen, Dardarian & Ho and Obermayer Rebmann Maxwell & Hippel, LLP |
| **Claims** | FLSA & CA overtime claims on behalf of Designers or Deliverers | FLSA & CA overtime claims on behalf of teleservice representatives | FLSA and CA law on behalf of Customer Development Managers – Retail. |
| **Total Settlement Fund** | $2,750,000 | $2,950,000 | $1,209,652 |

[3] In *Walton v. AT&T Services, Inc.*, No. 15 Civ. 3653-VC (N.D. Cal.), Plaintiffs' Counsel Outten & Golden LLP represented senior training managers who were alleged to have been misclassified as exempt from overtime under federal and California law. Aaron Prelim. Decl. ¶ 17. The 44 California Class Members, 69 Opt-ins, and 122 PAGA aggrieved employees received 86% of the net settlement fund (with California workweeks worth 3 times as much as workweeks outside of California, reflecting stronger California law claims), while only 14% of the net settlement fund was allocated to opt-in eligible individuals who had not yet opted into the case (and that portion of the fund was reversionary). *Id.* ¶ X. Outten & Golden LLP also represented plaintiffs and the class in *Wolf v. The Permanente Medical Group, Inc.*, No. 17 Civ. 5345-CV (N.D. Cal.), which involved allegations that teleservice representatives who worked in call centers throughout California worked off-the-clock and were owed damages under the FLSA and California law. *Id.* ¶ X. Goldstein, Borgen, Dardarian & Ho represented plaintiffs and the class in *Foster v. Advantage Sales & Marketing, LLC*, No. 18-cv-07205-LB (N.D. Cal.), a misclassification case that settled the claims of California class members as well as the FLSA claims for individuals outside of California. Ho Prelim. Decl. ¶ 39. *Foster* was settled before the plaintiff filed a motion for conditional certification of the FLSA claim. *Id.*

15

822870.21

| | | | |
|---|---|---|---|
| **Total # Class Members (CMs)** | 385 | 1,701 | 59 California CMs and 303 Non-California opt-in eligible plaintiffs |
| **# CMs to Whom Notice Sent (Not Undeliverable)** | 383 | 1,695 | 318 (2 notices undeliverable) in original mailing; 42 additional sent (3 undeliverable) |
| **Method of Notice** | Mail and email | Mail and email | Mail |
| **# Claims Submitted** | 183 out of 283 required to submit claim forms and/or arbitration agreements (excluding CA and PAGA class members) | N/A (checks mailed); only 9 requests for exclusion | N/A (checks mailed); no requests for exclusion |
| **% Claims Submitted** | 64.7% of 283 | N/A | N/A |
| **Average recovery per class member** | Average: $5,019.73 Median: $1,300.90 | Average: $1,235.22 | CA median: $7,696.44 Non-CA opt-in eligible median: $1,284.73 |
| **Amounts distributed to Cy Pres** | $555.49 distributed to the California unclaimed wages fund | $22,805.59 to California State Controller's Office Unclaimed Property Division | $12,682.49 to Employee Rights Advocacy Institute for Law & Policy |
| **Settlement Administrator** | JND Legal Administration | Simpluris, Inc. | Atticus Administration |
| **Administrator Costs** | $42,000 | $35,000 | $17,702 |
| **Attorneys' fees and Costs** | $962,500 in fees (35% of fund); $53,823.85 costs | $737,500 in fees (25%); $36,815.01 in costs | $400,000 in fees (about one-third of fund); $16,000 in costs |

A small portion of the settlement may go to a *cy pres* should Non-California Eligible Plaintiffs who submit a claim form fail to cash their check within the specified period. *See N.D. Cal. Class Settlement Guidance* ¶ 8; Settlement § 2.8(i)(2). The Settlement Agreement states that the parties will select a mutually agreeable beneficiary to be approved by the Court. *Id.* The parties have tentatively agreed to the National Employment Law Project, a national organization that conducts research and advocates for policies on behalf of workers. *See* Home - National Employment Law Project, nelp.org (last visited July 1, 2021); Ho Prelim. Dec. ¶ 18. Plaintiffs anticipate that the *cy pres* amount, if any, will be small. *Id.*

16

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

822870.21

1   Plaintiffs will provide further detail about their proposed *cy pres* designee in Plaintiffs' motion for final

2   approval of the settlement.

### 4.    Settlement of PAGA Penalties is Reasonable.

4   The total PAGA allocation of the settlement is $26,666.67, with 75% of that amount, or $20,000, to

5   be paid to the LWDA, which represents 1.3% of the maximum PAGA exposure.  Ho Prelim. Decl. ¶ 38.

6   This PAGA allocation is within the range of reasonable settlements.  *See, e.g., Viceral,*2016 WL 5907869,

7   at *8 (approving PAGA allocation of 0.15% of the total estimated PAGA exposure, or $20,000 for an

8   estimated exposure of $12,952,000); *cf. Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 972

9   (N.D. Cal. 2019) ("In this district, courts have raised concerns about settlements of less than 1% of the total

10   value of a PAGA claim.").

11   The PAGA allocation is appropriate in light of Cushman's anticipated arguments that PAGA

12   penalties cannot be stacked and that a court would exercise its discretion to significantly reduce the amount

13   of PAGA penalties because Cushman reclassified Junior Appraisers to non-exempt status after Plaintiff

14   Seltz filed a lawsuit and changed its compensation practices in January 2021.  *See* Ho Prelim. Decl. ¶ 38;

15   Cal. Lab. Code § 2699(e)(2).  Furthermore, the value of the PAGA claim in this case is unusually small

16   compared to the value of the California Class claims and FLSA claims because of the high value of

17   potential overtime damages and meal and rest break premiums.  Ho Prelim. Decl. ¶ 38; *see Viceral*, 2016

18   WL 5907869, at *9 (where a PAGA claim's value is relatively small compared to the value of other claims,

19   a smaller PAGA allocation in a settlement is appropriate) (citing *O'Connor v. Uber Techs., Inc.*, 201 F.

20   Supp. 3d 1110, 1133-35 (N.D. Cal. 2016)).

### B.    The Court should Grant Preliminary Approval of the FLSA Collective Action Settlement.

22   The settlement of FLSA collective action claims requires a one-step court approval.  *Nen Thio v.*

23   *Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (citing *Jones v. Agilysis, Inc.*, No. 12-cv-03516

24   SBA, 2013 WL 4426504, at *2 (N.D. Cal. Aug. 15, 2013)).  A district court evaluating the settlement must

25   determine whether the settlement is a "fair and reasonable resolution of a *bona fide* dispute" and if so, it

26   may approve the settlement "to promote the policy of encouraging settlement of litigation." *Nen Thio*, 14

27   F. Supp. 3d at 1333 (citations omitted).

28

17

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

822870.21

Here, the settlement of the FLSA claims reflects a compromise on disputed issues much like the ones in dispute regarding the California Class, plus the additional argument surrounding the fluctuating workweek.  The Settlement was made in an adversarial context with parties represented by experienced counsel and was reached with the assistance of an experienced mediator.  *See Ho Prelim. Decl. ¶ 32.*

Conditional certification for settlement purposes is appropriate here where two nationwide collectives have already been conditionally certified (the *Seltz* collective covering Junior Appraisers and the *Dixon I* and *II* collectives covering Appraisers and Senior Appraisers in California (*Dixon I*) and outside of California (*Dixon II*)) and notice has been sent to all those eligible to join the collectives.  *See Ho Prelim. Decl. ¶ 23.*  The collective for settlement purposes, as reflected in the Second Amended Complaint, adds to *Dixon I* Junior Appraisers nationwide and Appraisers who worked for Cushman outside of California so that the collective definition in *Dixon I* includes all members of the previously certified collectives.  *See id.*; Settlement ¶ 2.1.  The members of the proposed settlement collective are similarly situated because they were employed in similar positions as real estate appraisers and were subject to the same treatment of Defendants as exempt from the FLSA's overtime requirements.  Ho Prelim. Decl. ¶ 23.

The settlement contemplates two separate collective periods, one for the Junior Appraisers and one for the Appraisers and Senior Appraisers.  Ho Prelim. Decl. ¶ 24.  The Junior Appraiser collective period begins October 12, 2016 (based on the date the *Seltz* complaint was filed and tolling agreements in that case) and ends on September 9, 2019 (the date Cushman reclassified Junior Appraisers).  *Id.*; Settlement § 1.20.  The Appraiser Collective period begins October 7, 2017 (based on the date the *Dixon II* complaint was filed) and ends on May 31, 2021 (a reasonable period of time after the Parties' March 2021 mediation). Ho Prelim. Decl. ¶ 24; Settlement § 1.4.

The settlement of the FLSA claims provides significant relief to members of the collective.  Non-California Opt-in Eligible Plaintiffs have a second opportunity to recover after choosing not to opt into the FLSA claims after the first notice.  *See Ho Prelim. Decl. ¶ 27.*  *Seltz* and *Dixon II* Opt-in Plaintiffs will receive an average pre-tax award of $4,715.28 and $4,809.33, respectively.  *Id.*  *Dixon I* Opt-in Plaintiffs will receive an average pre-tax award of $16,760.67, which includes compensation for their California Claims as well as their FLSA claims.  *Id.* ¶ 28.

18

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

822870.21

As explained above, the workweek value for *Seltz* and *Dixon II* Opt-in Plaintiffs is higher than Non-California Opt-In Eligible Plaintiffs because they have already chosen to join the case and are properly before the court, whereas Non-California Opt-In Eligible Plaintiffs declined the opportunity to join the case before settlement, and absent settlement, would not be able to recover any money.  Ho Prelim. Decl. ¶ 30.  The workweek value for *Seltz* and *Dixon II* Opt-in Plaintiffs is lower than California Class Members, however, because California Class Members have more causes of action available under California law, including meal period violations, rest period violations, wage statement violations, expense reimbursements, and waiting time penalties.  *Id.*  Further, a fluctuating workweek method of calculating overtime damages under federal law is not available under California law, which calculates the regular rate of pay based on non-overtime hours.  Thus, the lower average recovery for *Dixon II* and *Seltz* Opt-in Plaintiffs and Non-California Opt-in Eligible Plaintiffs compared to California Class Members is reasonable.  *Id.*

Because the settlement represents a fair and reasonable resolution of bona fide dispute over wages, the court should approve the settlement.

## VI.   ENHANCEMENT PAYMENTS TO THE NAMED PLAINTIFFS AND ATTORNEYS' FEES AND COSTS FOR INCLUSION IN CLASS NOTICES

### 1.   The Proposed Enhancement Payments Are Fair.

Plaintiffs' proposed service awards are reasonable and a fair reflection of the effort Plaintiffs have put in to resolve these lawsuits.  The factors this Court uses in determining service awards include: (1) the actions the plaintiff has taken to protect the interests of the class, (2) degree to which the class has benefitted from those actions, (3) the time and effort that representatives put into the litigation, and (4) the reasonable fears of workplace retaliation.  *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334-36 (N.D. Cal. 2014) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) and approving $10,000 service award).[4]

---

[4] *See also Brawner v. Bank of Am. N.A.*, No. 3:14-cv-02702-LB, 2016 WL 161295, at *6 (N.D. Cal. Jan. 14, 2016) (approving service award of $15,000); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *6-8 (N.D. Cal. Feb. 6, 2012) (awarding service payment of $12,500).

19

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

822870.21

The proposed service awards of $10,000 each to Plaintiff Dixon and Plaintiff Seltz are warranted for the critical role they played in stepping forward to bring these cases, the time and effort they expended to help secure the positive collective outcome on the case, the general releases they will agree to, and the risks assumed by agreeing to be a Plaintiff in a lawsuit.  Plaintiff Dixon spent approximately 30 hours explaining how her job worked and gathering documents for her attorneys' investigation of the claims, strategizing about how to prosecute the case, and engaging in mediation and negotiation, a significant investment of time and effort.  Declaration of Plaintiff Dimitri Dixon in Support of Plaintiffs' Motion for Preliminary Approval of Class, Collective, and Representative Action Settlement, submitted herewith ("Dixon Prelim. Decl.") ¶¶ 5-17.  Plaintiff Seltz has spent 37 to 40 hours on this case.  Declaration of Ryan Seltz in Support of Motion for Preliminary Approval of Class, Collective, and Representative Actions Settlement, submitted herewith ("Seltz Prelim. Decl.") ¶¶ 13-19.  Plaintiffs played a critical role in securing this settlement for class members, many of whom were scared to opt into the FLSA actions due to fears of negative employment repercussions.  *See* Dixon Prelim. Decl. ¶ 18; Seltz Prelim. Decl. ¶ 20; Ho Prelim. Decl. ¶ 40.  Both Plaintiffs will sign a general release of claims against Cushman.  Settlement Agreement ¶ 2.8(e).  Plaintiffs also took on the negative notoriety resulting from suing their former employer and the risks of paying costs personally if the defendant prevailed in the case.  Dixon Prelim. Decl. ¶ 19; Seltz Prelim. Decl. ¶ 21; Ho Prelim. Decl. ¶ 41.

Plaintiffs' request for additional service awards for Opt-ins who submitted declarations in support of Plaintiffs' motions for conditional certification are also reasonable and reflective of the time each spent on providing information, including documents, to Plaintiffs' Counsel and reviewing drafts of their declarations.  Ho Prelim. Decl. ¶ 42; Aaron Prelim. Decl. ¶ 20.  Plaintiffs' Counsel estimate that each of these declarations took approximately five hours of the declarants' time.  Ho Prelim. Decl. ¶ 42; Aaron Prelim. Decl. ¶ 20.  Plaintiffs request $2,000 as service awards for Declarants Benjamin Blake, Eric Hix, Katherine Pierno, John Dickerson, Heather Elliot, and Teresa Simone.  *See, e.g.*, *Wellens v. Sankyo*, No C 13-00581 WHO (DMR) 2016 WL 8115715 (N.D. Cal. Feb. 11, 2016) (awarding $6,000 service awards for opt-ins who were deposed and submitted a declaration, $5,000 for opt-ins who were deposed but did not submit a declaration, and $1,000 for opt-ins who submitted declarations).

822870.21

1  Plaintiffs' proposed enhancement payments will be the subject of a separate motion supported by

2  declarations from each Plaintiff and Opt-in declarant seeking a service award.

3  **A.**     **Attorneys' Fees of One-Third of the Common Fund Are Justified.**

4  Plaintiffs will file a separate motion for the requested attorneys' fees, costs, and expenses thirty-five

5  (35) days prior to the opt-out/objection deadline so that California Class Members will have an opportunity

6  to inspect Plaintiffs' Counsel's fee application prior to the deadline for submitting objections or requests for

7  exclusion. *N.D. Cal. Class Settlement Guidance* ¶ 9.  Plaintiffs' Counsel will not seek more than one-third

8  of the maximum settlement amount of $4,900,000 (*i.e.* $1,633,333.33), plus actual out-of-pocket expenses

9  in prosecuting this lawsuit, which will not exceed $60,000.  Settlement ¶ 2.8(d).  In the instant motion,

10  Plaintiffs do not seek approval of the fees and costs, but only ask that the Court include the maximum

11  potential fee and cost request in the Notice so that the Class can be informed of it.

12  Plaintiffs are entitled to recover their attorneys' fees and costs for prevailing on their asserted

13  claims.  *See* Cal. Lab. Code §§ 1194(a), 2699(g)(1); Cal. Code Civ. Proc. § 1021.5; 29 U.S.C. § 216(b).

14  Here, Plaintiffs are prevailing parties and entitled to recover their reasonable attorneys' fees and costs

15  because they obtained a successful settlement.  *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992); *La*

16  *Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010)

17  ("Litigation that results in an enforceable settlement agreement can confer 'prevailing party' status on a

18  plaintiff.").  The Ninth Circuit has explained that, "[b]ecause the benefit to the class is easily quantified in

19  common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in

20  lieu of the often more time-consuming task of calculating the lodestar." *Bluetooth,* 654 F.3d at 942.

21  While the "benchmark" for a reasonable percentage-of-the-fund award in the Ninth Circuit is

22  twenty-five percent, courts may depart either upward or downward if the "special circumstances" of the

23  case justify a departure.  *Bluetooth*, 654 F.3d at 942.  An upward departure is often appropriate for smaller

24  class funds below $10 million, particularly when awarding the benchmark would undercompensate counsel

25  for their time spent.  *See Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008)

26  ("Cases of under $10 Million will often result in fees above 25%.").[5]

27

28  [5] This Court has approved attorneys' fees above the benchmark in other recent cases with a settlement fund under $10 million.  *See, e.g., Deaver v. Compass Bank*, 13-cv-00222-JSC, 2015 WL 8526982,

822870.21

The requested fee is also reasonable because Plaintiffs' Counsel achieved significant results for the class, including non-monetary benefits, took on the risk of non-payment by prosecuting the case on a contingency basis, and litigated efficiently because of their expertise in litigating complex wage and hour cases. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *Deaver v. Compass Bank*, No. 13-cv-00222-JSC, 2015 WL 8526982, at *11 (N.D. Cal. Dec. 11, 2015) (above-market-value fee awards are appropriate in contingency-fee cases where class counsel has significant experience in the type of litigation at issue). Before settlement, Plaintiffs' Counsel won a contested motion for conditional certification for California Appraisers and negotiated two stipulations for notice to be sent to Junior Appraisers and Appraisers outside of California. Ho Prelim. Decl. ¶ 5; Aaron Prelim. Decl. ¶ 9. Counsel achieved significant results for the class by securing a maximum $4.9 million fund for approximately 476 current and former employees as well as a change in Defendants' policy of classifying Junior Appraisers as exempt and paying Appraisers and Senior Appraisers on a wholly recoverable draw basis. *See* Ho Prelim. Decl. ¶ 25. Additionally, Plaintiffs' Counsel's retainer agreements with Plaintiffs allowed for a one-third contingency fee arrangement. *Id.* ¶ 45; Aaron Prelim. Decl. ¶ 21. *See Philips*, 2021 WL 326924 at *9.[6]

The requested fee is also appropriate under the lodestar cross check. *See Brawner*, 2016 WL 161295, at *5 ("After applying the percentage method, courts typically roughly calculate the lodestar as a "cross-check to assess the reasonableness of the percentage award."); *Taylor v. Meadowbrook Meat Co.*,

---

*11-12 (N.D. Cal. Dec. 11, 2015) (awarding 33% of the $500,000 settlement fund and citing cases in support of a greater than 30% award); *Philips v. Munchery Inc.*, 19-cv-00469-JSC, 2021 WL 326924, at *9 (N.D. Cal. Feb. 1, 2021) (approving 30% of the $400,000 fund in WARN Act case).

[6] Additionally, the requested fee is reasonable even if the Defendants do not ultimately pay the maximum settlement amount. Percentage-of-the-fund fee awards have been approved in similar cases in which the Defendants paid less than the maximum settlement fund. See, e.g., *Ferrell v. Buckingham Prop. Mgmt.*, No. 1:19-cv-00332-NONE-SAB, 2021 WL 488314, at *28 (E.D. Cal. Feb. 10, 2021) (approving fee award of 35% of the maximum settlement of $600,000 amount where defendant was not responsible for paying $105,411.40 of unclaimed funds); *Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, at *2, 10-12 (C.D. Cal. Aug. 4, 2015) (approving $3.6 million fee award of 30% of maximum settlement fund where up to 35% of the net settlement amount could revert back to the defendant); *Davis v. Brown Shoe Co., Inc.*, No. 1:13-cv-01211-LJO-BAM, 2015 WL 6697929, at *6-10 (E.D. Cal. Nov. 3, 2015) (recommending fee award of 29.5% of the gross settlement amount where defendant did not pay $552,250 of the $952,250 net settlement fund); see also *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) ("[A]ttorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund so that money remains in it that otherwise would be returned to the defendants.") (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-81 (1980)).

22
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

822870.21

No. 3:15-cv-00132-LB, 2016 WL 4916955, at *5 (N.D. Cal. Sept. 15, 2016) (same).  Through the end of May 2021, Plaintiffs' Counsel have a lodestar of $1,627,990 for 3,175.05 hours of work, and expect to incur an additional 100 hours of time to bring this case to a close, including: appearing at the preliminary approval hearing; overseeing the notice process, addressing class member inquires and responding to any objections; preparing a final approval motion with supporting declarations from counsel, plaintiffs, and the claims administrator; preparing a motion for fees, costs and enhancements with supporting declarations from counsel and the two class representatives and six declarants; appearing at the final approval hearing; and ensuring that the settlement funds are timely and correctly disbursed.  Ho Prelim. Decl. ¶ 46; Aaron Prelim. Decl. ¶ 23; Meireles Prelim. Decl. ¶¶ 14-21.  With the anticipated additional work, the ultimate lodestar is expected to be approximately $2,128,050.00.  Ho Prelim. Decl. ¶ 46.  Counsel's lodestar is supported by detailed and contemporaneously-maintained billing records of time reasonably spent by Plaintiffs' Counsel litigating this case for close to a year based on hourly rates that are commensurate with the rates of practitioners with similar experience within the California legal market.  *Id.*; Aaron Prelim. Decl. ¶ 22; Meireles Prelim. Decl. ¶¶ 18-21.

In addition, Plaintiffs' Counsel collectively expect to incur no more than $60,000 in actual out-of-pocket litigation costs and expenses once this Settlement is completed.  Ho Prelim. Decl. ¶ 47; Aaron Prelim. Decl. ¶¶ 24-25; Meireles Prelim. Decl. ¶ 22.  These expenses include the types of litigation costs that courts routinely approve, including filing fees, research expenses, document processing costs, and others.  Ho Prelim. Decl. ¶ 47.  When Plaintiffs file their fee motion, they will provide the Court with detailed information concerning their litigation costs.

Accordingly, the Court should preliminarily approve Plaintiffs' ability to seek their requested attorneys' fees and costs award for purposes of inclusion in the class notice materials.

**B.**   **The Court Should Approve the Settlement Administrator, Notice Process, and Notices.**

The parties have agreed on CPT, a well-regarded national settlement administrator, to be the Settlement Administrator after soliciting bids from three experienced and reputable administrators.  Aaron Prelim. Decl. ¶ 12.  Because the method of notice is delineated in the Settlement Agreement, no new methods were proposed by the solicited administrators, and instead the parties evaluated whether the

23

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

1   proposed settlement administrators were equipped to handle the notice and claims process as negotiated by

2   the parties.  *Id.* ¶ 16.  Over the last two years, CPT has administered the settlement or class or collective

3   notice process in numerous other cases involving Outten & Golden, one case involving Goldstein, Borgen

4   & Ho, and has administered the collective notice process in *Seltz*, *Dixon I*, and *Dixon II*.  *Id.* ¶ 13; *see N.D.*

5   *Cal. Class Settlement Guidance* ¶ 2.

6          The Settlement Administrator will send out one of three Notices by mail or, if available, email: (1)

7   to California Class Members, a Notice of Class, Collective, and Representative Action Settlement; (2) to

8   Non-California Opt-in Eligible Plaintiffs the Notice of Collective Action Settlement and Opportunity to

9   Join and the Claim Form; and (3) to the *Dixon II* and *Seltz* Opt-in Plaintiffs the Notice of Collection Action

10  Settlement.  *See* Settlement § 2.3(b); Exs. A, B, and E.

11         Prior to mailing the Notices, the Settlement Administrator will perform a national change of

12  address ("NCOA") database review.  Settlement § 2.3(b).  For any undeliverable notices, the Settlement

13  Administrator will notify Plaintiffs' Counsel and locate the employee through a skip trace.  *Id.*  Notice will

14  be provided via mail and, for employees whom Cushman has an email address, email.  *Id.*  This means of

15  notice is appropriate in an employment case where the employer has fairly recent and detailed contact

16  information for all of the individuals eligible to participate in the settlement.

17         Each Notice will contain the dates the employee worked during the applicable time periods as

18  indicated in Cushman's records and will list the estimated Individual Payment Amount based on the

19  formula in the Settlement.  Settlement § 2.3(c).  The Notices describe the litigation, the terms of the

20  Settlement, and the options available according to the type of employee receiving the notice with respect to

21  participating in the Settlement.  *See* Settlement Exs. A, B and E.

22         The California Class Notice provides information regarding the final approval hearing and how

23  California Class Members can obtain additional information, object, or opt out within 60 days of the notice

24  mailing.  *See* Settlement Ex. A.  The notice explains that California Class Members who do not timely opt

25  out will be members of the Class for settlement purposes, and will release the claims asserted in the lawsuit,

26  as well as any claims that could have been asserted based upon the facts alleged in the complaint.  *Id.*  The

27  scope of the release is the same as the claims in the Second Amended Complaint.  *See N.D. Cal. Class*

28

24
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION SETTLEMENT; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

822870.21

*Settlement Guidance* ¶ 1(c).  Class members who affirmatively opt out will not receive a settlement payment, but also will not be subject to any release of claims.  *See* Settlement §§ 2.5(a), 4.1.

Non-California Opt-In Eligible Plaintiffs will have two options: either participate in the Settlement by submitting a Claim Form within 60 days or decline to participate in the Settlement by not submitting a Claim Form.  Settlement § 2.5; Ex. C.  Non-California Opt-In Eligible Plaintiffs may not request exclusion or object to the Settlement.  Settlement § 2.5(b); Exhibit C.

The *Dixon II* and *Seltz* Opt-ins have already chosen to participate in the case, so may not opt out or request exclusion.  Settlement § 4.1; Exhibit C.

The language of the notices is easily understandable and is in English only because Appraisers are required to speak English for their jobs.  The notices contain contact information for class counsel for questions, a link to a website with more information about the settlement, and instructions on how to access case documents.  The notices will also list the date of the final approval hearing and that it may be subject to change without further notice.  *N.D. Cal. Class Settlement Guidance* ¶ 3.

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs submit that the settlement is fair, adequate and reasonable, and in the best interests of Plaintiffs, including the Opt-in Plaintiffs in *Dixon II* and *Seltz*, the California Class Members, and the Non-California Opt-in Eligible Plaintiffs.  Under the applicable class and collective action standards, Plaintiffs request that this motion be granted; the Settlement of the Class, Collective, and Representative Action be preliminarily approved; the California Class and FLSA Collective described herein be certified for settlement purposes only; Plaintiff Dimitri Dixon be appointed the Class Representative; Goldstein, Borgen, Dardarian & Ho, Outten & Golden LLP, and Shavitz Law Group, PA be appointed as Class Counsel; appointment of CPT Group as claims administrator be approved; the sending of Notices in the form submitted herewith be authorized; and a final approval hearing for the Settlement be scheduled no earlier than 210 days following the entry of the preliminary approval order.  A Proposed Order is submitted herewith.

822870.21

1

Dated:  July 1, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Laura L. Ho*
Laura L. Ho

*Attorneys for Plaintiffs. Proposed Class and*
*Collective Members, and Aggrieved Employees*

822870.21