1  Laura L. Ho (CA SBN 173179)
   lho@gbdhlegal.com
2  Ginger L. Grimes (SBN 307168)
   ggrimes@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
4  Oakland, CA 94612
   Tel:   (510) 763-9800
5  Fax:   (510) 835-1417

6  *Attorneys for Plaintiffs. Proposed Class and Collective Members, and Aggrieved Employees*

7  [*Additional counsel on following page*]

8

9

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

12 DIMITRI DIXON and RYAN SELTZ, individually, and on behalf of all others similarly situated,

   Case No. 3:18-cv-05813-JSC

13 

14 Plaintiffs,

   **DECLARATION OF RYAN SELTZ IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTIONS SETTLEMENT**

15 vs.

16 CUSHMAN & WAKEFIELD WESTERN, INC., CUSHMAN & WAKEFIELD, INC., and CUSHMAN & WAKEFIELD OF WASHINGTON DC, INC., and DOES 1-50, inclusive

   Date:    August 5, 2021
   Time:    9:00a.m.
   Dept:    Courtroom E, 15th Floor
   Before:  Hon. Magistrate Judge Jacqueline Scott Corley

17 

18 

19 Defendants.

20

21

22

23

24

25

26

27

28

CASE NO. 18-CV-05813-JSC                              DECLARATION OF RYAN SELTZ

1  Justin M. Swartz (admitted *pro hac vice*)
   jms@outtengolden.com
2  Deirdre Aaron (admitted *pro hac vice*)
   daaron@outtengolden.com
3  OUTTEN & GOLDEN, LLP
4  685 Third Avenue, 25th Floor
   New York, NY 10017
5  Tel:     (212) 245-1000
   Fax:     (646) 509-2060
6
7  Jahan C. Sagafi (SBN 227887)
   jsagafi@outtengolden.com
8  Molly J. Frandsen (SBN 320094)
   mfrandsen@outtengolden.com
9  OUTTEN & GOLDEN, LLP
   One California Street, 12th Floor
10 San Francisco, CA 94111
11 Tel:     (415) 638-8828
   Fax:     (415) 638-8810
12
13 Paolo Meireles (*pro hac vice* application forthcoming)
   Shavitz Law Group, P.A.
14 951 Yamato Rd, Suite 285
   Boca Raton, FL 33431
15 Tel:     (561) 447-8888

16 *Attorneys for Plaintiffs. Proposed Class and*
   *Collective Members, and Aggrieved Employees*
17
18
19
20
21
22
23
24
25
26
27
28

I, Ryan Seltz, hereby declare as follows:

1. I am a named plaintiff in this lawsuit. I am over the age of eighteen. I make this declaration based upon my own personal knowledge, and I could and would testify to the following facts if called upon to do so.

2. I worked as a Junior Appraiser for Cushman & Wakefield ("Cushman") from approximately May 2017 to approximately October 2017 in Washington, D.C.

3. During the entire time I worked as a Junior Appraiser, Cushman did not pay me any overtime even through I regularly worked over 40 hours a week.

4. I started working on this case in approximately October 2017. I traveled to my attorneys' office in Washington, D.C., to discuss this case and explain documents related to my work. My attorneys interviewed me in detail, and I provided information and documents related to my job duties and Cushman's policies and practices. We also had additional phone calls and corresponded via email. I estimate that these tasks took a total of approximately 3 to 5 hours.

5. That same month, I reviewed a proposed representation agreement and carefully considered whether to serve as a class representative, understanding that my name would be on publicly filed court documents. I estimate that this task took approximately 2 hours.

6. I then engaged in additional telephone conferences and correspondences with my attorneys to provide information to support their drafting of the initial correspondence that my attorneys sent to Cushman regarding this matter, and I reviewed the letter before it was sent in December 2017. I estimate these tasks took approximately 2 hours.

7. In June 2018, I engaged in additional telephone conferences and correspondences with my attorneys to provide information to support their drafting of the Complaint. I reviewed the Complaint prior to authorizing my attorneys to file it, and discussed any questions I had about it with my attorneys. I also reviewed a Fair Labor Standards Act consent to join form, discussed it with my attorneys, and signed it. I estimate these tasks took approximately 2 hours.

8. In the approximately six months between when the demand letter was sent and when I supported the drafting of the Complaint, I stayed in regular contact with my attorneys to discuss the status of pre-litigation discussions, and spent approximately a half hour to an hour on

these communications.

9. In June 2018, I discussed mediation strategy and settlement numbers with my attorneys before, during, and after the first mediation in this case, and remained on-call and available to discuss settlement negotiations throughout the day-long mediation session. I estimate these tasks took approximately 3 hours.

10. In August 2018, after settlement negotiations failed, my attorneys sent me a litigation preservation letter, which I discussed with my attorneys and reviewed carefully. I estimate this task took approximately 1 hour.

11. In October 2018, I discussed with my attorneys and reviewed initial disclosures. I estimate this task took approximately 1 hour.

12. In November 2018, the case was stayed pending a second mediation. Throughout the months between November 2018 and the June 2019 mediation, I stayed in regular contact with my attorneys and provided information relevant to mediation preparation. I estimate that I spent approximately 2 hours on these communications.

13. I discussed mediation strategy and settlement numbers with my attorneys before, during, and after the June 2019 mediation, and remained on-call and available to discuss settlement negotiations throughout the day-long mediation session. I estimate these tasks took approximately 3 hours.

14. In September 2019, once litigation and discovery had resumed, I responded to Cushman's requests for production of documents by discussing the requests with my attorneys and searching for and producing documents in my possession related to my time at Cushman, including emails, my initial offer letter, and documents such as receipts that showed the long hours I was working. I estimate these tasks took approximately 5 hours.

15. In early 2020, I participated in multiple interviews with my attorneys about my experience at Cushman and testified in the form of a conditional certification declaration regarding my experience. I estimate these tasks took approximately 4 hours.

16. In March 2021, there was a third and final mediation in this case. I discussed mediation strategy and settlement numbers with my attorneys before, during, and after the

1  mediation, and remained on-call and available to discuss settlement negotiations throughout the
2  day-long mediation session. A few days after the mediation, I discussed the settlement proposal
3  in detail with my attorneys. I estimate these tasks took approximately 4 hours.
4      17.    In the year between when I signed the declaration in support of conditional
5  certification and the final mediation, I stayed in regular contact with my attorneys to discuss the
6  status of litigation, and then to discuss settlement negotiations and preparing for the third
7  mediation. I estimate that I spent approximately 3 total hours on these communications.
8      18.    In June 2021, I reviewed the Settlement Agreement, discussed it in detail with my
9  attorneys, and signed it. I estimate these tasks took approximately 1 ½ to 2 hours.
10     19.    For the entire case, I estimate I have spent a total of approximately 37 to 40 hours.
11     20.    Throughout this case, I have understood that I have a duty to represent not just my
12  own interests but also the interests of other Junior Appraisers who may join the case. I
13  understand that I have a fiduciary duty to make decisions regarding the conduct of the litigation
14  and settlement in a way that will not favor my own interests over those of other Junior Appraisers
15  who have or will join the case. I believe that I have fulfilled these duties, and that the settlement
16  is in the best interests of the collective members as a whole.
17     21.    It was a difficult decision for me to decide to serve as a named plaintiff in this
18  case. I was, and continue to be, concerned that prospective employers will learn of my
19  involvement in the case through an internet search of my name, and that this could lead to
20  retaliation or otherwise impact my future job.
21     22.    I believe the request for attorneys' fees of one third of the settlement amount is
22  reasonable, and I agreed to this request in my representation agreement with my attorneys.
23     23.    I understand the average award for Junior Appraisers who previously opted into
24  the case will be $4,715.28, and the average award for Juniors who have not yet joined will be
25  $1,929.76. I think that is a great result, especially in combination with the fact that Cushman
26  reclassified Junior Appraisers and began paying them all overtime after I filed the case. I believe
27  there is a great benefit to other Junior Appraisers to obtaining relief now, rather than prolonging
28  the litigation for potentially several more years through trial and a likely appeal with the risks of

1  this case.

2

3  I declare, under penalty of perjury, under the laws of the State of California and of the United

4  States that the foregoing is true and correct. Executed this __1st__ day of __July__, 2021 at

5  __Washington, DC__.

6

7                                                                    _____
                                                                     Ryan Seltz