1  Laura L. Ho (CA SBN 173179)
   lho@gbdhlegal.com
2  Ginger L. Grimes (CA SBN 307168)
   ggrimes@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
4  155 Grand Avenue, Suite 900
   Oakland, CA 94612
5  Tel:  (510) 763-9800
   Fax:  (510) 835-1417
6
7  *Attorneys for Plaintiffs. Settlement Class and*
   *Collective Members, and Aggrieved Employees*
8
9  [Additional counsel on following page]

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12  DIMITRI DIXON and RYAN SELTZ, individually,      Case No. 3:18-cv-05813-JSC
    and on behalf of all others similarly situated,
13                                                   **PLAINTIFFS' NOTICE OF MOTION AND**
            Plaintiffs,                              **MOTION FOR FINAL APPROVAL OF**
14                                                   **CLASS, COLLECTIVE, AND**
    vs.                                              **REPRESENTATIVE ACTION**
15                                                   **SETTLEMENT AND SERVICE AWARDS;**
    CUSHMAN & WAKEFIELD WESTERN, INC.,               **MEMORANDUM OF POINTS AND**
16  CUSHMAN & WAKEFIELD, INC., and                   **AUTHORITIES IN SUPPORT THEREOF**
    CUSHMAN & WAKEFIELD OF WASHINGTON
17  DC, INC., and DOES 1-50, inclusive               Date:    March 31, 2022
                                                     Time:    9:00a.m.
18          Defendants.                              Dept:    Courtroom E, 15th Floor
                                                     Before:  Hon. Magistrate Judge Jacqueline Scott
19                                                            Corley

20

21

22

23

24

25

26

27

28

847233.15

Justin M. Swartz (admitted *pro hac vice*)
jms@outtengolden.com
OUTTEN & GOLDEN, LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel:   (212) 245-1000
Fax:  (646) 509-2060

Jahan C. Sagafi (SBN 227887)
jsagafi@outtengolden.com
Molly J. Frandsen (SBN 320094)
mfrandsen@outtengolden.com
OUTTEN & GOLDEN, LLP
One California Street, 12th Floor
San Francisco, CA 94111
Tel:   (415) 638-8828
Fax:  (415) 638-8810

Paolo Meireles (admitted *pro hac vice*)
pmeireles@shavitzlaw.com
Shavitz Law Group, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Tel:   (561) 447-8888

*Attorneys for Plaintiffs. Settlement Class and
Collective, and Aggrieved Employees*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION SETTLEMENT AND SERVICE AWARDS; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

847233.15

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ........................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I.      INTRODUCTION ..................................................................................................... 2

II.     THE PROPOSED SETTLEMENT AND ALLOCATION AMONG SETTLEMENT
        CLASS MEMBERS ................................................................................................. 3

III.    RELEVANT BACKGROUND ................................................................................ 5

        A.      The Court Preliminarily Approved the Settlement. ..................................... 5

        B.      The Distribution of Notices Was Successful and Complied with the Court's
                Order. ........................................................................................................... 6

        C.      California Class Members Reacted Positively to the Settlement. ................ 7

        D.      Compliance with CAFA Notice and LWDA Notice. ................................... 8

IV.     ARGUMENT ............................................................................................................ 8

        A.      Final Approval of the California Class Action Settlement Should Be Granted as
                the Settlement Is Fair, Adequate, and Reasonable. ..................................... 8

                1.      Strength of Plaintiffs' Case and the Risks of Proceeding with Litigation
                        Support Final Approval. ................................................................... 9

                2.      The Likely Expense and Duration of Further Litigation Favors Final
                        Approval. .......................................................................................... 9

                3.      The Excellent Results Obtained for the Settlement Class Members
                        Weighs in Favor of Final Approval. ................................................ 9

                4.      The Settlement Is Informed by Sufficient Information and Discovery. .......... 11

                5.      The Settlement Is Supported by Experienced Class Counsel and Able
                        Class Representatives. ...................................................................... 11

                6.      The LWDA Has Been Adequately Notified of the Settlement of the
                        PAGA Claim. ................................................................................... 12

                7.      The Uniformly Positive Reactions of the Settlement Class Strongly
                        Favors Approval. ............................................................................. 12

        B.      The FLSA Portion of the Settlement Should Be Finally Approved. ............. 13

        C.      The Court Should Approve the Parties' Selected Cy Pres Recipient: National
                Employment Law Project. ........................................................................... 14

i

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION SETTLEMENT AND SERVICE AWARDS; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

847233.15

D.   The Class Representatives' Requested Service Awards Are Reasonable and Appropriate. .......................................................................... 15

    1.   The Requested Service Awards are Appropriate ............................... 15

E.   Class Counsel's Requested Attorneys' Fees and Costs Awards Are Reasonable and Justified. ................................................................... 18

F.   The Court Should Approve the Settlement Administrator's Costs. ............................ 19

V.   CONCLUSION ................................................................................................. 20

847233.15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bailey v. Kinder Morgan G.P., Inc.*,
   No 18-cv-03424-TSH, 2020 WL 5748721 (N.D. Cal. Sept. 25, 2020)..........................................15

*Bennett v. SimplexGrinnell LP*,
   No. 11-cv-01854-JST, 2015 WL 12932332 (N.D. Cal. Sept. 3, 2015)..........................................19

*Cmty. Res. for Indep. Living v. Mobility Works of Cal., LLC*,
   533 F. Supp. 3d 881 (N.D. Cal. 2020)..........................................12

*Davis v. Brown Shoe Co., Inc.*,
   No. 1:13-cv-01211-LJO-BAM, 2015 WL 6697929 (E.D. Cal. Nov. 3, 2015) ..............................18

*De La Torre v. CashCall, Inc.*,
   No, 08-cv-03174-MEJ, 2017 WL 5524718 (N.D. Cal. Nov. 17, 2017)..........................................19

*Four in One Co., Inc. v. S.K. Foods, L.P.*,
   No. 2:08-cv-03017-KJM-JDP, 2014 WL 4078232 (E.D. Cal. Aug. 14, 2014)..............................14

*Haralson v. U.S. Aviation Servs.Corp.*,
   No. 16-cv-05207-JST, 2021 WL 5033832 (N.D. Cal. Feb. 3, 2021) ............................................11

*Hightower v. JPMorgan Chase Bank, N.A.*,
   No. 2:11-cv-01802-PSG-PLA, 2015 WL 9664959 (C.D. Cal. Aug. 4, 2015) ..............................18

*Hubbard v. RCM Techs. (USA), Inc.*,
   No. 19-cv-6363-YGR, 2021 WL 5016058 (N.D. Cal. Oct. 28, 2021) .....................................15, 16

*Jacob v. Pride Transp., Inc.*,
   No. 16-cv-067781-BLF, 2018 WL 1411136 (N.D. Cal. Mar. 21, 2018) .................................15, 16

*Lynn's Food Stores, Inc. v. United States.*,
   679 F.2d 1350 (11th Cir. 1982) ..........................................13

*Mandujano v. Basic Vegetable Prods., Inc.*,
   541 F.2d 832 (9th Cir. 1976) ..........................................12

*Masters v. Wilhelmina Model Agency, Inc.*,
   473 F.3d 423 (2d Cir. 2007) ..........................................18

*Mills v. Cap. One, N.A.*,
   No. 1:14-cv-01937-HBP, 2015 WL 5730008 (S.D.N.Y. Sept. 30, 2015)..................................16

847233.15

*Munoz v. Giumarra Vineyards Corp.*,
  No. 1:09-cv-00703-AWI-JLT, 2017 WL 2665075 (E.D. Cal. June 21, 2017) ............................ 13

*Nat'l Rural Telcomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004).......................................................................................... 12

*Nen Thio v. Genji, LLC*,
  14 F. Supp. 3d 1324 (N.D. Cal. 2014).................................................................................. 13

*Ontiveros v. Zamora*,
  303 F.R.D. 356 (E.D. Cal. 2014) ............................................................................................ 8

*Przytula v. Bed Bath & Beyond Inc.*,
  No. 1:17-cv-05124 (MTM) (N.D. Ill. Jan. 29, 2019) ............................................................ 18

*Rabin v. PricewaterhouseCoopers LLP*,
  No. 16-cv-02276-JST, 2021 WL 837626 (N.D. Cal. Feb. 4, 2021) ...................................... 16

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ................................................................................................ 13

*Schneider v. Chipotle Mexican Grill, Inc.*,
  336 F.R.D. 588 (N.D. Cal. 2020) .......................................................................................... 11

*Schriver v. Golden Corral Corp.*,
  No. 4:17-cv-00136-BYP (N.D. Ohio May 31, 2018) ............................................................ 19

*Shanahan v. KeyBank*,
  No. 1:19-cv-02477-PAB, 2021 WL 1034403 (N.D. Ohio Mar. 16, 2021) ............................ 15

*Singer v. Becton Dickinson and Co.*,
  No. 08-cv-821-IEG (BLM), 2010 WL 2196104 (S.D. Cal. June 1, 2010)............................ 19

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ............................................................................................ 8, 9

*Stovall-Gusman v. W.W. Granger, Inc.*,
  No. 13-cv-02540-HSG, 2015 WL 3776765 (N.D. Cal. June 17, 2015) ........................ 11

*Walton v. AT&T Servs., Inc.*,
  No. 3:15-cv-03653-VC, 2018 WL 11376002 (N.D. Cal. Feb. 14, 2018)........................ 16

*Williams v. MGM-Pathe Commc'ns Co.*,
  129 F.3d 1026 (9th Cir. 1997) .............................................................................................. 19

**Federal Statutes**

28 U.S.C.
  § 1715 ...................................................................................................................................... 8

iv

847233.15

29 U.S.C.
§ 201, *et seq.* ............................................................................................ 2
§ 216(b) ...................................................................................................... 13

Fair Labor Standards Act ................................................................................ *passim*

Private Attorneys General Act ...................................................................... 4, 5

**State Statutes**

Cal. Lab. Code
§ 2698, *et seq.* ......................................................................................... 2
§ 2699(e)(l) ................................................................................................ 12

California Business and Professions Code
§ 17200 ...................................................................................................... 2

**Rules**

Fed. R. Civ. P.
23 ................................................................................................................ 14
23(a) ........................................................................................................... 5
23(b) ........................................................................................................... 5
23(e)(2) ...................................................................................................... 8

**Other Authorities**

*About NELP*, Nat'l Emp. L. Project, https://www.nelp.org/about-us/
(last visited Feb. 23, 2022) ...................................................................... 15

847233.15

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 31, 2022 at 9:00 a.m., in the Courtroom of the Honorable Jacqueline Scott Corley, located at Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Dimitri Dixon and Ryan Seltz, on behalf of themselves and all others similarly situated, will and hereby do move the Court to: finally approve the Settlement Agreement between the Plaintiffs and Defendants Cushman & Wakefield, Inc., Cushman & Wakefield Western, Inc., and Cushman & Wakefield of Washington, DC, Inc. settling the class, collective, and representative claims under California law and the federal Fair Labor Standards Act alleged in three cases; and grant service awards to named plaintiffs Dimitri Dixon and Ryan Seltz and to declarants Benjamin Blake, Eric Hix, Katherine Pierno, John Dickerson, Heather Elliot, and Teresa Simone.  This Motion is noticed to be heard with Plaintiffs' previously filed motion for attorneys' fees and costs and settlement administration costs (ECF No. 135).  The Court preliminary approved the Settlement Agreement on August 30, 2021 (ECF No. 134). Since then, Notice was provided to the Settlement Class and Collective Members and Opt-in Eligible Plaintiffs.  No one has opted out of the settlement or objected.

This Motion is based upon: the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Final Approval of the Class, Collective, and Representative Action Settlement and Service Awards; the Declaration of Laura L. Ho; the Declaration of Justin M. Swartz; the Supplemental Declaration of Jackie Hitomi; the Declarations of Dimitri Dixon (ECF No. 118), Ryan Seltz (ECF No. 119), Benjamin Blake, Eric Hix, Katherine Pierno, John Dickerson, Heather Elliot, and Teresa Simone; any oral argument of counsel; the complete files, records, and pleadings in the above-captioned matter; and such additional matters as the Court may consider.  A Proposed Order is submitted herewith.

Dated:  February 24, 2022

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/ Laura L. Ho
Laura L. Ho

*Attorneys for Plaintiffs. Settlement Class and Collective, and Aggrieved Employees*

1

847233.15

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION

3      Plaintiff Dimitri Dixon and Plaintiff Ryan Seltz move for final approval of a class, collective, and

4  representative action settlement of overtime and related claims under the Fair Labor Standards Act

5  ("FLSA"), 29 U.S.C. § 201, *et seq.*, the California Labor Code, the California Unfair Competition Law

6  ("UCL"), California Business and Professions Code section 17200, and the California Private Attorneys

7  General Act ("PAGA"), California Labor Code section 2698, *et seq.*, on behalf of approximately 475

8  Appraisers, Junior Appraisers, and Senior Appraisers ("Appraisers")[1] against Defendants Cushman &

9  Wakefield, Inc., Cushman & Wakefield Western, Inc., and Cushman & Wakefield of Washington, DC, Inc.

10  (together, "Cushman").  *See* Stipulation and Agreement to Settle Class, Collective, and Representative

11  Action ("Settlement Agreement"), Exhibit A to the Declaration of Laura L. Ho in Support of Plaintiffs'

12  Unopposed Motion for Preliminary Approval of Class, Collective, and Representative Action Settlement

13  ("Ho Prelim. Decl."), ECF No. 115.  The Settlement resolves three cases, which were combined into one

14  amended complaint in the instant case for settlement purposes: (1) *Dixon v. Cushman & Wakefield*

15  *Western, Inc.*, No. 3:18-cv-05813-JSC ("*Dixon I*"); (2) *Dixon v. Cushman & Wakefield, Inc.*, No. 3:20-cv-

16  07001-JSC ("*Dixon II*"); and (3) *Seltz v. Cushman & Wakefield, Inc.*, No. 1:18-cv-02092-BAH ("*Seltz*").

17      The Court granted preliminary approval of the proposed settlement on August 30, 2021.  Since

18  then, the Settlement Administrator has distributed notice to the California Class Members and non-

19  California Collective Members who had already opted in to the FLSA claim prior to the settlement.  Opt-in

20  Eligible Plaintiffs who had previously declined to join the case also received notice and were given a

21  second opportunity to opt into the FLSA claim as part of the settlement agreement.  No one has submitted

22  an objection and none of those individuals eligible to opt out of the settlement have done so.

23

24  _____

[1] There are 475 total Settlement California Class Members, Opt-In Plaintiffs, and Non-California Opt-In Eligible Plaintiffs.  Three hundred seventy-three (373) of those were Non-California Opt-In Eligible Plaintiffs, and 79 individuals submitted valid claims.  Therefore, the total number of people who will release claims against Cushman and receive settlement awards under the settlement is 102.  *See* Supplemental Declaration of Jackie Hitomi, filed herewith, ("Suppl. Hitomi Decl.") ¶ 21.  Plaintiffs' earlier filings indicated that there were 476 total Settlement Class Members, which included one individual for whom there were 0 workweeks in Defendants' data; without that individual, there are 475 total Settlement Class Members.  Declaration of Laura L. Ho in Support of Final Approval, filed herewith ("Ho Final Decl.") ¶ 5.

25

26

27

28

2

The positive reaction from the California Class and lack of any objection to the settlement reflects the satisfaction of the Settlement Class (*i.e.* all California Class Members and non-California Collective Members who have opted in to the FLSA claim) with the significant monetary relief provided by the Settlement as well as the employment practices changes that came about after the filing of the cases.  As discussed below, California Class Members will receive an average pre-tax award of over $15,000, Non-California Collective Members will receive an average pre-tax award of $3,299.96 for Junior Appraisers and $4,256.84 for Appraisers, and Non-California Opt-in Eligible Plaintiffs who opted into the settlement will receive an average pre-tax award of $2,005.37 for Junior Appraisers and $3,944.50 for Appraisers. When the benefits of a significant, timely, certain settlement payment are weighed against the risks of continued, protracted litigation, including potential defeat at class certification or on the merits, the fairness, adequacy, and reasonableness of the proposed settlement are apparent.  For these reasons, and as outlined in Plaintiffs' preliminary approval and attorneys' fees motions, Plaintiffs respectfully request the Court to grant final approval of the Settlement and award attorneys' fees and costs to Class Counsel, settlement administration costs, and service awards to the Named Plaintiffs and Declarants.

## II.    THE PROPOSED SETTLEMENT AND ALLOCATION AMONG SETTLEMENT CLASS MEMBERS

The Settlement requires Cushman to pay up to $4,900,000, plus the employer share of payroll taxes. *See* Settlement Agreement § 2.8(a).  From the common fund, the Settlement provides:

- Up to approximately $3,134,666.67 ("Net Settlement Fund,") to be used to pay individual settlement awards for each participating settlement class member under the following formula (*Id.* § 2.8(f)):

  - One point for each Non-California Opt-in Eligible Plaintiff (*i.e.* individuals who are eligible to opt into the FLSA claims and received a notice of the collective actions prior to the settlement but chose not to opt in) workweek;

  - Two points for each *Seltz* Opt-in Plaintiff (*i.e.* individuals who opted into the *Seltz* FLSA claim) and *Dixon II* Opt-in Plaintiff (*i.e.* individuals who opted into the *Dixon II* FLSA claim) workweek;

  - Three points for each California Class Member (*i.e.* individuals who worked for Defendants in California but did not opt into the *Dixon I* FLSA action) workweek; and,

3

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT AND SERVICE AWARDS; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

847233.15

- Four points for each *Dixon I* Opt-in Plaintiff (*i.e.* individuals who both worked in California and opted into the *Dixon I* FLSA action) workweek.

  o Each California Class Member's individual payment will be allocated one-third to wages, two-thirds to non-wages (Settlement § 2.8(g)), and all other Participating Claimants' individual payments will be allocated half to wages and half to non-wages (Settlement § 2.8(g));

  o All California Class Members and *Dixon II* and *Seltz* Opt-in Plaintiffs will be mailed a check (with no claim forms required) except those California Class Members who affirmatively opt out (and none have). *Id.* § 2.5(a). Non-California Opt-in Eligible Plaintiffs received a claim form with their notice of settlement. *Id.* § 2.5(f);

  o Defendants will not be responsible for paying the amount of the Net Settlement Fund equal to the combined Individual Payment Amounts for the Non-California Opt-in Eligible Plaintiffs who do not opt into the settlement. *Id.* § 2.8(a);

  o Any uncashed checks 180 days after the initial mailing will be voided and distributed as follows:

    - California Class Members' uncashed checks will be sent to the Controller of the State of California in the name of the California Class Member and held under the Unclaimed Property Law; (*Id.* § 2.8(i)(1));

    - Uncashed checks by Non-California Opt-in Eligible Plaintiffs who timely submitted consent to join forms will be sent to a *cy pres* beneficiary mutually agreed upon by the Parties and approved by the Court; (*Id.* § 2.8(i)(2));

    - Uncashed checks by *Dixon II* Opt-in Plaintiffs and *Seltz* Opt-in Plaintiffs will be deposited into Plaintiffs' Counsel's client trust account and held until the Plaintiff can be located (*Id.* § 2.8(i)(3));

- $20,000 to the California Labor and Workforce Agency ("LWDA") for the State of California's share of the $26,666.67 allocation of the fund for PAGA penalties (*Id.* § 2.8(h));

  o 25% of the PAGA allocation ($26,666.67), equal to $6,666.67, will be split pro rata among California Class Members who worked on or after August 14, 2017 (*Id.* § 2.8(h));

- Service awards to Named Plaintiffs ($10,000 each to Plaintiffs Dixon and Seltz) and Declarants ($2,000 each to Benjamin Blake, Eric Hix, Katherine Pierno, John Dickerson, Heather Elliot, and Teresa Simone) (*Id.* § 2.8(e));

- Settlement administration costs no greater than $20,000 (*Id.* § 2.8(e));

- the payment of one-third of the common fund, or $1,633,333.33, as attorneys' fees (*Id.* § 2.8(d)); and

4

847233.15

- reimbursement of actual litigation costs of not more than $60,000 (*Id.* § 2.8(d)). California Class Members will release claims that were asserted or could have been brought based on the facts alleged in the Second Amended Complaint related to Defendants' misclassification of California Class Members as exempt from California and federal overtime laws.  *Id.* § 4.1.  Non-California Collective Members and Non-California Eligible Opt-ins who submitted a claim form will release claims that were asserted or could have been brought based on the facts alleged in the Second Amended Complaint related to Defendants' misclassification of Non-California Collective Members and Non-California Eligible Opt-ins as exempt from federal and state overtime laws.  *Id.*  In contrast, Non-California Eligible Opt-ins who did not opt into the FLSA action do not release any claims against Defendants.  *Id.* § 2.5(f).  Both named Plaintiffs will sign a general release of claims in exchange for their service award.  *Id.* § 2.8(e).

### III.   RELEVANT BACKGROUND[2]

#### A.   The Court Preliminarily Approved the Settlement.

In its August 30, 2021 Order granting preliminary approval, the Court, among other things: (1) approved distribution of class notices; (2) set a 60-day period for California Class Members to opt out or object to the settlement; (3) set a 60-day deadline for Non-California Opt-In Eligible Plaintiffs to submit a claim form; (4) set a deadline (prior to the opt-out/objection deadline) for the filing of Plaintiffs' motion for attorneys' fees and costs; and (5) scheduled the final approval hearing for March 31, 2022.  Prelim. Appr. Order at 27. The Court preliminarily determined that the Settlement appeared to be fair, adequate, and reasonable.  *Id.* at 15-23.

The Court also conditionally certified the California Settlement Class under Federal Rule of Civil Procedure 23(a) & (b), finding: (1) at 111 members, the putative class is sufficiently numerous; (2) Plaintiff Dixon's experience as an Appraiser and claims against the Defendants are typical; (3) there are common questions of law and fact arising out of Cushman's employment policies and procedures; (4) Plaintiff Dixon and her Counsel were adequate representatives for the class; (5) common questions predominate over individual ones; and (6) a class action was a superior means of

---

[2] A more thorough summary of the procedural history of the three lawsuits involved in this settlement is set forth in Plaintiffs' Motion for Preliminary Approval, ECF No. 114, at pp. 3-4.

5

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT AND SERVICE AWARDS; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

847233.15

1   adjudicating the claims against Cushman than individual litigation.  Prelim. Appr. Order at 9-13.  The

2   Court also conditionally certified the FLSA collective action, noting that the *Seltz* and *Dixon I & II*

3   collectives had already been conditionally certified and that the collective for settlement purposes is

4   co-extensive with the already-certified collectives.  *Id.* at 13-14.

5   **B.**   **The Distribution of Notices Was Successful and Complied with the Court's Order.**

6         On September 3, 2021, settlement administrator CPT Group received a list of the names,

7   addresses, social security numbers, and other information for the Settlement Class Members, Opt-in

8   Plaintiffs, and Non-California Opt-In Eligible Plaintiffs.  Declaration of Jackie Hitomi, ECF No. 139

9   ("Hitomi Decl.") ¶ 3.  CPT processed the settlement class member addresses through the National

10  Change of Address database.  *Id*. ¶ 4.  On September 20, 2021, CPT mailed notices to the last known

11  addresses of the Settlement Class Members, Opt-in Plaintiffs, and Non-California Opt-In Eligible

12  Plaintiffs.  *Id*. ¶ 4.  CPT also sent notices by email for 206 of the Settlement Class Members, Opt-in

13  Plaintiffs, and Non-California Opt-In Eligible Plaintiffs for whom email addresses were available.  *Id.*

14        Of the 475 Notice Packets sent, 18 were returned to CPT.  Suppl. Hitomi Decl. ¶ 9.  CPT was

15  able to remail 14 notices, while 4 Notice Packets were not remailed because CPT was unable to find a

16  better mailing address.  *Id*.  Those without an updated mailing address did have an associated email

17  address and were sent Notice Packets by email.  *Id*.  In total, only 4 Class Members did not receive any

18  type of Notice because every mailing or e-mailing attempt was returned to CPT as undeliverable.  *Id*.

19  On October 21, 2021, CPT sent reminder mailings and emails to the 337 Non-California Opt-In

20  Eligible Plaintiffs who had not yet responded.  Hitomi Decl. ¶ 9.

21        The notices, which the Court considered and previously approved, fairly and clearly described

22  the following: (1) the proposed Settlement terms for monetary relief; (2) the amounts requested for the

23  Plaintiffs' and Declarants' service awards and for attorneys' fees and costs; (3) the manner in which

24  California Class Members could object to the Settlement or request exclusion; (4) the manner in which

25  California Class Members, Opt-in Plaintiffs, and Non-California Opt-in Eligible Plaintiffs could

26  dispute their number of workweeks; and (5) an estimated individual Settlement award for each

27  Settlement Class Member, Opt-in Plaintiff, and Non-California Opt-In Eligible Plaintiffs with an

28

847233.15

explanation of how allocations were determined and an invitation to contact Class Counsel with any questions concerning the allocation.  *See* Suppl. Hitomi Decl. Exs. A, B, D.  Non-California Opt-In Eligible Plaintiffs were sent Claim Forms with their Notices and given sixty days (or thirty days from a remailing) to submit a Claim Form if they wanted to opt into the FLSA claim and join the settlement. Settlement Agreement § 2.8(f).

All Settlement Class Members, Opt-in Plaintiffs, and Non-California Opt-In Eligible Plaintiffs were given forty-five days to challenge their number of workweeks.  *See* Settlement Agreement § 2.8(l).  Individuals who wanted to dispute employment information were required to submit their disagreement in writing and were permitted to include documentation to support the dispute.  *Id.*

Prior to sending Notice, CPT established a toll-free phone number and an email address that Class Members could contact with questions about the Settlement or to request re-mailings of the Notice and Claim Form.  Suppl. Hitomi Decl. ¶¶ 4, 6.  CPT has received 91 phone calls from Class Members and 12 emails from settlement class members.  *Id.* CPT received one workweek dispute from a Class Member.  After extensive review, the Class Member's dispute was approved, and her workweeks were updated in the class database and the award calculations were updated accordingly. *Id.* ¶ 12.

## C.  California Class Members Reacted Positively to the Settlement.

All of the California Class Members covered by the Settlement chose to accept it -- none objected or opted out – an outstanding result.  Ho Final Decl. ¶ 7; Suppl. Hitomi Decl. ¶¶ 10-11.  The Named Plaintiffs and Declarants have each submitted declarations expressing their belief that the Settlement was a favorable result for the class.  *See* Declaration of Dimitri Dixon in Support of Pls.' Mot. for Prelim. Appr. ("Dixon Decl."), ECF No. 118, ¶ 20; Declaration of Ryan Seltz in Support of Pls.' Mot. for Prelim. Appr. ("Seltz Decl."), ECF No. 119, ¶ 23; Declaration of Benjamin Blake in Support of Pls.' Mot. for Final Appr., filed herewith ("Blake Decl.") ¶ 7; Declaration of Eric Hix in Support of Pls.' Mot. for Final Appr., filed herewith ("Hix Decl.") ¶ 7; Declaration of Katherine Pierno in Support of Pls.' Mot. for Final Appr., filed herewith ("Pierno Decl.") ¶ 9; Declaration of John Dickerson in Support of Pls.' Mot. for Final Appr., filed herewith ("Dickerson Decl.") ¶ 6; Declaration

7

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT AND SERVICE AWARDS; MPA IN SUPPORT THEREOF - CASE NO. 3:18-cv-05813-JSC

847233.15

1   of Heather Elliot in Support of Pls.' Mot. for Final Appr., filed herewith ("Elliot Decl.") ¶ 6;

2   Declaration of Teresa Simone in Support of Pls.' Mot. for Final Appr., filed herewith ("Simone Decl.")

3   ¶ 6.

4        Class Counsel spoke to several individuals who are eligible to receive settlement awards,

5   including two Non-California Opt-In Eligible Plaintiffs who sought help with submitting their claim

6   forms.  Ho Final Decl. ¶ 6.  Several individuals expressed their gratitude for the settlement.  *Id.*

7   **D.**     **Compliance with CAFA Notice and LWDA Notice.**

8        The Parties, through CPT, provided notice as required by the Class Action Fairness Act, 28

9   U.S.C. § 1715, on September 21, 2021.  *See* Hitomi Decl. ¶ 10.

10        Class Counsel notified the LWDA of the proposed settlement of Plaintiffs' PAGA claim.  Ho

11   Final Decl. ¶ 8.

12                  **IV.**     **ARGUMENT**

13
14   **A.**     **Final Approval of the California Class Action Settlement Should Be Granted as the Settlement Is Fair, Adequate, and Reasonable.**

15        Class action settlement agreements must be fair, adequate, and reasonable.  Fed. R. Civ. P

16   23(e)(2).  Where parties reach an agreement before class certification, "courts must peruse the

17   proposed compromise to ratify both the propriety of the certification and the fairness of the

18   settlement."  *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  The Court has already

19   preliminarily approved the settlement; at the second, final approval stage, the Court entertains any

20   objections to the settlement or treatment of the litigation as a class action.  *Ontiveros v. Zamora*, 303

21   F.R.D. 356, 363 (E.D. Cal. 2014) (citing *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408

22   (9th Cir. 1989)).

23        In the Ninth Circuit, several factors are considered in determining whether a class settlement is

24   fair, adequate, and reasonable: (1) the strength of the case; (2) the risk, expense, complexity and likely

25   duration of further litigation; (3) the amount offered in settlement; (4) the extent of discovery

26   completed and the stage of the proceedings; (5) the experience and views of counsel; (6) the presence

27
28

847233.15

of a governmental participant and (7) the reaction of the class to the proposed settlement. *See Staton*, 327 F.3d at 959.  Here, all of the relevant factors weigh in favor of final approval.

### 1. Strength of Plaintiffs' Case and the Risks of Proceeding with Litigation Support Final Approval.

The Court should reaffirm that this Settlement is fair because the value of the settlement is significant given the litigation risks and uncertainties.  *See* Prelim. Appr. Order ¶ 3.

Plaintiffs contend that Defendants incorrectly misclassified California Appraisers as exempt employees and thereby deprived them of compensation for overtime, missed meal and rest breaks, accurate wage statements, all wages twice per month and upon termination, and other guarantees under California law.  Ho Prelim. Decl. ¶ 20.  Plaintiffs maintain that they would likely prevail at trial because Plaintiffs believe the case has significant strengths yet recognize that they face significant risks with continued litigation, including the possibility of losing a motion for class certification and the difficult burden of proving the amount of overtime work.  *Id.* ¶¶ 34-35.

### 2. The Likely Expense and Duration of Further Litigation Favors Final Approval.

Without this early settlement Plaintiffs would spend time and resources on discovery including depositions, motions for summary judgment, a motion for class certification, and ultimately appearing at trial.  Ho Prelim. Decl. ¶ 36.  Extensive litigation would be costly, time-consuming, and uncertain, and even if Plaintiffs prevailed at trial, an appeal would likely follow.  *Id*.  By contrast, the settlement ensures timely relief and substantial recovery of the wages, damages, and other amounts that Plaintiffs and class members contend they are owed.  *Id.*  This strongly favors settlement.

### 3. The Excellent Results Obtained for the Settlement Class Members Weighs in Favor of Final Approval.

The Settlement provides extensive relief for those current and former employees who are eligible to receive settlement awards, as well as new and future employees.  After *Seltz* was filed, Cushman reclassified Junior Appraisers to non-exempt employees (as of September 9, 2019), and in January 2021 changed its pay practices for employees who received recoverable draws.  Ho Prelim. Decl. ¶ 2; *see* Prelim. Appr. Order at 22-23 ("These are significant forms of relief to current and future

9

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE
ACTION SETTLEMENT AND SERVICE AWARDS; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

847233.15

Appraisers that came about because of Plaintiffs' lawsuits.").  As part of the Settlement Agreement, Cushman has agreed not to enforce its promissory notes against any participating Settlement Class members.  Settlement Agreement § 4.2.

The Settlement's monetary relief is well within the range of possible approval based on recovery as a percent of maximum exposure.  Ho Prelim. Decl. ¶ 37; Plaintiffs' Motion for Preliminary Approval ("Mot. for Prelim. Appr."), ECF No. 114 at pp. 14-15; Plaintiffs' Suppl. Briefing in Supp. of Mot. for Prelim. Approval, ECF No. 128 at pp.13-16.  The Settlement provides the Class with immediate and significant settlement payments.  The average pre-tax payment for California Class Members who did not opt into the FLSA claim is $15,435.34, and those California Class Members who did opt into the FLSA claim will receive an average pre-tax award of $15,372.30.  *See* Suppl. Hitomi Decl. ¶ 15.[3]  Defendants will pay separately their share of employer payroll taxes – a further financial benefit to the California Settlement Class.  *See* Settlement Agreement § 2.8(a).

This monetary relief provides good value when contrasted to the maximum damages.  Plaintiffs calculated the maximum damages exposure for each claim, assuming total victory, and also calculated a more realistic exposure based on the litigation risks.  Suppl. Decl. of Laura Ho in Supp. of Pls.' Mot. for Prelim. Appr., ECF No. 129 ("Ho Suppl. Decl.") ¶¶ 14-17, Ex. E.  The estimated distribution for the California Class Members who did not opt into the FLSA claim is approximately 5.98% of the maximum exposure for that group's claims, while the estimated distribution for California Class Members who did opt-in is about 11.44% of the maximum exposure of that group's claims.  *Id*. Ex. E. The gross settlement fund with a maximum of $4.9 million is an estimated 8% of the total maximum recovery.  Ho Prelim. Decl. ¶ 37.  The Settlement provides California Class Members with payments that are significant given the litigation risks.  *See* Prelim. App. Order at 22 (citing *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-cv-02540-HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015)).

---

[3] The awards for the Settlement Collective Members are also significant.  Those who opted into the *Seltz* FLSA action will receive an average pre-tax award of $3,299.96 and those who opted into the *Dixon II* FLSA action will receive an average pre-tax award of $4,286.84.  Suppl. Hitomi Decl. ¶¶ 16, 18.  Those Non-California Opt-In Eligible Plaintiffs who submitted claim forms, thereby opting into the FLSA claim, will receive an average award of $2,005.37 for Junior Appraisers and an average award of $3,9440.50 for Appraisers.  *Id.* ¶¶ 17, 19.

847233.15

The successful monetary result here compares favorably with those in other settlements approved in this district.  *See Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 597 (N.D. Cal. 2020) (granting final approval where total settlement was about 7.4% of the estimated damages based on a nationwide class); *Haralson v. U.S. Aviation Servs.Corp.*, No. 16-cv-05207-JST, 2021 WL 5033832, at *5 (N.D. Cal. Feb. 3, 2021) (granting final approval where settlement fund was about 10% of the potential damages); *Stovall-Gusman*, 2015 WL 3776765, at *4 (approving settlement where total settlement fund represented 10% of plaintiffs' estimated trial award).  The monetary result paired with the non-monetary results (including the reclassification of Junior Appraisers as non-exempt and changes to Defendants' recoverable draw system, as well as Defendants' agreement not to enforce its promissory notes against participating settlement class members) of this settlement are outstanding.

### 4. The Settlement Is Informed by Sufficient Information and Discovery.

As set forth in the preliminary approval papers, *Seltz* and *Dixon* Counsel engaged in intensive investigation and attempted to mediate early in these lawsuits, and Cushman provided discovery to aid the parties' multiple mediation efforts.  The parties had enough information about their relative positions to adequately and fairly negotiate the Settlement Agreement.  *See* Mot. for Prelim. Appr at 3-4; Prelim. Appr. Order at 15-17 ("Here, the fact that the parties engaged in extensive discovery, participated in three mediations with experienced mediators, and obtained conditional certification of the FLSA classes pre-settlement all indicate that Plaintiffs were well-informed about the cases and their strengths and weaknesses prior to entering into the Settlement Agreement.").

### 5. The Settlement Is Supported by Experienced Class Counsel and Able Class Representatives.

The settlement Class Members have been represented by attorneys who are very experienced in the areas of law at issue here.  *See* Ho Prelim. Decl. ¶¶ 48-51; Decl. of Deirdre A. Aaron in Supp. of Pls.' Mot. for Prelim. Appr., ECF No. 116, ¶¶ 26-30; Decl. of Paolo Meireles in Supp. of Pls.' Mot. for Prelim. Appr., ECF No. 117, ¶¶ 5-13.  Class Counsel have extensive experience serving as class counsel in cases like this one and have well-recognized expertise in both the substance of wage and hour claims and the procedure of class and collective actions.  *Id.*  Class Counsel strongly support

847233.15

1    approval of this Settlement, and such support should be accorded significant consideration.  *See* Ho

2    Prelim. Decl. ¶ 25.  "'Great weight' is accorded to the recommendation of counsel, who are most

3    closely acquainted with the facts of the underlying litigation.  This is because '[p]arties represented by

4    competent counsel are better positioned than courts to produce a settlement that fairly reflects each

5    party's expected outcome in the litigation' [and] [t]hus, 'the trial judge, absent fraud, collusion, or the

6    like, should be hesitant to substitute its own judgment for that of counsel.'"  *Nat'l Rural Telcomms.*

7    *Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (citations omitted).

8         The Plaintiffs have ably represented the Class, have been engaged in the litigation, have no

9    conflicts with class, and based upon their knowledge of the facts and their experience in helping to

10   litigate the case, they believe that the Settlement is an excellent result for the California and FLSA

11   settlement classes.  *See* Dixon Decl. ¶¶ 5-20; Seltz Decl. ¶¶ 4-23.

12         **6.    The LWDA Has Been Adequately Notified of the Settlement of the PAGA Claim.**

13        California's LWDA must be notified of any proposed settlement of PAGA claims and must

14   receive a copy of any superior court's judgment that provides or denies civil penalties under PAGA.

15   Cal. Lab. Code § 2699(e)(l)(2) & (3).  Class Counsel has notified the LWDA of the proposed

16   settlement and will upload any judgment from this Court approving the settlement of Plaintiffs' PAGA

17   claim and allocation of penalties to the LWDA on its online portal.  Ho Final Decl. ¶ 8.

18         **7.    The Uniformly Positive Reactions of the Settlement Class Strongly Favors**

19         **Approval.**

20        The Ninth Circuit and other federal courts have made clear that the number or percentage of

21   class members who object to or opt out of the settlement is a factor of great significance.  *See*

22   *Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976); *Cmty. Res. for Indep.*

23   *Living v. Mobility Works of Cal., LLC*, 533 F. Supp. 3d 881, 889-90 (N.D. Cal. 2020) ("The absence of

24   a negative reaction weighs in favor of approval.") (citing *Chun-Hoon v. McKee Foods Corp.*, 716 F.

25   Supp. 3d 848, 852 (N.D. Cal. 2010) (internal quotation marks omitted)).

26

27

28

847233.15

As discussed above, after receiving notice and after Plaintiffs filed their Fee Motion, not one California Class Member has objected to or opted out of the Settlement.  Suppl. Hitomi Decl. ¶¶ 10-11; Ho Final Decl. ¶ 7.  This unanimous support for the Settlement favors final approval.

**B.**     **The FLSA Portion of the Settlement Should Be Finally Approved.**

The settlement of a private action for wages under the FLSA, 29 U.S.C. § 216(b), should be approved by the Court if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). Settlement of FLSA collective actions typically require only one-step approval. *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (citing *Jones v. Agilysis, Inc.*, No. 12-cv-03516-SBA, 2013 WL 4426504, at *2 (N.D. Cal. Aug. 15, 2013)).

As explained in the preliminary approval motion, the settlement of the FLSA claims reflect a compromise on disputed issues much like the ones regarding the California Class, plus the additional argument surrounding the fluctuating workweek.  Pls.' Mot. for Prelim. Appr. at 17-18.  The Settlement Agreement was reached in an adversarial context with parties represented by experienced counsel and was reached with the assistance of an experienced mediator.  Ho Prelim. Decl. ¶ 32.

The settlement provides significant relief to members of the collective.  *Seltz* and *Dixon II* Opt-In Plaintiffs will receive an average pre-tax award of $3,299.96 and $4,256.84, respectively.  Suppl. Hitomi Decl. ¶¶ 16, 18.  Individuals who were eligible to opt-in to the FLSA claims prior to settlement, but declined that opportunity, were given a second opportunity to join the case – 79 people who had previously declined to opt in decided to submit a claim to join this settlement.  *Id*. ¶ 14.  Those individuals will receive a median award of $3,944.50 for Appraisers and $2,005.37 for Junior Appraisers.  *Id*. ¶¶ 17,19.  Those claims submitted represent a 23% claims rate for those who had not yet opted in to the FLSA claim, or 26% including those who had previously opted into the FLSA claim.  *Id.* ¶ 21.  The opt-in rate here is comparable to or higher than the claims rates in similar settlements.  *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (court did not abuse its discretion in finding that a claims rate of about 14% was a favorable reaction to a settlement); *Munoz v. Giumarra Vineyards Corp.*, No. 1:09-cv-00703-AWI-JLT, 2017 WL 2665075, at *7 (E.D.

13

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT AND SERVICE AWARDS; MPA IN SUPPORT THEREOF - CASE NO. 3:18-CV-05813-JSC

847233.15

Cal. June 21, 2017), *findings & recommendations adopted*, 2017 WL 7371175 (E.D. Cal. Nov. 27, 2017) (settlement approved in employment action with approximately 28% participation rate); *Four in One Co., Inc. v. S.K. Foods, L.P.*, No. 2:08-cv-03017-KJM-JDP, 2014 WL 4078232, at *11 (E.D. Cal. Aug. 14, 2014) (stating that a 27.5% response rate is "in fact high compared to other response rates considered by the courts," and identifying cases where settlements were approved with only a 1% or 2% claims rate).

That a portion of the settlement fund allocated to Non-California Opt-In Eligible Plaintiffs will not have to be funded by Cushman because some Non-California Opt-In Eligible Plaintiffs chose not to submit a claim (thereby not opting into the settlement and not releasing claims against Defendants), does not create a suspect reversion because it is not a true reversion; Defendants are not getting an unfair benefit of a release of claims without having to pay. *See* Pls.' Suppl. Briefing in Supp. of Mot. for Prelim. Appr., ECF No. 128, at pp. 4-8. The Settlement here ensures that California workers who have FLSA claims will receive a check for both their California Labor Code and FLSA claims *unless* they choose to opt out of the settlement (which none have). No California Settlement Class Members were required to submit a claim form prior to receiving a check. It is only the portion of the fund that is allocated to settlement awards for Non-California Opt-In Eligible Plaintiffs – who are not members of a Federal Rule of Civil Procedure 23 class and are not before the Court until they affirmatively join the case – that Defendants are not obligated to fund.

Here, for all of the reasons set forth above, the settlement represents a fair and reasonable resolution of bona fide dispute over wages, the court should approve the settlement.

## C.     The Court Should Approve the Parties' Selected *Cy Pres* Recipient: National Employment Law Project.

The Parties have agreed that any funds from checks that remain uncashed by Non-California Eligible Plaintiffs who submit a Claim Form but fail to cash checks shall be distributed to the National Employment Law Project ("NELP"). Ho Suppl. Decl. ¶ 10. NELP is a non-profit organization that "fights for policies to create good jobs, expand access to work, and strengthen protections and support

14

847233.15

for low-wage workers and unemployed workers."[4]  Considering the broad humanitarian and remedial purpose of the FLSA, and the fact that the alleged injury to Non-California Eligible Plaintiffs in this case was a violation of their right to overtime wages under state and federal law, NELP's work and interests align closely with those of Non-California Eligible Plaintiffs.  *See Shanahan v. KeyBank*, No. 1:19-cv-02477-PAB, 2021 WL 1034403, at *5 (N.D. Ohio Mar. 16, 2021) (approving NELP as the cy pres recipient and finding that "NELP's 'interests reasonably approximate those being pursued by' Class Members as its nationwide mission of, inter alia, strengthening protections and support for low-wage workers is in line with the broad humanitarian and remedial purpose of the FLSA.") (citation omitted).  NELP is also an appropriate *cy pres* recipient because its work is nationwide, like the geographic distribution of Non-California Eligible Plaintiffs, who worked for Cushman in approximately 30 states.  Ho Suppl. Decl. ¶ 10.  Finally, because Non-California Eligible Plaintiffs were required to submit Claim Form with their current address to participate and have thereby indicated their interest in receiving a check, Class Counsel anticipates that any distribution to NELP will be modest.  *Id.*

**D.     The Class Representatives' Requested Service Awards Are Reasonable and Appropriate.**

**1.     The Requested Service Awards are Appropriate**

The proposed service awards of $10,000 to Plaintiffs Dixon and Seltz are consistent with service awards approved for employment litigation plaintiffs in this District.  *See Hubbard v. RCM Techs. (USA), Inc.*, No. 19-cv-6363-YGR, 2021 WL 5016058, at *6 (N.D. Cal. Oct. 28, 2021) (approving $10,000 service award in employment class action where plaintiff stepped forward to represent the interests of 307 others, compiled documents, regularly corresponded with counsel, and risked litigation and the chance of paying the other side's costs); *Bailey v. Kinder Morgan G.P., Inc.*, No 18-cv-03424-TSH, 2020 WL 5748721, at *8-9 (N.D. Cal. Sept. 25, 2020) (awarding $10,000 service award where plaintiff provided documents to and regularly conferred with counsel, responded to discovery, attended mediation, and risked reputational harm); *Jacob v. Pride Transp., Inc.*, No. 16-

---

[4] *About NELP*, Nat'l Emp. L. Project, https://www.nelp.org/about-us/ (last visited Feb. 23, 2022).

15

cv-067781-BLF, 2018 WL 1411136, at \*6 (N.D. Cal. Mar. 21, 2018) (awarding two $10,000 service awards to plaintiffs where each provided valuable documents and information to counsel, assumed the risk of being counter-sued and being liable for costs, and risked being blacklisted by other employers).

Additionally, the service awards of $2,000 for each of the Declarants is supported by similar awards approved in other cases. *See, e.g.*, *Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-02276-JST, 2021 WL 837626, at \*10 (N.D. Cal. Feb. 4, 2021) (awarding $1,000 service awards to declarants in part "because they have exposed themselves to potential retaliation from future employers");[5] *Mills v. Cap. One, N.A.*, No. 1:14-cv-01937-HBP, 2015 WL 5730008, at \*17-18 (S.D.N.Y. Sept. 30, 2015) (awarding $3,000 service awards to opt-in plaintiffs that provided declarations in advance of the parties' mediation); *Walton v. AT&T Servs., Inc.*, No. 3:15-cv-03653-VC, 2018 WL 11376002, at ¶ 14 (N.D. Cal. Feb. 14, 2018) (awarding $5,000 witness service awards for plaintiffs that submitted declaration in support of the plaintiffs' certification motion), Declaration of Justin Swartz in Support of Plaintiffs' Motion for Final Approval, filed herewith ("Swartz Decl.") ¶ 22.

The factors this Court uses in determining service awards include: (1) the time and effort that representatives put into the litigation, (2) the collective outcome of the case, comparing the service awards to the range of monetary recovery available to the class, and (3) assuming personal risks in the lawsuit. *See Hubbard*, 2021 WL 5016058, at \*6; *Jacob*, 2018 WL 1411136, at \*6.

All of the above factors support the service awards requested here. The reasonable service award of $10,000 for Plaintiffs Dixon and Seltz are intended to compensate them for the critical role they played in this case, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the settlement classes. Plaintiff Dixon estimates that she spent approximately 30 hours on this case, including explaining to counsel how her job worked and gathering documents for her attorneys' investigation of the claims, strategizing about how to prosecute the case, and engaging in mediation and negotiation – a significant investment of time and effort. Dixon Decl. ¶¶ 5-17. Plaintiff

---

[5] In *Rabin* the court also awarded the service awards because the declarants had agreed to sign general releases, 2021 WL 837626, at \*10, which Declarants have not done here. However, there the court also reduced the requested awards because the plaintiffs did not elaborate on the declarants' contributions or time spent on the litigation. *Id.* Here, each of Declarant has submitted a declaration detailing his or her contribution to and time spent on the litigation.

1   Seltz similarly spent around 37-40 hours on this case.  Seltz Decl. ¶¶ 13-19.  Plaintiffs played a critical

2   role in securing this settlement for class members, many of whom were scared to opt into the FLSA

3   actions due to fears of negative employment repercussions.  Dixon Decl. ¶ 18; Seltz Decl. ¶ 20.  Both

4   Plaintiffs will sign a general release of claims against Cushman.  Settlement Agreement § 2.8(e).

5   Plaintiffs also took on the negative notoriety resulting from suing their former employer and the risks

6   of paying costs personally if the Defendants prevailed.  Dixon Decl. ¶ 19; Seltz Decl. 21.  Finally, the

7   awards to Plaintiffs are not disproportionate to the payments class members will receive – California

8   Class Members like Plaintiff Dixon will receive an average pre-tax award of over $15,000 and Opt-In

9   Plaintiffs like Plaintiff Seltz will receive an average pre-tax award of over $3,000.  *See* Suppl. Hitomi

10  Decl. ¶¶ 15, 16, 18.

11       The proposed service awards of $2,000 for each of the Declarants is also warranted.

12  Declarants each devoted approximately three to 6.5 hours to preparing declarations in support of

13  Plaintiffs' respective motions for conditional certification of the FLSA collectives, including reviewing

14  documents and multiple drafts of the declaration and engaging in multiple telephone interviews with

15  Plaintiffs' counsel.  Blake Decl. ¶ 5; Hix Decl.¶ 5; Pierno Decl. ¶ 5; Dickerson Decl. ¶ 4; Elliot Decl. ¶ 4;

16  Simone Decl. ¶ 4.  By affiliating themselves publicly with the case, Declarants face the risk that their

17  current or future employers might retaliate against them for their involvement in this lawsuit.  In fact,

18  one Declarant's declaration was quoted directly in an article published in a real estate appraisal

19  industry publication without her knowledge or consent.  *See* Pierno Decl. ¶ 7.

20       The Class Notices included the proposed service awards to Plaintiffs and Declarants.  *See*

21  Suppl. Hitomi Decl. Exs. A, B, D.  No class member has complained of the proposed service award.

22  Class Counsel believes the requested amounts are the minimum that would viably promote the public

23  policy interest in encouraging those with wage claims to assert them despite the fears associated with

24  doing so.  Ho Final Decl. ¶ 9.

25

26

27

28

847233.15

E.      **Class Counsel's Requested Attorneys' Fees and Costs Awards Are Reasonable and Justified.**

Plaintiffs' fee request is briefed in the Fee Motion being heard herewith.  Plaintiffs request an attorneys' fees award of $1,633,333.33, which is one-third of the maximum Settlement Amount.  As was the case when Plaintiffs filed their fee motion, no objections to the fee request have been made to date.  The lack of objections also confirms that the outstanding result obtained for the Class justifies the requested fee award.

Since Plaintiffs filed their Fee Motion, Class Counsel have continued to expend time fielding calls from settlement class members, supervising the notice process, and preparing this Motion for Final Approval and Service Awards.  *See* Ho Final Decl. ¶ 13.  Class Counsel will continue to spend time securing final approval, updating the Class concerning the results of the final approval hearing, assuring payout to settlement class members, and responding to questions and concerns of settlement class members and the Settlement Administrator during the distribution process.  *Id.* ¶¶ 13-14.  Class Counsel's updated lodestar, which includes the additional time required to bring this case to a close after submission of this motion, is $1,793,454.26.  *Id* ¶ 14.  This represents a negative multiplier of approximately 0.91 on Class Counsel's approximate lodestar through final approval and the distribution of settlement checks.  *Id.* ¶ 15.

Courts regularly approve one-third of the maximum settlement fund in cases involving FLSA claims even where the claim rate is less than 100% and defendants ultimately fund less than the maximum amount.  *See, e.g.*,  *Hightower v. JPMorgan Chase Bank, N.A.*, No. 2:11-cv-01802-PSG-PLA, 2015 WL 9664959, at *2, *10-12 (C.D. Cal. Aug. 4, 2015) (approving $3.6 million fee award of 30% of maximum settlement fund where up to 35% of the net settlement amount could revert back to the defendant); *Davis v. Brown Shoe Co., Inc.*, No. 1:13-cv-01211-LJO-BAM, 2015 WL 6697929, at *6-10 (E.D. Cal. Nov. 3, 2015) (recommending fee award of 29.5% of the gross settlement amount where defendant did not pay $552,250 of the $952,250 net settlement fund). [6]  The Ninth Circuit has

---

[6] *See also Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436-37 (2d Cir. 2007) (holding that district court erred when it calculated percentage of fund on basis of claims made against the fund rather than on the entire fund created by counsel's efforts); *Przytula v. Bed Bath & Beyond Inc.*, No. 1:17-cv-05124 (MTM) (N.D. Ill. Jan. 29, 2019), ECF No. 123 (approving Plaintiffs' Counsel's FLSA

847233.15

found error where a district court calculated attorneys' fees based on the total of claims submitted rather than the total settlement fund. *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) ("[A]ttorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund so that money remains in it that otherwise would be returned to the defendants.") (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-81 (1980)).  Here, an award of one-third of the maximum settlement fund is appropriate even though Cushman is not obligated to fund the entire maximum settlement fund because not all those who were eligible chose to opt in.[7]

Plaintiffs also request reimbursement of litigation costs incurred in the amount of $60,000, which is less than Class Counsel's incurred costs to date (a total of $62,429).  *See* Ho Final Decl. ¶ 17. For the reasons set forth in Plaintiffs' Fee Motion, these costs are justified.  *See* Pls.' Mot. for Attorneys' Fees & Costs, ECF No. 135 at 17-18.  The requested costs amount was stated in the Class Notice, to which no Class Member objected.  *See* Suppl. Hitomi Decl. ¶ 11 & Exs. A, B, D.

**F.      The Court Should Approve the Settlement Administrator's Costs.**

As set forth in Plaintiffs' Fee Motion, the Settlement Administrator, CPT, has estimated that it will cost about $20,000 through the disbursement of settlement awards for the administration of this settlement.  Hitomi Decl. ¶ 11.  CPT has provided a summary of its responsibility over administering

---

case in which unclaimed funds and uncashed check amounts were not paid by defendant and awarding one-third of $8.5 million settlement for attorneys' fees), Suppl. Decl. of Deirdre A. Aaron in Support of Pls.' Mot. for Prelim. Approval of Class, Collective, and Representative Action Settlement, ECF No. 130 ("Aaron Suppl. Decl.") ¶ 5, Exs. A & B; *Schriver v. Golden Corral Corp.*, No. 4:17-cv-00136-BYP (N.D. Ohio May 31, 2018), ECF No. 67 (approving Plaintiffs' Counsel's FLSA case in which unclaimed funds and uncashed check amounts were not paid by defendant and awarding one-third of $3.9 million settlement for attorneys' fees), Aaron Suppl. Decl. ¶ 6, Exs. C & D.

[7] Even if the Court were to look only at the amount actually paid out, which it should not, CPT estimates that the total amount Defendants will ultimately pay given the number of claims submitted and the employer's share of payroll taxes is $3,983,333.70.  Hitomi Suppl. Decl. ¶ 22.  Plaintiffs' requested fees are 41% of that total, a percentage comparable to those regularly approved in class settlements.  *See, e.g.*, *De La Torre v. CashCall, Inc.*, No, 08-cv-03174-MEJ, 2017 WL 5524718, at *10-13 (N.D. Cal. Nov. 17, 2017) (awarding 40% of the common fund for attorneys' fees); *Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST, 2015 WL 12932332, at *6-7 (N.D. Cal. Sept. 3, 2015) (awarding 38.8% of the wage and hour common fund to attorneys' fees); *see also Singer v. Becton Dickinson and Co.*, No. 08-cv-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (citing cases awarding fees ranging from 33.33% to 40% of the wage and hour class action common fund).

1  the settlement, including emailing, printing, and mailing the Notice and Claim Form to all Settlement

2  Class Members, Opt-in Plaintiffs, and Non-California Opt-in Eligible Plaintiffs, as well as reminder

3  mailings; establishing and maintaining a status website containing case documents; collecting and

4  processing responses, including claim forms for Non-California Opt-in Eligible Plaintiffs; calculating

5  and distributing the Individual Settlement Payments; tax reporting; providing necessary reports and

6  declarations; and performing other tasks required by the Settlement Agreement, by agreement of the

7  parties, or that the Court orders. *Id.* ¶¶ 2-5, 8-11. CPT and Class Counsel believe that CPT's estimated

8  costs are reasonable given the number of settlement class and collective members and methods of

9  notice. *Id.* ¶ 11; Ho Fees Decl. ¶ 31. The Court should approve the requested settlement

10  administration costs.

## V.    **CONCLUSION**

12  For the foregoing reasons, Plaintiffs respectfully request that this Court grant final approval of

13  the Settlement reached in this matter; grant service awards totaling $32,000; approve the requested

14  attorneys' fees and costs and settlement administrator costs for the reasons described in the previous

15  filed Fee Motion and above; and enter the judgment accordingly. A Proposed Order is submitted

16  herewith.

17  Dated:  February 24, 2022                    Respectfully submitted,

18                                               GOLDSTEIN, BORGEN, DARDARIAN & HO

20                                               */s/ Laura L. Ho*
                                                 Laura L. Ho

22                                               *Attorneys for Plaintiffs. Settlement Class and
                                                 Collective, and Aggrieved Employees*

847233.15