UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI DIXON, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CUSHMAN & WAKEFIELD WESTERN, INC., et al.,<br><br>   Defendants. | Case No. 18-cv-05813-JSC<br><br>**ORDER REQUESTING SUPPLEMENTAL DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL**<br><br>Re: Dkt. No. 141 |

In this wage and hour lawsuit, Plaintiffs allege that Cushman & Wakefield Western, Inc. unlawfully denied appraiser and senior appraiser employees guaranteed wage and overtime compensation due to their misclassification as exempt employees under California wage and hour laws, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. The parties in *Dixon* have reached a global settlement which resolves three cases that are being combined into one amended complaint in the instant case for settlement purposes: (1) *Dixon v. Cushman & Wakefield Western, Inc.*, Case No. 3:18-cv-05813-JSC (N.D. Cal.) ("*Dixon I*"); (2) *Dixon v. Cushman & Wakefield, Inc.*, Case No. 3:20-cv-07001-JSC (N.D. Cal.) ("*Dixon II*"); and (3) *Seltz v. Cushman & Wakefield, Inc.*, Case No. 1:18-cv-02092-BAH (D. D.C.) ("*Seltz*"). Plaintiffs' unopposed motion for final approval is now pending before the Court. (Dkt. No. 141.) Upon review of the motion, the Court has questions regarding the allocation of the settlement. Accordingly, the Court ORDERS Plaintiffs to file a supplemental declaration as set forth below.

As discussed in the Order granting preliminary approval of the settlement, the Settlement Agreement directs that up to approximately $4,134,666.67 of the $4,900,000 common fund will be used to pay individual settlement awards for each participating settlement class member under a points-based formula. (Dkt. No. 134 at 4-5 (citing Dkt. No. 115-1, Settlement Agreement at § 2.8(f)).)

1    Under this formula, Non-California Opt In Eligible Plaintiffs receive the least amount of points (1

2    point) and California Class Members who opted into the FLSA claim receive the most points (4

3    points).  According to the motion for final approval and supporting declaration of Jackie Hitomi,

4    the settlement administrator, the average pre-tax payment for California Class Members who did

5    *not* opt into the FLSA claim is $15,435.34 and the average pre-tax award for those California

6    Class Members who did opt into the FLSA claim is $15,372.30. (Dkt. No. 144, Supp. Hitomi

7    Decl. at ¶ 15.)   It is unclear why the class members who opted in are receiving a smaller award

8    that those who did not opt in given the points allocation.  In the declaration that Plaintiffs' counsel

9    provided with the motion for attorneys' fees, Ms. Ho estimates that "California Class Members

10   will receive an average pre-tax award of $15,074.70, and those California Class Members who

11   also opted into the FLSA claim will receive an average award of $16,760.67."  (Dkt. No. 136 at ¶

12   7.)  Neither the motion for final approval nor the supporting Hitomi Declaration explain the

13   discrepancy between the amounts now set forth.

14   In addition, the Settlement Agreement states that Defendants would not be responsible for

15   paying the amount of the Net Settlement Fund equal to the combined Individual Payment

16   Amounts for the Non-California Opt-in Eligible Plaintiffs who do not opt into the settlement. (Dkt.

17   No. 115-1, Settlement Agreement at § 2.8(a)).  When the Court raised questions about the potential

18   reversionary nature of this clause, Plaintiffs assured the Court that this amount would be quite

19   small because they estimated that at least 30 percent of eligible individuals would submit claim

20   forms.  (Dkt. No. 134 at 20.)  However, the motion for final approval does not clearly identify the

21   amount of the reversion in light of the opt ins. (Dkt. No. 141 at 20; Dkt. No. 144 at ¶ 21.)

22   Accordingly, Plaintiffs are ordered to file a supplemental declaration in support of their

23   motion for final approval which clearly sets for the settlement awards for each category and

24   corresponds to the points-formula set forth in the Settlement Agreement and the preliminary

25   approval Order.  The declaration should also clearly set forth how much of the "Net Settlement

26   Fund" is being allocated to individual settlement awards and how much is reverting to Defendants.

27   Plaintiffs' supplemental declaration is due April 12, 2022.  In light of this Order, the Court

28   RESETS the hearing date on Plaintiffs' motion for final approval and motion for attorneys' fees

and costs for April 21, 2022 at 9:00 a.m. via Zoom video.

**IT IS SO ORDERED.**

Dated: March 29, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge